IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>Defendants. | Case No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446, Defendant Enterprise Leasing Company of Chicago, LLC ("Enterprise Leasing Company") hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the U.S. District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has diversity jurisdiction and jurisdiction under the Class Action Fairness Act ("CAFA"). In support of this Notice of Removal, Enterprise Leasing Company states as follows:

**I. BACKGROUND**

1. On April 3, 2020, Plaintiff Dawon Wordlaw ("Plaintiff") filed a class action complaint ("Complaint" or "Compl.") in the Circuit Court of Cook County, No. 2020-CH-03702, individually and on behalf of all others similarly situated, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA"). (The Complaint is

attached hereto as part of Exhibit A). Enterprise Leasing Company and Enterprise Holdings, Inc. are the only named Defendants ("Defendants").

2. Enterprise Leasing Company was served with a copy of the summons and Complaint on April 29, 2020. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the state court action are attached hereto as Exhibit A.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Enterprise Leasing Company was served with the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

4. Enterprise Holdings, Inc. consents to the removal of this action to federal court.

5. Plaintiff's Complaint alleges that she was employed by Defendants and that she was required by Defendants to use a biometric time clock system to record her time worked. (Compl. ¶¶ 2, 17.)[1] Plaintiff further alleges that Defendants required her to provide biometric scans each time she clocked in and out of a shift at work. (*Id.* ¶ 18.) According to Plaintiff, Defendants did not inform Plaintiff in writing that her biometrics were being collected, stored, used, or disseminated prior to taking her biometrics, did not publish any policy specifically about the collection, retention, use deletion, or dissemination of biometrics, did not seek Plaintiff's written consent relating to her biometrics, and did not obtain consent from Plaintiff for any dissemination of her biometrics. (*Id.* at ¶¶ 21-24.) Additionally, Plaintiff alleges that Defendants "violated Plaintiff's substantive state rights to biometric privacy" by failing to comply with the BIPA. (*Id.* at ¶ 26.) Plaintiff alleged that Defendants did the same with respect to the putative class members. (*Id.* at ¶¶ 27-34.)

---

[1] Plaintiff alleges that she worked for both Defendants; however, Plaintiff worked only for Enterprise Leasing Company. (Ex. B, Declaration of Paula Keller ("Keller Decl."), ¶ 6.)

6. Based on the above, Plaintiff filed a complaint alleging that Defendants violated the BIPA in various ways. Plaintiff alleges that Defendants violated 740 ILCS 14/15(a) by failing to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics. (Compl. ¶ 41.) Plaintiff also alleges that Defendants violated 740 ILCS 14/15(b) of the BIPA by failing to provide proper notice and failing to obtain the proper written consent before capturing and using Plaintiff's biometric information. (*Id*.) Finally, Plaintiff alleges that Defendants violated 740 ILCS 14/15(d) by failing to obtain informed consent to disclose or disseminate Plaintiff's biometric information. (*Id.*) For these violations, Plaintiff seeks, both individually and on behalf of a putative class, $5,000 for "each" willful or reckless violation and $1,000 for "each" negligent violation, as well as attorneys' fees and costs incurred in this litigation. (*Id*. ¶ 44; Prayer for Relief.) Plaintiff also seeks injunctive and equitable relief. (*Id.*)

7. Plaintiff seeks to represent a class of individuals, and Plaintiff states that "[u]pon information and belief, there are scores, if not *hundreds* of members of the Class." (*Id*. ¶ 29) (emphasis added). Plaintiff seeks to certify the following class:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period.

(*Id.* at ¶ 27.)

## II. REMOVAL PURSUANT TO 28 U.S.C. § 1332(a)

8. Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 where there is complete diversity of citizenship between a plaintiff and a defendant, and the amount of controversy exceeds $75,000. *Carroll v. Striker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

9. Defendants are not citizens of Illinois. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Additionally, limited liability companies adopt the citizenship of their members. *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Counsel and the magistrate judge assumed that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. That is not right. Unincorporated enterprises are analogized to partnerships, which take the citizenship of every general and limited partner.").

