Return Date: No return date scheduled
Hearing Date: 8/4/2020 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
   Cook County, IL

FILED DATE: 4/3/2020 4:39 PM   2020CH03702

FILED
4/3/2020 4:39 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH03702

9019010

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

DAWON A. WORDLAW, individually )
and on behalf of all similarly situated )
individuals, )
                              )
       *Plaintiff*, )
                              )
         v. )
                              )
ENTERPRISE LEASING COMPANY )
OF CHICAGO, LLC, a Delaware limited )
liability company; ENTERPRISE )
HOLDINGS, INC., a Delaware )
corporation, )
                              )
       *Defendants*. )

No.   **2020CH03702**

Hon.

### CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Dawon A. Wordlaw ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Defendants Enterprise Leasing Company of Chicago, LLC, and Enterprise Holdings, Inc. (collectively, "Enterprise" or "Defendants") for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

FILED DATE: 4/3/2020 4:39 PM   2020CH03702

2.      This case concerns the misuse of individuals' biometrics by Defendants, providers of automobile leasing services throughout Illinois. Using biometric enabled technology, Defendants are capturing, collecting, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time at work.

3.      BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

(1)    inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2)    inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3)    receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>

(4)    publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4.      Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5.      Defendants' biometric timekeeping system works by extracting biometric information from individuals, such as handprints, fingerprints or portions thereof, and

FILED DATE: 4/3/2020 4:39 PM   2020CH03702

subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services.

6.     The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7.     The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8.     Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiff's state biometric privacy rights.

9.     On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10.     At all relevant times, Plaintiff Dawon A. Wordlaw has been a resident and a citizen of the state of Illinois and Cook County.

11.     Defendant Enterprise Leasing Company of Chicago, LLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Lombard, Illinois, that conducts substantial business throughout Illinois, including in Cook

FILED DATE: 4/3/2020 4:39 PM    2020CH03702

County, and is registered with and authorized by the Illinois Secretary of State to transact business in Cook County, Illinois.

12.     Defendant Enterprise Holdings, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business in St. Louis, Missouri, that conducts substantial business throughout Illinois, including Cook County, and is the corporate parent of Defendant Enterprise Leasing Company of Chicago, LLC. Defendant Enterprise Holdings, Inc.'s former Chief Executive Officer, Pamela Nicholson, current Executive Chairman, Andrew Taylor, and current Chief Financial Officer, Rick Short, are registered with the Illinois Secretary of State as the managers of Enterprise Leasing Company of Chicago, LLC.

## JURISDICTION AND VENUE

13.     This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

14.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendants are doing business in Cook County and thus reside there under § 2-102.

## FACTS SPECIFIC TO PLAINTIFF

15.     Defendants operate automobile leasing services in the state of Illinois.

16.     During the relevant time, Plaintiff worked for Defendants in Chicago, Illinois.

17.     While Plaintiff worked for Defendants, Defendants implemented biometric scanning and time-tracking devices and technology to monitor and manage its workers', including Plaintiff's, time on the job.

FILED DATE: 4/3/2020 4:39 PM   2020CH03702

18.     Plaintiff was required to provide biometric scans each time Plaintiff clocked in and clocked out of a shift at work.

19.     Plaintiff relied on Defendants to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including all relevant retention, destruction, and dissemination policies.

20.     Further, on information and belief, Defendants disseminated information derived from the scanning of Plaintiff's biometric identifiers to third parties, including vendors for timekeeping, data storage, and payroll purposes.

21.     Prior to taking Plaintiff's biometrics, Defendants did not inform Plaintiff in writing that Plaintiff's biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics.

22.     Defendants did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of Plaintiff's biometrics.

23.     Prior to taking Plaintiff's biometrics, Defendants did not make publicly available any written policy as to its biometric retention schedule, nor did Defendants disclose any guidelines for permanently destroying the collected biometrics.

24.     Additionally, Defendants did not obtain consent from Plaintiff for any dissemination of Plaintiff's biometrics to third parties.

25.     To this day, Plaintiff is unaware of the status of the biometrics obtained by Defendants. Defendants have not informed Plaintiff whether they still retain Plaintiff's biometrics, and if so, for how long they intend to retain such information without Plaintiff's consent.

26.     By failing to comply with BIPA, Defendants have violated Plaintiff's substantive state rights to biometric privacy.

FILED DATE: 4/3/2020 4:39 PM   2020CH03702

## CLASS ALLEGATIONS

27.     Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period.

28.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

29.     Upon information and belief, there are scores, if not hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

30.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations and common law transgressions.

