**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>            Defendants. | Case No. 20-cv-03200<br><br>Hon. Manish S. Shah<br><br>Hon. Magistrate Gabriel A. Fuentes |

**DEFENDANTS ENTERPRISE LEASING COMPANY OF CHICAGO, LLC AND**
**ENTERPRISE HOLDINGS, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

65409973v.7

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO ENTERPRISE
      HOLDINGS, INC., AS PLAINTIFF HAS PLED NO ALLEGATIONS TO
      SUPPORT ENTERPRISE HOLDINGS, INC.'S INCLUSION IN THIS
      LAWSUIT AS A CORPORATE PARENT ................................................................ 4

II.   PLAINTIFF'S COMPLAINT FAILS TO STATE CLAIMS FOR VIOLATIONS
      OF BIPA AGAINST DEFENDANTS.................................................................... 6

      A.    Plaintiff's Complaint Fails To Distinguish Between The Defendants And
            Constitutes Improper Group Pleading ................................................... 6

      B.    Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(b)
            of BIPA ................................................................................................ 8

      C.    Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(a)
            of BIPA ................................................................................................ 9

      D.    Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(d)
            of BIPA ............................................................................................... 11

III.  PLAINTIFF'S COMPLAINT FAILS TO PLEAD RECKLESSNESS OR
      INTENT AS REQUIRED BY BIPA .................................................................. 12

IV.   THE ILLINOIS WORKERS' COMPENSATION ACT PROVIDES
      PLAINTIFF'S EXCLUSIVE REMEDY ............................................................ 12

CONCLUSION................................................................................................................. 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................... *passim*

*Atkins v. Hasan*,
    No. 15 CV 203, 2015 WL 3862724 (N.D. Ill. June 22, 2015) .................................8

*Bank of Am., N.A. v. Knight*,
    725 F.3d 815 (7th Cir. 2013) ......................................................................................7

*Baylay v. Etihad Airways P.J.S.C.*,
    222 F. Supp. 3d 698 (N.D. Ill. 2016), *aff'd*, 881 F.3d 1032 (7th Cir. 2018) ...........................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................................3, 4, 7, 11

*Berger v. PIKR, Ltd.*,
    No. 14 C 8543, 2015 WL 2208200 (N.D. Ill. May 8, 2015) ...................................8

*Brooks v. Ross*,
    578 F.3d 574 (7th Cir. 2009) ......................................................................................9

*Carey v. Coca-Cola Bottling Co. of Chicago*,
    48 Ill. App. 3d 482; 363 N.E.2d 400 (2d Dist. 1977) .............................................14

*Carter v. Dolan*,
    No. 08 C 7464, 2009 WL 1809917 (N.D. Ill. June 25, 2009) .................................7

*Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*,
    No. 16 CV 06113, 2017 WL 4269005 (N.D. Ill. Sept. 26, 2017)............................8

*Cooley v. Power Constr. Co., LLC*,
    2018 IL App (1st) 171292, 107 N.E.2d 435 .............................................................13

*Davis v. Bank of Am. Corp.*,
    No. 16 C 5993, 2017 WL 4237047 (N.D. Ill. Sept. 25, 2017).................................8

*EEOC v. Concentra Health Servs., Inc.*,
    496 F.3d 773 (7th Cir. 2007) ......................................................................................4

*Gross v. Peoples Gas Light & Coke Co.*,
    2018 WL 558515 (N.D. Ill. Jan. 24, 2018) ...............................................................7

*In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*,
    683 F.3d 462 (3d Cir. 2012)........................................................................................6

*Folta v. Ferro Eng'g*,
    2015 IL 118070; 43 N.E.3d 108 (Ill. 2015) ...................................................13, 15

*Gannon v. Chicago, M., St. P. & P. Ry. Co.*,
    13 Ill. 2d 460 (Ill. 1958)..........................................................................................14

*Heard v. Becton, Dickinson & Co.*,
    440 F. Supp. 3d 960 (N.D. Ill. 2020) (Pallmeyer, J.)....................................... *passim*

*In re Jimmy John's Overtime Litig.*,
    No. 14 C 5509, 2018 WL 3231273 (N.D. Ill. June 14, 2018) ...................................6

*Kloss v. Acuant, Inc.*,
    No. 19 C 6353, 2020 WL 2571901 (N.D. Ill. May 21, 2020) ...........................9, 12

*Liera v. City of Chicago*,
    No. 13 C 9032, 2014 WL 3921359 (N.D. Ill. Aug. 5, 2014)....................................8

*Ma v. CVS Pharmacy, Inc.*,
    No. 19-CV-3367, 2020 WL 533702 (N.D. Ill. Feb. 3, 2020) (Dow, J.) ...................6

