**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | Case No. 20-cv-03200 |
| v. | Hon. Manish S. Shah |
| ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC., | Hon. Magistrate Gabriel A. Fuentes |
| Defendants. | |

**DEFENDANTS ENTERPRISE LEASING COMPANY OF CHICAGO, LLC AND
ENTERPRISE HOLDINGS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................ 1

BACKGROUND ................................................................................ 2

LEGAL STANDARD ........................................................................ 3

ARGUMENT ...................................................................................... 3

I.      PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS TO ENTERPRISE HOLDINGS BECAUSE PLAINTIFF HAS PLED NO ALLEGATIONS TO SUPPORT ENTERPRISE HOLDINGS' INCLUSION IN THIS LAWSUIT ...................................................................................... 3

A.      Plaintiff's General and Conclusory Allegations Regarding Enterprise Holdings' Relationship With Its Subsidiaries Are Wholly Insufficient To State A Claim ...................................................................................... 4

B.      Enterprise Holdings' Code Of Conduct And Plaintiff's Conclusory Statements Regarding The Same Do Not Support Any Theory Of Liability Against Enterprise Holdings ...................................................................................... 7

II.      PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE CLAIMS FOR VIOLATIONS OF BIPA AGAINST DEFENDANTS ...................................................................................... 8

A.      Plaintiff Fails To Distinguish Between The Defendants And Constitutes Improper Group Pleading ...................................................................................... 8

B.      Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(b) of BIPA ...................................................................................... 10

C.      Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(a) of BIPA ...................................................................................... 12

D.      Plaintiff Fails To Plausibly Allege That Defendants Violated Section 15(d) of BIPA ...................................................................................... 13

III.      PLAINTIFF'S AMENDED COMPLAINT FAILS TO PLEAD RECKLESSNESS OR INTENT AS REQUIRED BY BIPA ...................................................................................... 14

IV.      THE ILLINOIS WORKERS COMPENSATION ACT PROVIDES PLAINTIFF'S EXCLUSIVE REMEDY ...................................................................................... 14

CONCLUSION ...................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)      *passim*

*Atkins v. Hasan*,
    No. 15 CV 203, 2015 WL 3862724 (N.D. Ill. June 22, 2015)      9

*Bank of Am., N.A. v. Knight*,
    725 F.3d 815 (7th Cir. 2013)      9

*Bausch v. Striker*,
    630 F.3d 546, 562 (7th Cir. 2010)      1

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)      *passim*

*Berger v. PIKR, Ltd.*,
    No. 14 C 8543, 2015 WL 2208200 (N.D. Ill. May 8, 2015)      10

*Brooks v. Ross*,
    578 F.3d 574 (7th Cir. 2009)      11

*Carey v. Coca-Cola Bottling Co. of Chicago*,
    48 Ill. App. 3d 482; 363 N.E.2d 400 (2d Dist. 1977)      15

*Carter v. Dolan*,
    No. 08 C 7464, 2009 WL 1809917 (N.D. Ill. June 25, 2009)      8

*Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*,
    No. 16 CV 06113, 2017 WL 4269005 (N.D. Ill. Sept. 26, 2017)      9

*Davis v. Bank of Am. Corp.*,
    No. 16 C 5993, 2017 WL 4237047 (N.D. Ill. Sept. 25, 2017)      9

*EEOC v. Concentra Health Servs., Inc.*,
    496 F.3d 773 (7th Cir. 2007)      3

*Gross v. Peoples Gas Light & Coke Co.*,
    2018 WL 558515 (N.D. Ill. Jan. 24, 2018)      9

*In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*,
    683 F.3d 462 (3d Cir. 2012)      6

*Folta v. Ferro Eng'g*,
    2015 IL 118070; 43 N.E.3d 108 (Ill. 2015)      15

*Gannon v. Chicago, M., St. P. & P. Ry. Co.*,
    13 Ill. 2d 460 (Ill. 1958) ........... 15

*Gross v. Peoples Gas Light & Coke Co.*,
    2018 WL 558515, at *3 (N.D. Ill. Jan. 24, 2018) ........... 9

*Heard v. Becton, Dickinson & Co.*,
    440 F. Supp. 3d 960 (N.D. Ill. 2020) (Pallmeyer, J.) ........... *passim*

*In re Jimmy John's Overtime Litig.*,
    No. 14 C 5509, 2018 WL 3231273 (N.D. Ill. June 14, 2018) ........... 6

*Kloss v. Acuant, Inc.*,
    No. 19 C 6353, 2020 WL 2571901 (N.D. Ill. May 21, 2020) ........... 11, 13

*Liera v. City of Chicago*,
    No. 13 C 9032, 2014 WL 3921359 (N.D. Ill. Aug. 5, 2014) ........... 9

*Ma v. CVS Pharmacy, Inc.*,
    No. 19-CV-3367, 2020 WL 533702 (N.D. Ill. Feb. 3, 2020) (Dow, J.) ........... 10