10. Enterprise Holdings is incorporated and has its principal place of business in Missouri. (Ex. B, Keller Decl., ¶ 4.) Accordingly, Enterprise Holdings is a citizen of Missouri.

11. Additionally, Enterprise Holdings is the only member of Enterprise Leasing Company. (*Id.*) Because Enterprise Leasing Company is an LLC, it takes the citizenship of its members; therefore, it is also a citizen of Missouri.

12. Plaintiff is a citizen of Illinois. (Compl. ¶ 10.) Because neither of the Defendants is an Illinois citizen, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

13. As to the jurisdictional amount of $75,000, applicable case law authorities require the Court to consider the totality of the relief sought, including "monetary damages, attorneys' fees, and the cost a defendant incurs in complying with injunctive relief." *Tropp v. Western-Southern Life Ins. Co*, 381 F.3d 591, 595 (7th Cir. 2004). Moreover, for purposes of assessing

the amount in controversy, Plaintiff's allegations are accepted as true and the potential damages based on the allegations in the complaint are to be assessed. *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006). To establish the amount in controversy threshold, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The removal burden is not daunting as courts recognize that under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008).

14. While Plaintiff fails to identify the amount of damages sought, Enterprise Leasing Company has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. As discussed above, Plaintiff seeks an award for each intentional or reckless violation of the Act an award of $5,000 in statutory damages, and for each negligent violation of the Act of $1,000 in statutory damages. (Compl., Prayer for Relief.)

15. Plaintiff does not specify how many times she allegedly scanned her finger(s) to clock in and out while working for Enterprise Leasing Company. (*Id.* ¶¶ 17-19.) Nevertheless, Plaintiff's allegations establish that she allegedly scanned her finger(s) at least two times per shift – once to clock in, and once to clock out. (*Id.* at ¶ 19.) A cursory search of Enterprise Leasing Company's records reveals that Plaintiff worked at least 40 shifts over the past five (5) years. (Ex. B, Keller Decl. ¶ 6.) Therefore, assuming, as Plaintiff alleges, that Plaintiff was required to scan her finger at least twice per shift, Plaintiff has potential damages in the amount of $80,000, assuming negligent violations of BIPA (as alleged and sought by Plaintiff) and that such damages are available for five years prior to the date that the action was filed (each of

5

which Defendants deny and will dispute).[2]  This calculation does not take into account Plaintiff's request for statutory damages for reckless/willful violations of BIPA, injunctive relief, attorneys' fees and costs, among other things, which will necessarily add to that amount in controversy total for purposes of ascertaining whether the jurisdictional threshold has been met.

### III.     REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

16.     CAFA, 28 U.S.C. § 1332(d), was enacted "to facilitate adjudication of certain class actions in federal court."  *Dart*, 574 U.S. at 89.  Accordingly, the CAFA expands jurisdiction for diversity class actions by creating federal subject-matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate.  28 U.S.C. § 1332(d); *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

17.     The "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in *controversy* between the parties.  Further, the removing defendant need not confess liability in order to show that the controversy exceeds the threshold."

---

[2] The "per-scan" method is a viable theory to calculate damages for removal purposes.  For example, in denying a motion to remand a BIPA class action, the Court in *Peatry v. Bimbo Bakeries USA, Inc.* held:

> [B]ecause Peatry has not shown that it is legally impossible for her to recover $5,000 per fingerprint scan, a position a plaintiff should be loath to take in light of the undecided interpretation of BIPA's damages provision, the Court leaves that determination to another day.  At this stage, such recovery, although uncertain, remains plausible based on Peatry's allegations and an expansive reading of BIPA's damages provision."

393 F. Supp. 3d 766, 770 (N.D. Ill. 2019). This method is viable for removal purposes to establish the threshold amount in controversy for both diversity and CAFA jurisdiction purposes. *Id.*; *see also Fernandez v. Kerry, Inc.*, 2020 WL 1820521, at *4 (N.D. Ill. Apr. 10, 2020) ("The law is not clear as to whether, under BIPA, a plaintiff can recover for every fingerprint scan. Accordingly, the Court agrees that plaintiffs have not shown it is legally impossible to recover an amount greater than $75,000.00."); *Fox v. Dakota Integrated Systems, LLC*, Case No. 19-C-2872 (N.D. Ill. January 24, 2020) (ECF No. 21) (same).