31.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

> a.     Whether Defendants' conduct is subject to BIPA;
>
> b.     Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

6

FILED DATE: 4/3/2020 4:39 PM   2020CH03702

c.  Whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

d.  Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

e.  Whether Defendants' conduct violates BIPA;

f.  Whether Defendants' violations of the BIPA are willful or reckless; and

g.  Whether Plaintiff and the Class are entitled to damages and injunctive relief.

32.  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

33.  Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

34.  Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

FILED DATE: 4/3/2020 4:39 PM    2020CH03702

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.
### (On behalf of Plaintiff and the Class)

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     Defendants are each a private entity under BIPA.

37.     BIPA requires private entities, such as Defendants, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

38.     BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

39.     Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, collected, captured, or otherwise obtained by Defendants. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

FILED DATE: 4/3/2020 4:39 PM   2020CH03702

40.     Each instance Plaintiff and the other Class members were required to scan their fingerprints, Defendants captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

41.     Defendants' practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

    a.     Defendants failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b.     Defendants failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c.     Defendants failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d.     Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

    e.     Defendants failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

    f.     Defendants failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

FILED DATE: 4/3/2020 4:39 PM 2020CH03702

42. By obtaining and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendants profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendants knew, or were reckless in not knowing, that the biometric systems used would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

43. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendants denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

44. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

45. Defendants' violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

46. Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

FILED DATE: 4/3/2020 4:39 PM   2020CH03702

b.  Declaring that Defendants' actions, as set forth herein, violate BIPA Sections 15(b) and 15(d);

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

**h.**  Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 3, 2020                                   Respectfully submitted,

DAWON A. WORDLAW, individually and on behalf of all similarly situated individuals

By:      /s/ Timothy P. Kingsbury
         *One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
4/27/2020 5:41 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH03702

9151563

FILED DATE: 4/27/2020 5:41 PM   2020CH03702

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |
| **Summons - Alias Summons** | **(08/01/18) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Dawon A. Wordlaw, on behalf of a class,

(Name all parties)

v.

Enterprise Leasing Company of Chicago, LLC, et. al.

Case No. _2020-CH-03702_

**ENTERPRISE LEASING COMPANY OF CHICAGO, LLC**
**c/o CT CORPORATION SYSTEM**
**208 SO LASALLE ST, SUITE 814**
**CHICAGO, IL 60604**

☒ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**        **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 56618

Atty Name: Brendan Duffner

Atty. for: Plaintiff

Address: 55 West Wacker Drive, 9th Floor

City: Chicago

State: IL    Zip: 60601

Telephone: 312 893 7002

Primary Email: bduffner@mcgpc.com

Witness: _____

4/27/2020 5:41 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 4/27/2020 5:41 PM   2020CH03702

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

☒ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED DATE: 4/27/2020 7:29 PM    2020CH03702

FILED
4/27/2020 7:29 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH03702

9151763

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| DAWON A. WORDLAW, individually and on behalf of all similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 2020-CH-03702 |
| v. | ) ) | Hon. Sanjay T. Tailor |
| ENTERPRISE LEASING COMPANY OF CHICAGO, LLC, a Delaware limited liability company; ENTERPRISE HOLDINGS, INC., a Missouri corporation, | ) ) ) ) ) ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY,
FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Dawon A. Wordlaw, by and through the undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011)). In support of Plaintiff's Motion, Plaintiff submits the following Memorandum of Law.

Respectfully submitted,

Dated: April 27, 2020

By: /s/ Brendan Duffner

Timothy P. Kingsbury

1

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

Andrew T. Heldut
Brendan Duffner
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
bduffner@mcgpc.com

*Counsel for Plaintiff and the Putative Class*

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendants Enterprise Leasing Company of Chicago, LLC and Enterprise Holdings, Inc. (collectively, "Enterprise" or "Defendants"). Defendants operate automobile leasing services. Defendants captured, collected, stored, and used their workers' biometric information and identifiers in an attempt to track their time at work. And in so doing, the Defendants have violated Illinois law by obtaining, storing, and using this data without the employees' proper consent, by failing to provide the workers with a retention schedule explaining how and when such biometric information will be used, stored, and destroyed, and by transmitting this information to third parties without the express consent of the plaintiffs and the putative class.

After Plaintiff learned of Defendants' wrongful conduct, Plaintiff commenced suit on behalf of a class of similarly situated individuals to bring an end to the Defendants' capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

## I.      INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 1.) In recognition of the importance of the security of individuals' biometrics, the

3

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5. (Compl., ¶ 3.)