*Marijan v. Univ. of Chi.*,
    2018 WL 3463272 (N.D. Ill. 2018) .........................................................................6

*McDonald v. Symphony Bronzeville Park, LLC, et al.*,
    Case No. 17 CH 11311 (Cir. Ct. Cook County) .....................................................13

*Namuwonge v. Kronos, Inc.*,
    19 C 03239, 418 F. Supp. 3d 279 (N.D. Ill. Nov. 22, 2019)...........................8, 9, 12

*Nischan v. Stratosphere Quality, LLC*,
    865 F.3d 922 (7th Cir. 2017) .................................................................................14

*Pathfinder Co. v. Industrial Comm'n*,
    62 Ill. 2d 556; 343 N.E.2d 913 (1992)...................................................................14

*Rehabcare Grp. E., Inc. v. CC Care, LLC*,
    No. 15 C 10876, 2016 WL 2595108 (N.D. Ill. May 4, 2016) ..................................7

*Richardson v. Cty. of Cook*,
    250 Ill. App. 3d 544; 621 N.E.2d 114 (1st Dist. 1993)...........................................13

*Rogers v. CSX Intermodal Terminals, Inc.*,
    No. 19 C 2937, 409 F. Supp. 3d 612 (N.D. Ill. Sept. 5, 2019) ...............................12

*Sharp v. Gallagher*,
    95 Ill. 2d 322; 447 N.E.2d 786 (Ill. 1983) .............................................................13

*Taha v. Int'l Bhd. of Teamsters, Local 781*,
  947 F.3d 464 (7th Cir. 2020) ..................................................................................5

*Tamayo v. Blagojevich*,
  526 F.3d 1074 (7th Cir. 2008) ................................................................................6

*Vacos v. LaSalle Madison Hotel Co.*,
  21 Ill. App. 2d 569; 159 N.E.2d 24 (1st Dist. 1959).............................................14

**Statutes**

740 ILCS § 14/1 .............................................................................................................1

820 ILCS § 305/5(a) .............................................................................................13, 14

820 ILCS § 305/11 ................................................................................................13, 14

740 ILCS § 14/15(a) ...........................................................................................2, 9, 10

740 ILCS § 14/15(b) .............................................................................................2, 8, 9

740 ILCS § 14/15(d) ...............................................................................................2, 11

Illinois Biometric Information Privacy Act ......................................................... *passim*

Illinois Workers' Compensation Act ........................................................2, 13, 14, 15

**Other Authorities**

Fed. R. Civ. P. 8 ..........................................................................................................5, 8

Fed. R. Civ. P. 8(a)(2) ...............................................................................................4, 8

Fed. R. Civ. P. 11 .........................................................................................................1

Fed. R. Civ. P. 12 .........................................................................................................4

Fed. R. Civ. P. 12(b)(6)............................................................................................3, 15

Illinois Supreme Court Rule 308 .................................................................................13

iv

## **INTRODUCTION**

Plaintiff's Complaint (ECF No. 1-1, "Compl.") purports to assert a claim against Enterprise Leasing Company of Chicago, LLC ("Enterprise Leasing") and Enterprise Holdings, Inc. ("Enterprise Holdings") (collectively, "Defendants"), on behalf of herself and others similarly situated, for the alleged collection, use, storage and disclosure of Plaintiff's biometric data in purported violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.* Plaintiff's Complaint represents a misguided effort to pursue a class action against an improper Defendant, Enterprise Holdings, a "corporate parent," with no role in the timekeeping system at issue in the Complaint, and against Enterprise Leasing, which has complied with BIPA—and should be dismissed for several fatal flaws.

*First*, Plaintiff's Complaint speculatively and insufficiently attempts to ensnare Enterprise Holdings into a controversy in which it has *zero* involvement. Plaintiff's claim against Enterprise Holdings is entirely baseless for the simple fact that Enterprise Holdings, as a parent company which never employed Plaintiff or members of the putative class, has never implemented, utilized, or maintained a time keeping system, or any other similar technology. Enterprise Holdings is improperly named as a Defendant in this case—which is underscored by the complete absence of plausible factual allegations relating to Enterprise Holdings.[1]

*Second*, Plaintiff's Complaint simply lumps the Defendants together (incorrectly), without any plausible factual allegations regarding the various roles of such entities, which necessitates dismissal. Plaintiff's Complaint fails to allege any plausible allegations as to how Defendants violated BIPA but rather alleges in conclusory fashion that "Defendants" collectively

---

[1] Defendants reserve any remedies available under Rule 11 of the Federal Rules of Civil Procedure. On June 23, 2020, Defendants' counsel sent Plaintiff's counsel a letter pursuant to Federal Rule of Civil Procedure Rule 11 alerting Plaintiff's counsel to deficiencies and factual inaccuracies in the Complaint. Plaintiff has declined to dismiss or amend her Complaint, which necessitated the filing of this Motion.

violated BIPA vis-à-vis a "biometric timekeeping system" without providing any specific details as to how Defendants independently violated BIPA, or how Enterprise Holdings could have even possibly violated BIPA as a "corporate parent."