*Marijan v. Univ. of Chi.*,
    2018 WL 3463272 (N.D. Ill. 2018) ........... 10

*McDonald v. Symphony Bronzeville Park, LLC, et al.*,
    Case No. 17 CH 11311 (Cir. Ct. Cook County) ........... 15

*Namuwonge v. Kronos, Inc.*,
    19 C 03239, 418 F. Supp. 3d 279 (N.D. Ill. Nov. 22, 2019) ........... 11, 14

*Nischan v. Stratosphere Quality, LLC*,
    865 F.3d 922 (7th Cir. 2017) ........... 15

*Rehabcare Grp. E., Inc. v. CC Care, LLC*,
    No. 15 C 10876, 2016 WL 2595108 (N.D. Ill. May 4, 2016) ........... 8

*Richardson v. Cty. of Cook*,
    250 Ill. App. 3d 544; 621 N.E.2d 114 (1st Dist. 1993) ........... 15

*Rogers v. CSX Intermodal Terminals, Inc.*,
    No. 19 C 2937, 409 F. Supp. 3d 612 (N.D. Ill. Sept. 5, 2019) ........... 14

*Sharp v. Gallagher*,
    95 Ill. 2d 322; 447 N.E.2d 786 (Ill. 1983) ........... 15

*Taha v. Int'l Bhd. of Teamsters, Local 781*,
    947 F.3d 464 (7th Cir. 2020) ........... 7

*Tamayo v. Blagojevich*,
    526 F.3d 1074 (7th Cir. 2008) ........... 10

*Vacos v. LaSalle Madison Hotel Co.*,
    21 Ill. App. 2d 569; 159 N.E.2d 24 (1st Dist. 1959)      15

*Webb v. AFSCME Council 31*,
    No. 19-CV-4192, 2020 WL 919260 (N.D. Ill. Feb. 26, 2020)      8

**Statutes**

820 ILCS § 305/5(a)      15

820 ILCS § 305/11      15

740 ILCS § 14/15      4, 5

740 ILCS § 14/15(b)      10

Illinois Biometric Information Privacy Act      *passim*

Illinois Workers' Compensation Act      15

**Other Authorities**

Fed. R. Civ. P. 8      3, 7, 9

Fed. R. Civ. P. 8(a)(2)      7, 9

Fed. R. Civ. P. 11      1, 5

Fed. R. Civ. P. 12      4

Fed. R. Civ. P. 12(b)(6)      3, 15

## INTRODUCTION

Rather than file a response to Enterprise Leasing Company of Chicago, LLC ("Enterprise Leasing") and Enterprise Holdings, Inc.'s ("Enterprise Holdings") (collectively, "Defendants") Motion to Dismiss ("Motion"), Plaintiff filed a First Amended Complaint ("Am. Compl.") which fails to cure the deficiencies identified in Defendants' Motion. Indeed, Plaintiff's Amended Complaint only underscores that this is a thinly veiled fishing expedition and misguided effort to pursue a class action against an improper Defendant, Enterprise Holdings, a "corporate parent" with no role in the timekeeping system at issue in the Complaint, and against Enterprise Leasing, against which Plaintiff makes only conclusory assertions. Specifically, rather than cure the deficiencies identified in Defendants' Motion, Plaintiff's Amended Complaint: (1) adds *zero* additional plausible factual allegations relating to Defendants; (2) still engages in improper group pleading; and (3) is *still* based on the incorrect premise that Enterprise Holdings has anything to do *whatsoever* with the timekeeping system at issue in the Amended Complaint. Plaintiff's attempt in the Amended Complaint to pivot her theory vis-à-vis Enterprise Holdings—i.e., that Enterprise Holdings somehow violated BIPA through "control" over its subsidiaries—is unsupported by the plain language of BIPA, and Plaintiff still does not plausibly allege that Enterprise Holdings possessed, collected, used, or disclosed Plaintiff's biometric data in violation of BIPA.

Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice.[1]

---

[1] Defendants reserve any remedies available under Rule 11 of the Federal Rules of Civil Procedure. On June 23, 2020, Defendants' counsel sent Plaintiff's counsel a letter pursuant to Federal Rule of Civil Procedure Rule 11 alerting Plaintiff's counsel to deficiencies and factual inaccuracies in the Complaint. Plaintiff has declined to dismiss, which necessitated the filing of Defendants' initial Motion to Dismiss and this motion. Since Plaintiff has been alerted to the legal and factual deficiencies in her case and has failed to remedy these deficiencies, dismissal with prejudice is appropriate because any amendment by Plaintiff will be futile. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("[A] district court may deny leave to file an amended complaint in the case of . . . futility of amendment.").