6

*Roppo*, 849 F.3d at 579 (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "When a defendant seeks federal-court adjudication, the amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 579.

18. Here, Plaintiff seeks to certify a class of all individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period. (Compl. ¶ 27.)

19. As outlined above, Plaintiff is a citizen of Illinois while Defendants are not. Accordingly, at least one member of the class of plaintiffs is a citizen of a state different from at least one defendant. As such, the second element of the CAFA is clearly satisfied.

20. For the class member and amount in controversy elements of the CAFA, Plaintiff alleges there are "hundreds" of class members and seeks up to $5,000 per "each" violation in an "applicable limitations period." Based on a cursory review of Enterprise Leasing Company's records, Enterprise Leasing Company employed at least 135 employees who used the timekeeping system at issue over the last five (5) years and worked at least four (4) shifts. (Ex. B, Keller Decl. ¶ 9.) Assuming that each employee scanned their finger to clock in and out, as Plaintiff alleges, and that Enterprise Leasing Company willfully violated the BIPA, which Enterprise Leasing Company will ultimately dispute, the 100 class member and over $5 million amount in controversy thresholds of CAFA are met.[3]

## IV. VENUE AND NOTICE

21. Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court.

---

[3] 135 employees x 2 scans per shift x 4 shifts x $5,000 = $5,400,000.

7

22. Enterprise Leasing Company will provide written notice of the filing of the Notice of Removal to Enterprise Holdings, Inc., Plaintiff, and the Circuit Court of Cook County.

WHEREFORE, Defendant Enterprise Leasing Company of Chicago, LLC hereby removes this civil action to this Court on the basis of diversity jurisdiction and/or this Court's jurisdiction over this action under the Class Action Fairness Act.[4]

**DATED: May 29, 2020**  Respectfully submitted,

ENTERPRISE LEASING COMPANY OF CHICAGO, LLC

By: *s/Alexandra S. Oxyer*
    Alexandra S. Oxyer

Erin Dougherty Foley, IL No. 6269761
*edfoley@seyfarth.com*
Thomas E. Ahlering, IL No. 6295744
*tahlering@seyfarth.com*
Alexandra S. Oxyer, IL No. 6324449
*aoxyer@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

*Counsel for Defendant Enterprise Leasing Company of Chicago, LLC*

---

[4] Plaintiffs also have Article III standing to pursue their claims in this Court pursuant to *Bryant v. Compass Group USA, Inc.*, No. 20-1443, -- F.3d --, 2020 WL 2121463 (7th Cir. May 5, 2020), as the allegations in Plaintiffs' Complaint clearly allege that Defendant's purported violations of the BIPA personally harmed them. *Cf.* Compl. ¶¶ 10, 13-14, 26.  Nor does Plaintiff assert a claim for violation of 740 ILCS § 15(a), unlike in *Bryant*, and Plaintiff's Complaint appear to seek any relief relative to 740 ILCS § 15(a).  *See, e.g., id.* at Compl., Prayer for Relief (only seeking a declaration "that Defendants' actions, as set forth herein, violate BIPA ***Sections 15(b) and 15(d)***.") (emphasis added).

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 29, 2020, a true and correct copy of the foregoing document was filed with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail address denoted on the electronic Mail Notice List.

    I also certify, pursuant to 28 U.S.C. § 1446(d), Federal Rules of Civil Procedure Rule 5(b), and Local Rule 5.5, that a copy of the foregoing was sent via electronic mail to the adverse party in this matters at:

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, PC
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Email: tkingsbury@mcgpc.com
Email: aheldut@mcgpc.com

                                                                   s/ Alexandra S. Oxyer
                                                                   Alexandra S. Oxyer