## II.     FACTUAL BACKGROUND

### A.     The Underlying Misconduct.

Defendants have taken the biometrics of scores, if not hundreds, of individuals within the state of Illinois. (Compl., ¶ 30.) During the relevant time period in the state of Illinois, Defendants implemented biometric fingerprint scanning and recognition technology to collect biometric information from their workers to track the exact "clock-in" and "clock-out" times of their workers, including from Plaintiff. (Compl., ¶ 2.) Each fingerprint extracted by the Defendants is biologically unique to the particular individual. (Compl., ¶ 6.) Defendants continue to use their biometric technology to capture, collect, and store Plaintiff's and other Class members' biometrics. (Compl., ¶ 40.)

However, Defendants failed to obtain informed consent from the individuals prior to capturing and collecting their biometric information, Defendants failed to provide individuals with a retention schedule and deletion policies detailing how and when Defendants would retain and destroy the individuals' biometric information and/or biometric identifiers and, finally, Defendants

FILED DATE: 4/27/2020 7:29 PM    2020CH03702

did not obtain consent to transmit or disseminate Plaintiff's biometrics to third parties. (Compl., ¶ 42.) On information and belief, Defendants do not have a policy of informing individuals, including Plaintiff, of what happens to their biometric information after it is collected and obtained, whether they still retain Plaintiff's biometrics, and if they do, for how long they intend to retain such information without Plaintiff's consent, whether the information is transmitted to a third party and, if so, which third party. *Id.* Despite their practice of taking the biometric information of every employee who uses their biometric technology, Defendants failed to comply with BIPA's statutory requirements regarding collection of biometric identifiers and biometric information. (Compl., ¶ 43.)

### B.    The Proposed Class

Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period.

(Compl., ¶ 28.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendants' unlawful conduct.

### III.    ARGUMENT

### A.    Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he

question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc*., 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)    The class is so numerous that joinder of all members is impracticable.
> (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)    The representative parties will fairly and adequately protect the interest of the class.
> (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

FILED DATE: 4/27/2020 7:29 PM    2020CH03702

found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.    The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least several scores, if not hundreds, of members in the Class. (Compl., ¶ 30.) Because definitive evidence of numerosity can only come from the records of Defendants and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating

that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendants' records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.     Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendants, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendants' conduct is subject to BIPA; whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which their biometrics were being

8

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

FILED DATE: 4/27/2020 7:29 PM 2020CH03702

collected, stored and used before taking their biometrics; whether Defendants' conduct violates BIPA; whether Defendants' violations of the BIPA are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 32.) As alleged, and as will be shown through obtainable evidence, Defendants engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D.   Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, Plaintiff was subjected to Defendants' biometric timekeeping technology and that Defendants captured, collected, and stored Plaintiff's biometrics. Plaintiff has also alleged that Defendants did so without complying with

9

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

BIPA's requirements. Plaintiff's pursuit of this matter against Defendants demonstrates that Plaintiff will be a zealous advocate for the Class. Furthermore, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.   Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at \*6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendants' conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendants would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Plaintiff's attorneys as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Respectfully submitted,

Dated:  April 27, 2020                    By: /s/  Brendan Duffner

Timothy P. Kingsbury
Andrew T. Heldut

11

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

Brendan Duffner
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
bduffner@mcgpc.com

**Counsel for Plaintiff and the Putative Class**

FILED DATE: 4/27/2020 7:29 PM   2020CH03702

## **CERTIFICATE OF FILING**

The undersigned, an attorney, hereby certifies that on April 27, 2020, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

/s/ Brendan Duffner

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
4/27/2020 5:37 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH03702

9151548

FILED DATE: 4/27/2020 5:37 PM   2020CH03702

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| **2220 - Not Served** | **2221 - Not Served** |
| **2320 - Served By Mail** | **2321 - Served By Mail** |
| **2420 - Served By Publication** | **2421 - Served By Publication** |
| **Summons - Alias Summons** | **(08/01/18) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Dawon A. Wordlaw, on behalf of a class,

(Name all parties)

v.

Enterprise Leasing Company of Chicago, LLC, et. al.

Case No. _2020-CH-03702_

**ENTERPRISE HOLDINGS, INC.**
**c/o C T CORPORATION SYSTEM**
**120 S Central Ave**
**St Louis, MO 63105**

☒ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**          **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 56618

Atty  Name: Brendan  Duffner

Atty. for: Plaintiff

Address: 55 West Wacker Drive, 9th Floor

City: Chicago

State: IL    Zip: 60601

Telephone: 312 893 7002

Primary Email: bduffner@mcgpc.com

Witness: 

4/27/2020 5:37 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: 
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 4/27/2020 5:37 PM   2020CH03702

FILED DATE: 4/27/2020 5:37 PM   2020CH03702

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

☒ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**