*Third*, Plaintiff's Complaint fails to assert any non-conclusory and plausible allegations that Defendants—including Enterprise Holdings who did not employ Plaintiff and did not operate or maintain a timekeeping system as alleged in the Complaint—are: (1) "in possession of [Plaintiff's] biometric identifiers or biometric information" as necessary to state violations of Sections 15(a) and 15(d) of BIPA; (2) "collect, capture, purchase, receive through trade, or otherwise obtain" Plaintiff's or other individuals' biometric identifiers or biometric information as necessary to state violations under Section 15(b) of BIPA; or (3) have "disclose[d], redisclose[d], or otherwise disseminate[d]" Plaintiff's or other individuals' biometric data.

*Fourth*, Plaintiff has failed to sufficiently plead reckless or willful violations of BIPA and such allegations should be dismissed or stricken.

*Fifth*, although Plaintiff does not specifically allege that she was employed by Defendants (and if so, which one), dismissal is also warranted because any claim for damages under BIPA is preempted by the Illinois Workers' Compensation Act ("IWCA"), which provides the exclusive remedies for injuries arising amid the employer-employee relationship.

## **BACKGROUND**

Plaintiff Dawon Wordlaw ("Plaintiff") is a citizen of Illinois who alleges that she "worked for Defendants in Chicago, Illinois." (Compl. ¶¶ 10, 16.) Plaintiff's Complaint names Enterprise Holdings and Enterprise Leasing as Defendants, and alleges that Enterprise Holdings is the "corporate parent of Defendant Enterprise Leasing Company of Chicago, LLC," *id.* ¶ 12, but does not otherwise distinguish between the two entities. Rather, Plaintiff's Complaint alleges in conclusory fashion that Defendants "operate automobile leasing services in the state of

2

Illinois" and implies that Defendants collectively operate a "biometric timekeeping system." (*Id.* ¶¶ 5, 15.)[2]

Plaintiff's Complaint alleges that she was required by Defendants to use a biometric time clock system to record her time worked each time she clocked in and out of a shift at work. (*Id.* ¶ 18.) Plaintiff's Complaint alleges that Defendants violated they BIPA by failing to: (1) inform Plaintiff and members of the class in writing that their biometrics were being collected and stored prior to such collection; (2) inform Plaintiff and members of the class in writing of the purpose and length of term that their biometrics were being captured, collected, stored prior, and used; (3) obtain a written release; (4) provide a retention schedule; and (5) to obtain consent from Plaintiff for any dissemination of her biometrics. (*Id.* at ¶ 41.) Plaintiff's Complaint purports to assert a single claim for violation of BIPA, and seeks relief, including, but not limited to, injunctive relief, statutory damages of $5,000 for each willful and/or reckless violation of BIPA, $1,000 for each negligent violation of BIPA, and attorneys' fees and costs. (*Id.* ¶ 46.)[3]

## LEGAL STANDARD

Rule 12(b)(6) requires dismissal where a complaint fails to allege sufficient facts "to state a claim for relief that is plausible on its face" and presents nothing more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2]     As discussed *infra* at Argument §§ I-III, it is impossible for Defendants to discern the specific allegations against each Defendant as the Complaint engages in improper group pleading and merely parrots the language of BIPA in conclusory fashion.

[3]     Plaintiff also filed a "placeholder" Motion for Class Certification Or, Alternatively For A Deferred Class Certification Ruling Pending Discovery in state court. (ECF No. 1-1.) Plaintiff has not sought to prosecute the motion before this Court, and Defendants reserve their right to oppose Plaintiff's motion and to challenge class certification at a future date when and if the motion is ever noticed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

65409973v.7

Accordingly, to survive a Rule 12 motion to dismiss, Rule 8(a)(2) imposes two "hurdles" that a complaint must satisfy. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, a complaint must describe the Plaintiff's claims and the grounds supporting them in "sufficient detail to give the defendants fair notice" of the claims against them. *Id.* (citing *Twombly*, 550 U.S. at 555). This standard requires more than mere "labels and conclusions" or "formulaic recitations of the cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Second, the court must determine whether the allegations, if true, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Concentra Health Servs*, 496 F.3d at 773 (quoting *Twombly*, 555 U.S. 569 at 1973 n. 14).