## **BACKGROUND**

Plaintiff Dawon Wordlaw ("Plaintiff") is a citizen of Illinois who alleges that she

"work[ed] for Defendants at an Enterprise facility in Cook County, Illinois." (Am. Compl. ¶¶ 9,

25.) Plaintiff's Amended Complaint names Enterprise Holdings and Enterprise Leasing as

Defendants, and alleges that Enterprise Holdings is the "corporate parent, and sole member of

Defendant Enterprise Leasing Company of Chicago, LLC." (*Id.* ¶ 10.) Plaintiff's Amended

Complaint alleges in conclusory fashion that Defendants "jointly operate automobile leasing

services in Illinois" and that Defendants "implemented biometric scanning and time-tracking

devices and technology to monitor and manager, including their workers', including Plaintiff's,

work hours." (*Id.* ¶¶ 2, 25.)[2]

Plaintiff's Amended Complaint states that she was required by Defendants to use a

biometric time clock system to record her time worked each time she clocked in and out of a

shift at work. (*Id.* ¶ 27.) Plaintiff further alleges that Defendants violated the BIPA by failing to:

(1) inform Plaintiff and members of the class in writing that their biometrics were being

collected and stored prior to such collection; (2) inform Plaintiff and members of the class in

writing of the purpose and length of term that their biometrics were being captured, collected,

stored prior, and used; (3) obtain a written release; (4) provide a retention schedule; and (5) to

obtain consent from Plaintiff for any dissemination of her biometrics. (*Id.* at ¶ 47.) Plaintiff's

Amended Complaint purports to assert a single claim for violation of BIPA, and seeks relief,

including, but not limited to, injunctive relief, statutory damages of $5,000 for each willful

---

[2]     As discussed *infra* at Argument §§ I-III, it is impossible for Defendants to discern the specific
allegations against each Defendant as the Amended Complaint engages in improper group pleading and
merely parrots the language of BIPA in conclusory fashion.

and/or reckless violation of BIPA, $1,000 for each negligent violation of BIPA, and attorneys' fees and costs. (*Id.* ¶ 52.)

## LEGAL STANDARD

Rule 12(b)(6) requires dismissal where a complaint fails to allege sufficient facts "to state a claim for relief that is plausible on its face" and presents nothing more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, to survive a Rule 12 motion to dismiss, Rule 8(a)(2) imposes two "hurdles" that a complaint must satisfy. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, a complaint must describe the Plaintiff's claims and the grounds supporting them in "sufficient detail to give the defendants fair notice" of the claims against them. *Id.* (citing *Twombly*, 550 U.S. at 555). This standard requires more than mere "labels and conclusions" or "formulaic recitations of the cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Second, the court must determine whether the allegations, if true, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Concentra Health Servs*, 496 F.3d at 773 (quoting *Twombly*, 555 U.S. 569 at 1973 n. 14).

## ARGUMENT

I. **PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS TO ENTERPRISE HOLDINGS BECAUSE PLAINTIFF HAS PLED NO ALLEGATIONS TO SUPPORT ENTERPRISE HOLDINGS' INCLUSION IN THIS LAWSUIT**

Rather than amend the Complaint to cure deficiencies by alleging specific factual allegations regarding how Enterprise Holdings violated BIPA vis-à-vis Plaintiff, or Enterprise Holdings' role in the implementation, maintenance, and/or operation of timekeeping systems for employees who work at Enterprise-branded locations in Illinois, Plaintiff's Amended Complaint resorts to general and conclusory allegations regarding Enterprise Holdings' relationship with its

subsidiaries, and engages in rank conjecture regarding Enterprise Holdings' Code of Conduct and its impact on Plaintiff's claim.

Notably, however, these allegations still have ***no bearing whatsoever*** as to whether Enterprise Holdings can or should be held liable under BIPA and fail to state a claim against Enterprise Holdings.  It is abundantly clear from the plain language of the statute that BIPA only applies to "private entities" who possess, collect, capture, purchase, receive through trade, or otherwise obtain,  an individual's biometric data, and nothing in Plaintiff's Amended Complaint suggests that Enterprise Holdings or its conduct would be covered by BIPA's regulations.  Thus, there is no basis for Plaintiff to pursue her claim against Enterprise Holdings.

A.     **Plaintiff's General and Conclusory Allegations Regarding Enterprise Holdings' Relationship With Its Subsidiaries Are Wholly Insufficient To State A Claim**

 In a futile attempt to rescue Plaintiff's speculative case against Enterprise Holdings from dismissal, Plaintiff's Amended Complaint resorts to general and conclusory allegations regarding Enterprise Holdings' relationship with its subsidiaries, which have no bearing as to whether Enterprise Holdings can or should be liable under BIPA, i.e., if, when, and how, Enterprise Holdings is in "possession of," or "collecte[d], capture[d], purchase[d], receive[d] through trade, or otherwise obtain[ed]" Plaintiff's biometric data as a corporate parent.  *See* 740 ILCS § 14/15. Plaintiff's general allegations regarding Enterprise Holdings' purported "substantial control" over its subsidiaries amount to nothing more than a thinly veiled attempt to ensnare Enterprise Holdings into a lawsuit for which it had no involvement, and do not provide any additional basis to support Plaintiff's claim that Enterprise Holdings violated BIPA.