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO ENTERPRISE HOLDINGS, INC., AS PLAINTIFF HAS PLED NO ALLEGATIONS TO SUPPORT ENTERPRISE HOLDINGS, INC.'S INCLUSION IN THIS LAWSUIT AS A CORPORATE PARENT

Plaintiff's Complaint fails to include any plausible allegations as to Enterprise Holdings, and accordingly, must be dismissed. Specifically, Plaintiff's Complaint alleges nothing more than the fact that Defendants "operate automobile leasing services in the state of Illinois," Plaintiff "worked for Defendants," Enterprise Holdings "is the corporate parent of Defendant Enterprise Leasing Company of Chicago, LLC," and refers to the timekeeping system at issue collectively as "Defendants' biometric timekeeping system." (Compl. ¶¶ 5, 12, 15-16).[4] However, Plaintiff's Complaint notably does not contain any plausible allegations that Defendants, including Enterprise Holdings, as a "corporate parent," violated BIPA. Accordingly, Plaintiff's Complaint as to Enterprise Holdings must be dismissed.

---

[4] Indeed, the allegations in the Complaint vis-à-vis Enterprise Holdings' "biometric timekeeping system" are simply false. Plaintiff's counsel has been on notice of such misrepresentations of material fact since shortly after the filing of the Complaint. *See supra* n. 1.

4

Plaintiff's Complaint fails to plausibly allege that Enterprise Holdings, as a "corporate parent," has *any* role *whatsoever* in the implementation, maintenance, and/or operation of timekeeping systems for employees who work at Enterprise-branded locations in Illinois, as alleged in Plaintiff's Complaint. Indeed, Plaintiff's Complaint appears to concede this by alleging in conclusory fashion that Enterprise Holdings is simply "the corporate parent of Defendant Enterprise Leasing Company of Chicago, LLC." (Compl. ¶ 12.) Plaintiff's allegation that Enterprise Holdings violated BIPA is also contradicted by the very allegation in the Complaint that Defendants "obtain[ed] and operat[ed] an *employee* timekeeping system," without alleging that she was employed by either Defendant (including Enterprise Holdings as a "corporate parent,") or any connection between herself, Enterprise Holdings, and the timekeeping system at issue. (*Id.* ¶ 42) (emphasis added).

The Complaint simply makes no plausible allegations connecting Enterprise Holdings to Plaintiff's employment, or the location where she worked, which could plausibly support a claim that Enterprise Holdings violated BIPA vis-à-vis Plaintiff or had any role in the timekeeping system whatsoever. The totality of the allegations against Enterprise Holdings amount to nothing more than pure speculation that it had any role in the harm alleged in the Complaint, which simply is not sufficient to satisfy Rule 8. *See Iqbal*, 556 U.S. at 682; *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 969 (N.D. Ill. 2020) (Pallmeyer, J.) (dismissing BIPA class action noting that "[t]he court is not required to credit rank speculation) (citing *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020)).

Plaintiff's Complaint amounts to nothing more than a thinly-veiled attempt to name a corporate parent without attempting to satisfy her burden of providing each Defendant with notice of the nature of the allegations asserted and should be dismissed on this basis, and as frequently recognized by courts in this District. *See*, *e.g.*, *Ma v. CVS Pharmacy, Inc.*, No. 19-

5

CV-3367, 2020 WL 533702, at *3 (N.D. Ill. Feb. 3, 2020) (Dow, J.) ("CVS Health is a holding company with no employees and no involvement, direct or indirect, in the facts underlying the case that make it a proper defendant. Plaintiff has presented no facts to the contrary. That warrants dismissing CVS Health as a defendant."); *Marijan v. Univ. of Chi.*, 2018 WL 3463272, at *7 (N.D. Ill. 2018) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1087-89 (7th Cir. 2008) (dismissing claim where the complaint contained no allegations that the defendant had control over any relevant aspects of the plaintiff's employment).

In sum, BIPA only applies to "private entities" who possess, collect, capture, purchase, receive through trade, or otherwise obtain," an individual's biometric information—which clearly does not apply to Enterprise Holdings—nor does Plaintiff's Complaint suggest otherwise. Thus, there is no basis for Plaintiff to pursue her claim against Enterprise Holdings.[5]

## II.     PLAINTIFF'S COMPLAINT FAILS TO STATE CLAIMS FOR VIOLATIONS OF BIPA AGAINST DEFENDANTS

### A.     Plaintiff's Complaint Fails To Distinguish Between The Defendants And Constitutes Improper Group Pleading

Plaintiff's Complaint merely alleges in conclusory fashion that "Defendants" collectively violated BIPA, without providing any specific details regarding the role of each Defendant. (Compl. ¶¶ 5, 17, 19-26, 39-43, 45.) Plaintiff's Complaint should be dismissed on this basis alone. *See, e.g. Carter v. Dolan*, No. 08 C 7464, 2009 WL 1809917, at **3-4 (N.D. Ill. June 25,