Specifically, Plaintiff's Amended Complaint simply alleges in conclusory fashion that Enterprise Holdings "exercises substantial control over its regional subsidiaries. . . .business practices and employee management practices, including with respect to employee privacy and

4

data protection matters." (Am. Compl. ¶ 16.) In turn, Plaintiff alleges that Enterprise Holdings has "exercised primary, if not exclusive, control over its subsidiaries'. . . .practices with respect to employee privacy matters and other employment conditions." (*Id.* ¶ 22.) These allegations are simply insufficient to sustain a claim against Enterprise Holdings for a violation of BIPA where the Amended Complaint fails to include any plausible allegations that Enterprise Holdings has any role in the timekeeping system at issue generally, much less that Enterprise Holdings is in "possession" of, or "collect[ed], capture[d], purchase[d], receive[d] through trade, or otherwise obtain[ed]" Plaintiff's biometrics without first complying with BIPA's requirements. 740 ILCS § 14/15. For example, while Plaintiff appears to now concede that she was not employed by Enterprise Holdings—as she must pursuant to Rule 11—her allegation that "conditions of her work environment" were controlled by Enterprise Holdings is still insufficient to plausibly state a claim under BIPA against Enterprise Holdings. (Am. Compl. ¶ 26.)[3] In addition to being entirely speculative (and false), Plaintiff's conclusory allegations that Enterprise Holdings exercises "control" over employee timekeeping alone is insufficient to state a claim against Enterprise Holdings under BIPA whose requirements are triggered only by "possession" of biometric data or the collection, capture, purchase, receipt through trade, or otherwise obtaining of biometric data. Plaintiff's Amended Complaint does not allege ***any*** plausible facts in support of these statutory requirements vis-à-vis Enterprise Holdings.

Indeed, to the extent that the allegations in Plaintiff's Amended Complaint imply that Enterprise Holdings "employed" Plaintiff and signal that she intends to pursue an alternative theory of liability, such as a single-employer, joint-employer, agency, or vicarious liability

---

[3] Moreover, the allegations of the Amended Complaint implying that Plaintiff was "employed" by Enterprise Holdings, in addition to being false, are directly contradicted by Plaintiff's allegation that she received her paychecks from Enterprise Leasing. *Cf.* Am. Compl. ¶ 26 & Am. Compl. ¶ 27.

theory (none which have any basis in the plain language of BIPA), courts (including the United States Court of Appeals for the Seventh and Third Circuits) have definitively rejected such a theory—including holding that Enterprise Holdings is not a joint-employer as a corporate parent. *See In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 471 (3d Cir. 2012) ("[W]e conclude that the District Court was correct in its summary judgment conclusion and that the plaintiffs have failed to demonstrate that Enterprise Holdings, the parent of the 38 subsidiaries, is a joint employer of the branch assistant managers."); *see also In re Jimmy John's Overtime Litig.*, No. 14 C 5509, 2018 WL 3231273, at *23 (N.D. Ill. June 14, 2018) ("We conclude that Jimmy John's is not a joint employer and grant summary judgment in its favor."). Moreover, such theories of liability are unavailing in the BIPA context, as BIPA's regulations apply *only* to entities that collect, capture, purchase, receive through trade, or otherwise obtain biometric data or possess biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 965 (N.D. Ill. 2020). There are no articulated avenues of liability in BIPA covering a company that is merely *related* to an entity which allegedly engages in conduct regulated by the BIPA if the related company does not engage in such activities itself.

Put simply, Plaintiff's general and conclusory allegations regarding Enterprise Holdings relationship with its subsidiaries do not provide any plausible basis for Plaintiff's claim against Enterprise Holdings. Rather, despite the inclusion of such allegations, Plaintiff's Amended Complaint is more notable for what it still ***does not*** allege—namely, any plausible allegations that Enterprise Holdings, as a "corporate parent," has ***any* specific role *whatsoever*** in the implementation, maintenance, and/or operation of timekeeping systems for employees who work at Enterprise-branded locations in Illinois, or the Enterprise-branded location where Plaintiff worked (which notably is not alleged in the Amended Complaint). Further, Plaintiff's Amended Complaint simply makes no plausible allegations connecting Enterprise Holdings to Plaintiff's

6

employment, or the location where she worked, which could plausibly support a claim that Enterprise Holdings violated BIPA vis-à-vis Plaintiff or had any role in the timekeeping system whatsoever. Thus, the totality of the allegations against Enterprise Holdings amount to nothing more than pure speculation that it had any role in the harm alleged in the Complaint, which simply is not sufficient to satisfy Rule 8. *See Iqbal*, 556 U.S. at 682; *Heard*, 440 F. Supp. 3d at 969 (dismissing BIPA class action noting "[t]he court is not required to credit rank speculation) (citing *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020)).