---

[5]     To the extent that Plaintiff intends to pursue an alternative theory of liability, such as a joint-employer theory (which has no basis in the plain language of BIPA), courts (including the United States Court of Appeals for the Seventh and Third Circuits) have definitively rejected such a theory—including holding that Enterprise Holdings is ***not*** a joint-employer as a corporate parent. *See In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 471 (3d Cir. 2012) ("[W]e conclude that the District Court was correct in its summary judgment conclusion and that the plaintiffs have failed to demonstrate that Enterprise Holdings, the parent of the 38 subsidiaries, is a joint employer of the branch assistant managers."); *see also In re Jimmy John's Overtime Litig.*, No. 14 C 5509, 2018 WL 3231273, at *23 (N.D. Ill. June 14, 2018) ("We conclude that Jimmy John's is not a joint employer and grant summary judgment in its favor.").

2009) (dismissing § 1983 complaint on the grounds it collectively alleged illegality by all defendants without identifying actions each defendant undertook); *Rehabcare Grp. E., Inc. v. CC Care, LLC*, No. 15 C 10876, 2016 WL 2595108, at *6 (N.D. Ill. May 4, 2016) ("RehabCare's allegations that "Defendants" made promises, representations and requests does not give sufficient notice of the basis for RehabCare's promissory estoppel claim against TM."). This pleading deficiency is even more glaring in that Plaintiff ***does not even allege*** that she was employed by Defendants, and if so, which Defendant she was employed by, much less how, when, or which entity allegedly captured, possessed, or disclosed her biometric data. *Gross v. Peoples Gas Light & Coke Co.*, 2018 WL 558515, at *3 (N.D. Ill. Jan. 24, 2018) ("Numerous cases establish that the omission of such key information from a complaint is an indicia of artful pleading, rather than a good faith effort to provide fair notice of a claim.").

Moreover, there is a lack of any basis as to how Enterprise Holdings could have possibly violated BIPA vis-à-vis Plaintiff and members of the putative considering that Enterprise Holdings did not employ Plaintiff and members of the putative class, did not implement or operate a timekeeping system as alleged in the Complaint, and does not own, operate and/or manage, maintain or control the day-to-day operations of the Enterprise-branded location where Plaintiff worked (a fact which also is not alleged in the Complaint).

Such allegations are deficient under even the most relaxed pleading standard and fail to provide each Defendant with proper notice as to the claims against them as required under the principles established by the Supreme Court in *Twombly* and *Iqbal*. *See, e.g.*, *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."); *Davis v. Bank of Am. Corp.*, No. 16 C 5993, 2017 WL 4237047, at *1 (N.D. Ill. Sept. 25, 2017)

("Rule 8(a)(2) precludes lumping plaintiffs and defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant.") (citation omitted); *Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, at *2 (N.D. Ill. June 22, 2015) ("Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars.").[6]  Accordingly, Plaintiff's Complaint must be dismissed on this basis.

### B. Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(b) of BIPA

The requirements of Section 15(b) of BIPA only apply to entities that actively "collect, capture, capture, purchase, receive through trade, or otherwise obtain" individuals' biometric identifiers or biometric information.  Here, Plaintiff's Complaint does not allege a single fact to support the conclusion that Defendants collected Plaintiff's biometric data.

As recently held by Chief Judge Rebecca Pallmeyer in dismissing a BIPA class action:

> [F]or Section 15(b)'s requirements to apply, an entity must, at a minimum, take an active step to "collect, capture, purchase, receive through trade, or otherwise obtain" biometric data. 740 ILCS 14/15(b). [Plaintiff] has not adequately pleaded that [Defendant] took such any such step. ***For example, [Plaintiff] repeatedly alleges that [Defendant] 'collected' his biometric data without alleging how, when, or any other factual detail.***

*Heard*, 440 F. Supp. 3d at 966 (emphasis added); *see also Namuwonge v. Kronos, Inc.*, 19 C 03239, 418 F. Supp. 3d 279, 286 (N.D. Ill. Nov. 22, 2019) ("Together, these allegations do not plausibly allege that [defendant] collected, captured, or otherwise obtained [plaintiff's] biometric