### B. Enterprise Holdings' Code Of Conduct And Plaintiff's Conclusory Statements Regarding The Same Do Not Support Any Theory Of Liability Against Enterprise Holdings

Plaintiff's Amended Complaint relies heavily on Enterprise Holdings' Code of Conduct ("Code") located on Enterprise Holdings' website. (*See* ECF No. 21-1.) Plaintiff attempts to use the Code to support her allegations against Enterprise Holdings, but, as mentioned above, none of Plaintiff's allegations amount to any plausible allegations indicating that Enterprise Holdings engaged in any activity regulated by BIPA. Indeed, the Code contains no language whatsoever regarding biometric data or timekeeping, let alone language that indicates that Enterprise Holdings' conduct is subject to the BIPA.

Moreover, Plaintiff attempts to tie the language of the Code to her claims using only speculative and conclusory allegations. In her assertions relating to the Code, Plaintiff wildly speculates about Enterprise Holdings and its subsidiaries, including that it "is evident from the Code of Conduct [that] Defendant Enterprise Holdings, Inc. and its regional subsidiaries…subscribe to common policies…and do not observe corporate formalities with respect to employee management." (Am. Compl. ¶ 21.) Further, Plaintiff states that "on information and belief, at all relevant times Defendant Enterprise Holdings, Inc. has exercised primary, if not exclusive, control over its subsidiaries," and "[a]s is evident from its Code of

Conduct, Defendant Enterprise Holdings, Inc. had the exclusive final say as to whether its regional subsidiaries would comply with all privacy laws, including BIPA." *Id.* at ¶¶ 22-23. In addition to the fact that such allegations do not plausibly suggest that Enterprise Holdings engaged in any activity regulated by BIPA, these allegations are also unsupported by the language of the Code, amount to pure conjecture, and should be disregarded by this Court. In pleading their claims, plaintiffs "must set forth facts – not just conjecture." *Webb v. AFSCME Council 31*, No. 19-CV-4192, 2020 WL 919260, at *2 (N.D. Ill. Feb. 26, 2020).

Thus, Plaintiff's claims related to Enterprise Holdings must be dismissed, as they amount to nothing more than pure conjecture, find no basis in the language of the BIPA, and are unsupported even by the Code attached by Plaintiff to her Amended Complaint.

## II.    PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE CLAIMS FOR VIOLATIONS OF BIPA AGAINST DEFENDANTS

### A.    Plaintiff Fails To Distinguish Between The Defendants And Constitutes Improper Group Pleading

Plaintiff's Amended Complaint merely alleges in conclusory fashion that "Defendants" collectively violated BIPA, without providing any specific details regarding the role of each Defendant. (Compl. ¶¶ 5, 25, 27-32.) Plaintiff's Amended Complaint should be dismissed on this basis alone. *See, e.g. Carter v. Dolan*, No. 08 C 7464, 2009 WL 1809917, at **3-4 (N.D. Ill. June 25, 2009) (dismissing § 1983 complaint on the grounds it collectively alleged illegality by all defendants without identifying actions each defendant undertook); *Rehabcare Grp. E., Inc. v. CC Care, LLC*, No. 15 C 10876, 2016 WL 2595108, at *6 (N.D. Ill. May 4, 2016) ("RehabCare's allegations that "Defendants" made promises, representations and requests does not give sufficient notice of the basis for RehabCare's promissory estoppel claim against TM."). This pleading deficiency is even more glaring in that Plaintiff ***does not even allege*** that she was employed by Defendants, and if so, which Defendant she was employed by, much less how,

when, or which entity allegedly captured, possessed, or disclosed her biometric data. *Gross v. Peoples Gas Light & Coke Co.*, 2018 WL 558515, at *3 (N.D. Ill. Jan. 24, 2018) ("Numerous cases establish that the omission of such key information from a complaint is an indicia of artful pleading, rather than a good faith effort to provide fair notice of a claim.").