---

[6]    *See also Liera v. City of Chicago*, No. 13 C 9032, 2014 WL 3921359, at *3 (N.D. Ill. Aug. 5, 2014) ("[A]llegations against collective groups do not survive motions to dismiss because defendants are not put on notice of the claims against them."); *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, No. 16 CV 06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) (dismissing the complaint because it did not distinguish between the defendants, referring interchangeably to "the defendants" and "TTI" and further pleading that  all seven corporate identities committed every action attributed to the corporate defendant TTI); *Berger v. PIKR, Ltd.*, No. 14 C 8543, 2015 WL 2208200, at *3 (N.D. Ill. May 8, 2015) ("The Plaintiff's group pleading does not provide each defendant with adequate notice of the claims against it. So, the Plaintiff's claims against PIKR, PBS, and PRL are dismissed without prejudice.").

information. Without more, [plaintiff] does not plausibly allege a violation of section 15(b).");

*Kloss v. Acuant, Inc.*, No. 19 C 6353, 2020 WL 2571901, at *3 (N.D. Ill. May 21, 2020) ("Such

barebone factual support and recitation of statutory language is not enough to put [defendant] on

notice of [plaintiff's] claims in order to properly investigate or prepare a defense.").

Like in *Heard*, *Namuwonge*, and *Kloss*, Plaintiff merely alleges in a conclusory fashion

that Defendants collectively "captured," "collected," "stored," and/or "used" Plaintiff's

biometrics and the biometrics of the alleged putative class members, but provides no basis for

such allegations that warrant surviving dismissal. (*See, e.g.*, Compl. ¶¶ 39-41.) The Complaint

fails to allege who (i.e., which Defendant, *see supra* Argument §§ I, II(A)), how, when, or any

other factual detail in this regard. Indeed, the Complaint does not even allege which Defendant

employed her, Plaintiff's dates of employment, the location at which Plaintiff worked, the period

of time during which she used the time clock at issue, or any plausible allegations that do

anything more than simply parrot the elements of BIPA—which is plainly insufficient to survive

a motion to dismiss. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[P]laintiffs who merely

parrot the statutory language of the claims that they are pleading . . . rather than providing some

specific facts to ground those legal claims . . . must do more.").

This is especially true here, where Plaintiff has not alleged any semblance of relationship

or link between herself and Defendants—including that she was employed by Defendants—or

any allegations linking Enterprise Holdings, as a "parent company" to the violations asserted

whatsoever. In sum, Plaintiff's Complaint simply does not allege a single plausible fact that

Defendants collected Plaintiff's biometric data and thus the Complaint should be dismissed.

## C. Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(a) of BIPA

The Complaint similarly fails to allege that Defendants ever took "possession" of her

purported biometric data, as contemplated in Sections 15(a) of BIPA. Here, the Complaint fails

to allege a single fact suggesting that Defendants currently possess Plaintiff's biometric data, which would in turn trigger any obligations to maintain and follow a written policy establishing a retention schedule and destruction guidelines pursuant to Section 15(a) of BIPA. Instead, Plaintiff admits that she is ignorant as to whether Defendants "possess" or ever have "possessed" Plaintiff's biometric data. (*Id.* at ¶ 25) ("Plaintiff is unaware of the status of the biometrics obtained by Defendants.").

Plaintiff's allegations are nothing more than the recitation of the elements of Section 15(a) and therefore, cannot survive a motion to dismiss. For example, in *Heard, supra,* the Court found that such bald pleading is insufficient to show "possession" for purposes of Section 15(a):

> [T]he court agrees with BD that Heard has not adequately pleaded "possession" because he fails to allege that BD "exercised any dominion or control over [his] biometric data".… Like Heard's allegations concerning collection, most of his allegations concerning possession merely parrot the statutory language. (See Compl. ¶¶ 9, 37, 39-40, 54, 68, 93-95 (alleging, without more, that BD "stored" biometric information).) Only one paragraph of the Complaint provides more detail: it states that at some time after the hospitals required Heard to scan his fingerprint into Pyxis devices, BD "subsequently stored [Heard's] fingerprint data in their systems."

*Heard*, 2020 WL 887460, at *5. Here, Plaintiff's Complaint is arguably even more deficient, as the only specific allegations related to "possession" are that Defendants "capture, collect, store, and use" Plaintiff's biometric information, and that Plaintiff was "required to provide biometric scans to Defendants each time Plaintiff needed to clock in and clock out of a shift at work." (Compl. ¶¶ 18, 39-43, 45.) Notably absent is any plausible allegation that Defendants (and if so, which one, when, and how) "possess" Plaintiff's biometric information. This deficiency is even more glaring in light of Plaintiff's failure to allege by which entity she was employed, her dates of employment, at which location(s) she worked, or the time period for which she used the timekeeping technology described in the Complaint.