Moreover, there is a lack of any basis as to how Enterprise Holdings specifically violated BIPA vis-à-vis Plaintiff and members of the putative class.[4]  As outlined more thoroughly above, such allegations are deficient under even the most relaxed pleading standard and fail to provide each Defendant with proper notice as to the claims against them as required under the principles established by the Supreme Court in *Twombly* and *Iqbal*.  *See*, *e.g.*, *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("The Rules of Civil Procedure set up a system of notice pleading.  Each defendant is entitled to know what he or she did that is asserted to be wrongful.  A complaint based on a theory of collective responsibility must be dismissed.")*; Davis v. Bank of Am. Corp.*, No. 16 C 5993, 2017 WL 4237047, at *1 (N.D. Ill. Sept. 25, 2017) ("Rule 8(a)(2) precludes lumping plaintiffs and defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant.") (citation omitted); *Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, at *2 (N.D. Ill. June 22, 2015) ("Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars.").[5]

---

[4]     As discussed above, Plaintiff's allegation that although she received her paychecks from Enterprise Leasing, that Enterprise Holdings can somehow be liable under BIPA by "exercising control" over its subsidiaries has no basis in the plain language of BIPA, and the Amended Complaint contains no specific allegations as to how Enterprise Holdings possessed, collected, or captured Plaintiff's biometric data aside from conclusory, and false, allegations that Enterprise Holdings somehow collectively violated BIPA through "Defendants' biometric timekeeping devices."  (*See*, *e.g.*, Am. Compl. ¶ 5.)

[5]     *See also Liera v. City of Chicago*, No. 13 C 9032, 2014 WL 3921359, at *3 (N.D. Ill. Aug. 5, 2014) ("[A]llegations against collective groups do not survive motions to dismiss because defendants are not put on notice of the claims against them."); *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, No. 16 CV 06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) (dismissing the complaint because

Plaintiff's allegations in the Amended Complaint amount to nothing more than a thinly-veiled attempt to name a corporate parent without satisfying her burden of providing each Defendant with notice of the nature of the allegations asserted and should be dismissed on this basis, as frequently recognized by courts in this District.  *See*, *e.g.*, *Ma v. CVS Pharmacy, Inc*., No. 19-CV-3367, 2020 WL 533702, at *3 (N.D. Ill. Feb. 3, 2020) (Dow, J.) ("CVS Health is a holding company with no employees and no involvement, direct or indirect, in the facts underlying the case that make it a proper defendant.  Plaintiff has presented no facts to the contrary. That warrants dismissing CVS Health as a defendant."); *Marijan v. Univ. of Chi.*, 2018 WL 3463272, at *7 (N.D. Ill. 2018) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1087-89 (7th Cir. 2008) (dismissing claim where the complaint contained no allegations that the defendant had control over any relevant aspects of the plaintiff's employment).

**B.**      **Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(b) of BIPA**

The requirements of Section 15(b) of  BIPA only apply to entities that actively "collect, capture, purchase, receive through trade, or otherwise obtain" individuals' biometric identifiers or biometric information.  Here, Plaintiff's Amended Complaint does not allege a single fact to support the conclusion that Defendants collected Plaintiff's biometric data.

As recently held by Chief Judge Rebecca Pallmeyer in dismissing a BIPA class action:

[F]or Section 15(b)'s requirements to apply, an entity must, at a minimum, take an active step to "collect, capture, purchase, receive through trade, or otherwise obtain" biometric data. 740 ILCS 14/15(b). [Plaintiff] has not adequately pleaded that [Defendant] took such any such step. ***For example, [Plaintiff] repeatedly***

---

it did not distinguish between the defendants, referring interchangeably to "the defendants" and "TTI" and further pleading that  all seven corporate identities committed every action attributed to the corporate defendant TTI); *Berger v. PIKR, Ltd.*, No. 14 C 8543, 2015 WL 2208200, at *3 (N.D. Ill. May 8, 2015) ("The Plaintiff's group pleading does not provide each defendant with adequate notice of the claims against it. So, the Plaintiff's claims against PIKR, PBS, and PRL are dismissed without prejudice.").

> ***alleges that [Defendant] 'collected' his biometric data without alleging how,
> when, or any other factual detail."***

*Heard*, 440 F. Supp. 3d at 966 (emphasis added); *see also Namuwonge v. Kronos, Inc.*, 19 C

03239, 418 F. Supp. 3d 279, 286 (N.D. Ill. Nov. 22, 2019) ("Together, these allegations do not

plausibly allege that [defendant] collected, captured, or otherwise obtained [plaintiff's] biometric

information. Without more, [plaintiff] does not plausibly allege a violation of section 15(b).");

*Kloss v. Acuant, Inc.*, No. 19 C 6353, 2020 WL 2571901, at *3 (N.D. Ill. May 21, 2020) ("Such

barebone factual support and recitation of statutory language is not enough to put [defendant] on

notice of [plaintiff's] claims in order to properly investigate or prepare a defense.").

   Like in *Heard*, *Namuwonge*, and *Kloss*, Plaintiff merely alleges in a conclusory fashion

that Defendants collectively "captured," "collected," "stored," and/or "used" Plaintiff's

biometrics and the biometrics of the alleged putative class members, but provides no basis for

such allegations that warrant surviving dismissal. (*See*, *e.g.*, Compl. ¶¶ 42-48.)  The Amended

Complaint fails to allege who (i.e., which Defendant, *see supra* Argument §§ I, II(A)), how,

when, or any other factual detail in this regard.  Indeed, the Complaint does not even allege

Plaintiff's specific dates of employment, the specific location at which Plaintiff worked, or any

plausible allegations that do anything more than simply parrot the elements of BIPA—which is

plainly insufficient to survive a motion to dismiss.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.