**D.     Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(d) of BIPA**

Plaintiff's conclusory allegations, based solely on "information and belief," that Defendants disclosed her biometric information without consent is conclusory and unsupported by any other allegations contained in the Complaint.[7]  The Complaint fails to allege any specifics relative to the alleged disclosure of information by Defendants, including which Defendant allegedly disclosed her information, when and how her information was disclosed, and the identity of any entities that allegedly received Plaintiff's biometric information.  (*See* Compl. ¶ 20-22, 24, 41.)  Plaintiff's allegations that Defendants violated Section 15(d) of BIPA are purely speculative—as evidenced by Plaintiff's allegations based solely upon "information and belief"—and entirely factually unsupported.  This simply is insufficient pursuant to the pleading principles established in *Twombly* and *Iqbal* and is the precise type of pleading that has been dismissed in other similar BIPA cases.

As explained by Judge Pallmeyer in *Heard*:

> Heard offers no basis for the allegation that BD disclosed his biometric data (or that of the putative class members). Heard concedes that he relies solely on "information and belief" in alleging that BD violated Section 15(d), but argues that he is permitted to do so because the "facts of necessity" are within BD's exclusive control *** Heard has not satisfied the court that BD alone has possession of the facts necessary to Heard's Section 15(d) claim. *** Heard, therefore, is not entitled to plead disclosure based upon information and belief. In its current form, Heard's Complaint contains no allegations of fact which, if true, suggest there is any basis to even *suspect* that BD disseminated the biometric data at issue. The court is not required to credit rank speculation.

*Heard*, 2020 WL 887460, at *4 (N.D. Ill. Feb. 24, 2020).[8]  The same result follows here.

---

[7]     Moreover, Plaintiff's Complaint is rife with factual inaccuracies and baseless allegations.

[8]     *See also Namuwonge*, 2019 WL 6253807, at *4 ("[Plaintiff] has not pleaded sufficient factual allegations that plausibly suggest that [defendant] disclosed or distributed her data to a third party."); *Kloss v. Acuant, Inc.*, No. 19 C 6353, 2020 WL 2571901, at *3 (N.D. Ill. May 21, 2020) ("Such barebone factual support and recitation of statutory language is not enough to put Acuant on notice of Kloss's claims in order to properly investigate or prepare a defense.").

11

## III. PLAINTIFF'S COMPLAINT FAILS TO PLEAD RECKLESSNESS OR INTENT AS REQUIRED BY BIPA

Plaintiff's allegations that Defendants intentionally or recklessly violated BIPA also fail because Plaintiff's Complaint is devoid of any assertions to support their claim that Defendants acted recklessly or intentionally. Rather, Plaintiff asks the Court to summarily determine and declare that Defendants' actions were "willful and/or reckless," and seeks an award of statutory damages without providing any allegations to support such a declaration or award under BIPA. (*See* Compl., Prayer For Relief). Plaintiff's conclusory assertions are insufficient.

Here, Plaintiff's Complaint simply alleges that by "obtaining and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA," that "Defendants knew, or were reckless in not knowing, that the biometric systems would be subject to the provisions of BIPA," but failed to comply. (Compl. ¶ 43.) Accordingly, Plaintiff's allegations in this regard should be stricken or dismissed as courts increasingly have done in the absence of any such plausible allegations. *See*, *e.g.*, *Namuwonge*, 418 F. Supp. 3d at 286 ("[Plaintiff] does not allege any substantive details regarding whether the allegations were reckless or intentional….Thus, [Plaintiff]'s claim for damages based on intentional and reckless conduct is dismissed."); *Rogers v. CSX Intermodal Terminals, Inc.*, No. 19 C 2937, 409 F. Supp. 3d 612, 619 (N.D. Ill. Sept. 5, 2019) ("Rogers' conclusory statement of CSX's intent is insufficient to allow us to infer that CSX acted intentionally or recklessly and does nothing to distinguish this case from every possible BIPA case where the defendant is alleged to have failed to meet the strictures of Section 15.").

## IV. THE ILLINOIS WORKERS' COMPENSATION ACT PROVIDES PLAINTIFF'S EXCLUSIVE REMEDY

Although Plaintiff does not allege that she was employed by either Defendant (and if so, which Defendant), the Illinois Workers' Compensation Act ("IWCA") also likely preempts