2009) ("[P]laintiffs who merely parrot the statutory language of the claims that they are pleading

. . . rather than providing some specific facts to ground those legal claims . . . must do more.").

   This is especially true here, where Plaintiff has not included any allegations linking

Enterprise Holdings, as a "parent company," to the alleged violations asserted whatsoever.  In

sum, Plaintiff's Amended Complaint simply does not allege a single plausible fact that

Defendants collected Plaintiff's biometric data and the Amended Complaint should be dismissed.

**C.      Plaintiff Fails Plausibly To Allege That Defendants Violated Section 15(a) of BIPA**

The Amended Complaint similarly fails to allege that Defendants ever took "possession" of her purported biometric data, as contemplated in Sections 15(a) of BIPA.  Here, the Amended Complaint fails to allege a single fact suggesting that Defendants currently possess Plaintiff's biometric data, which would in turn trigger any obligations to maintain and follow a written policy establishing a retention schedule and destruction guidelines pursuant to Section 15(a).

Plaintiff's allegations are nothing more than the recitation of the elements of Section 15(a) and therefore, cannot survive a motion to dismiss.  For example, in *Heard*, *supra*, the Court found that such bald pleading is insufficient to show "possession" for purposes of Section 15(a): "[T]he court agrees with BD that Heard has not adequately pleaded 'possession' because he fails to allege that BD 'exercised any dominion or control over [his] biometric data'…. Like Heard's allegations concerning collection, most of his allegations concerning possession merely parrot the statutory language."  *Heard*, 2020 WL 887460, at *5.  Here, Plaintiff's Amended Complaint is arguably even more deficient, as the only specific allegations related to "possession" are that Defendants "capture, collect, store, and use" Plaintiff's biometric information, and that Plaintiff was "required to provide biometric scans, in the form of her fingerprints, each time Plaintiff needed to clock in and clock out of a shift at work."  (Am. Compl. ¶ 27.)  Notably absent is any plausible allegation that Defendants (and if so, which one, when, and how) "possess" Plaintiff's biometric information.  This deficiency is even more glaring in light of Plaintiff's failure to allege by which entity she was employed, her dates of employment, at which location(s) she worked, or the time period for which she used the timekeeping technology.

**D.** **Plaintiff Fails To Plausibly Allege That Defendants Violated Section 15(d) of BIPA**

Plaintiff's allegations, "upon information and belief," that Defendants disclosed her biometric information to third parties without consent are conclusory and unsupported by any other allegations contained in the Amended Complaint. The Amended Complaint fails to allege any specifics relative to the alleged disclosure of information by Defendants, including which Defendant allegedly disclosed her information, when and how her information was disclosed, and the identity of any entities that allegedly received Plaintiff's biometric information. Plaintiff's allegations that Defendants violated Section 15(d) of BIPA are purely speculative—as evidenced by Plaintiff's allegations based solely upon "information and belief"—and entirely factually unsupported. This simply is insufficient pursuant to the pleading principles established in *Twombly* and *Iqbal* and is the precise type of pleading that has been dismissed in other similar BIPA cases.

As explained by Judge Pallmeyer in *Heard*:

> Heard offers no basis for the allegation that BD disclosed his biometric data (or that of the putative class members). Heard concedes that he relies solely on "information and belief" in alleging that BD violated Section 15(d), but argues that he is permitted to do so because the "facts of necessity" are within BD's exclusive control *** Heard, therefore, is not entitled to plead disclosure based upon information and belief. In its current form, Heard's Complaint contains no allegations of fact which, if true, suggest there is any basis to even *suspect* that BD disseminated the biometric data at issue. The court is not required to credit rank speculation.

*Heard*, 2020 WL 887460, at *4 (N.D. Ill. Feb. 24, 2020).[6] The same result follows here.

---

[6]     *See also Namuwonge*, 2019 WL 6253807, at *4 ("[Plaintiff] has not pleaded sufficient factual allegations that plausibly suggest that [defendant] disclosed or distributed her data to a third party."); *Kloss v. Acuant, Inc*., No. 19 C 6353, 2020 WL 2571901, at *3 (N.D. Ill. May 21, 2020) ("Such barebone factual support and recitation of statutory language is not enough to put Acuant on notice of Kloss's claims in order to properly investigate or prepare a defense.").

### III. PLAINTIFF'S AMENDED COMPLAINT FAILS TO PLEAD RECKLESSNESS OR INTENT AS REQUIRED BY BIPA

Plaintiff's allegations that Defendants intentionally or recklessly violated BIPA also fail because Plaintiff's Amended Complaint is devoid of any assertions to support their claim that Defendants acted recklessly or intentionally. Rather, Plaintiff asks the Court to summarily determine and declare that Defendants' actions were "willful and/or reckless," and seeks an award of statutory damages without providing any allegations to support such a declaration or award under BIPA. (*See* Am. Compl., ¶ 52). Plaintiff's conclusory assertions are insufficient.