65409973v.7

Plaintiff's claims for damages under BIPA.[9]  The IWCA created a system where "in exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for injuries and occupational diseases arising out of and in the course of employment."  *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶12; 43 N.E.3d 108, 111 (Ill. 2015).  "As part of this 'balancing,' the Act further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if he sustains a compensable injury."  *Sharp v. Gallagher*, 95 Ill. 2d 322, 326; 447 N.E.2d 786, 787 (Ill. 1983) (internal quotation omitted); *Cooley v. Power Constr. Co.*, *LLC*, 2018 IL App (1st) 171292, ¶12, 107 N.E.2d 435, 439 ("Employees that are injured at work do not have a cause of action against their employer, and their exclusive remedy is to apply for benefits under the [IWCA]"); *see also* 820 ILCS § 305/5(a) (setting forth exclusivity provision); 820 ILCS § 305/11 (the "compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer").  And to be sure, this exclusivity provision applies to Plaintiff's claims under BIPA because that provision specifically provides that an employee has "[n]o common law ***or statutory right*** to recover damages from the employer * * * for injuries incurred in the course of her employment."  *Richardson v. Cty. of Cook*, 250 Ill. App. 3d 544, 547; 621 N.E.2d 114, 117 (1st Dist. 1993) (emphasis added); 820 ILCS § 305/5(a) (providing that an employee has "[n]o common law ***or statutory right*** to recover damages from the employer") (emphasis added); 820 ILCS § 305/11; *Gannon v. Chicago, M., St. P. & P. Ry. Co.*, 13 Ill. 2d 460, 463 (Ill. 1958) ("The language of the [exclusivity] section, read alone, leaves no room for construction [because] it bars any 'statutory right to recover damages for injury'"); *see also, e.g., Vacos v. LaSalle Madison Hotel Co.*, 21 Ill. App. 2d 569, 572; 159 N.E.2d 24, 26 (1st Dist. 1959) (affirmed preemption of employee's

---

[9]      This issue is currently pending before the Appellate Court of Illinois First Judicial District which granted defendant's application for leave to appeal under Illinois Supreme Court Rule 308 in *McDonald v. Symphony Bronzeville Park, LLC, et al.*, Case No. 17 CH 11311 (Cir. Ct. Cook County).

statutory damages claimst; the "clear language of [Section 5(a)] bars any right . . . to recover" outside the IWCA); *Carey v. Coca-Cola Bottling Co. of Chicago*, 48 Ill. App. 3d 482, 484; 363 N.E.2d 400, 401-02 (2d Dist. 1977) (same).

To circumvent this exclusivity rule, Plaintiff must demonstrate that his injury [1] "was not accidental," [2] "did not arise from…employment," [3] "was not received during the course of…employment," or [4] "is not compensable under the Act." *See Nischan v. Stratosphere Quality, LLC,* 865 F.3d 922, 934 (7th Cir. 2017). No exception to exclusivity applies here. First, to the extent Plaintiff has suffered an injury as a result of placing a finger on a time-clock scanner, her "injury" would be "accidental," particularly given that the Complaint does not allege that Defendants implemented a time-clock system with a "specific intent to injure [its] employee[s]." *See*, *e.g.*, *Baylay v. Etihad Airways P.J.S.C.*, 222 F. Supp. 3d 698, 704 (N.D. Ill. 2016), *aff'd*, 881 F.3d 1032 (7th Cir. 2018). Second, Plaintiff admits that her alleged injuries arose out of her employment and were received during the course of her employment. (*See* Compl.¶¶ 17-26.) Third**,** "[t]he fact that [Plaintiff] sustained no physical injury or trauma is irrelevant to the applicability of the Act. Rather, an injury is compensable under the Act if it was sustained during the course of employment and arose from that employment." *See Pathfinder Co. v. Industrial Comm'n*, 62 Ill. 2d 556, 563; 343 N.E.2d 913, 917 (1992) (employee that has a "psychological injury or harm has suffered an accident within the meaning of the Act, though no physical trauma or injury was sustained"); *see also Folta*, 2015 IL 118070 at ¶¶18-30; 43 N.E.3d at 113-16. Thus, Plaintiff cannot establish that her injury avoids the exclusivity provision of the IWCA, and her claim for damages should be dismissed in accordance with Rule 12(b)(6).

## **CONCLUSION**

In light of the foregoing, Defendants respectfully requests that the Court enter an order dismissing Plaintiff's Complaint.

14

**DATED: August 31, 2020**

Respectfully submitted,

ENTERPRISE LEASING COMPANY OF
CHICAGO, LLC and ENTERPRISE
HOLDINGS, INC.

By /s/ *Thomas E. Ahlering*

 One of Their Attorneys

Erin Dougherty Foley
*edfoley@seyfarth.com*
Thomas E. Ahlering
*tahlering@seyfarth.com*
Alexandra S. Oxyer
*aoxyer@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send notification to the e-mail addresses of all counsel of record denoted on the electronic Mail Notice List.

/s/*Thomas E. Ahlering*
Thomas E. Ahlering