Here, Plaintiff's Amended Complaint simply alleges that "Defendants knew, or were reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet wholly failed to comply with the statute." (Am. Compl. ¶ 43.) In addition to being a misrepresentation of fact, Plaintiff's allegations in this regard should be stricken or dismissed as courts increasingly have done in the absence of any such plausible allegations. *See*, *e.g.*, *Namuwonge*, 418 F. Supp. 3d at 286 ("[Plaintiff] does not allege any substantive details regarding whether the allegations were reckless or intentional….Thus, [Plaintiff]'s claim for damages based on intentional and reckless conduct is dismissed."); *Rogers v. CSX Intermodal Terminals, Inc.*, No. 19 C 2937, 409 F. Supp. 3d 612, 619 (N.D. Ill. Sept. 5, 2019) ("Rogers' conclusory statement of CSX's intent is insufficient to allow us to infer that CSX acted intentionally or recklessly.").

### IV. THE ILLINOIS WORKERS COMPENSATION ACT PROVIDES PLAINTIFF'S EXCLUSIVE REMEDY

Although Plaintiff does not allege that she was employed by either Defendant (and if so, which Defendant), the Illinois Workers' Compensation Act ("IWCA") also likely preempts

Plaintiff's claims for damages under BIPA.[7]  The IWCA created a system where "in exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for injuries and occupational diseases arising out of and in the course of employment."  *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶12; 43 N.E.3d 108, 111 (Ill. 2015).  "As part of this 'balancing,' the Act further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if he sustains a compensable injury."  *Sharp v. Gallagher*, 95 Ill. 2d 322, 326; 447 N.E.2d 786, 787 (Ill. 1983) (internal quotation omitted).  And to be sure, this exclusivity provision applies to Plaintiff's claims under BIPA because that provision specifically provides that an employee has "[n]o common law *or statutory right* to recover damages from the employer * * * for injuries incurred in the course of her employment." *Richardson v. Cty. of Cook*, 250 Ill. App. 3d 544, 547; 621 N.E.2d 114, 117 (1st Dist. 1993) (emphasis added).[8]  Plaintiff will be unable to establish her burden that an exception to exclusivity applies here.  *Nischan v. Stratosphere Quality, LLC,* 865 F.3d 922, 934 (7th Cir. 2017).  Accordingly, Plaintiff's claim for damages should be dismissed.

## CONCLUSION

In light of the foregoing, Defendants respectfully requests that the Court enter an order dismissing Plaintiff's Amended Complaint with prejudice.

---

[7]     While Defendants acknowledge that the Appellate Court of Illinois First Judicial District recently declined to adopt this argument in *McDonald v. Symphony Bronzeville Park, LLC, et al.*, Case No. 17 CH 11311 (Cir. Ct. Cook County), this case is not binding authority on this Court, and the defendant in *McDonald* intends to seek review by the Illinois Supreme Court.

[8]     *See also* 820 ILCS § 305/5(a) (providing that an employee has "[n]o common law *or statutory right* to recover damages from the employer") (emphasis added); 820 ILCS § 305/11; *Gannon v. Chicago, M., St. P. & P. Ry. Co.*, 13 Ill. 2d 460, 463 (Ill. 1958) ("The language of the [exclusivity] section, read alone, leaves no room for construction [because] it bars any 'statutory right to recover damages for injury'"); *see also, e.g., Vacos v. LaSalle Madison Hotel Co.*, 21 Ill. App. 2d 569, 572; 159 N.E.2d 24, 26 (1st Dist. 1959) (affirmed preemption of employee's statutory damages claimst; the "clear language of [Section 5(a)] bars any right . . . to recover" outside the IWCA); *Carey v. Coca-Cola Bottling Co. of Chicago*, 48 Ill. App. 3d 482, 484; 363 N.E.2d 400, 401-02 (2d Dist. 1977) (same).

**DATED: October 13, 2020**

Respectfully submitted,

ENTERPRISE LEASING COMPANY OF
CHICAGO, LLC and ENTERPRISE
HOLDINGS, INC.

By /s/ *Thomas E. Ahlering*

One of Their Attorneys

Erin Dougherty Foley
*edfoley@seyfarth.com*
Thomas E. Ahlering
*tahlering@seyfarth.com*
Alexandra S. Oxyer
*aoxyer@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of October, 2020, a true and correct copy of the

foregoing document was filed with the Clerk of Court by using the CM/ECF system which will

send notification to the e-mail addresses of all counsel of record denoted on the electronic Mail

Notice List.


<u>/s/*Thomas E. Ahlering*</u>
Thomas E. Ahlering