# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>Defendants. | Case No. 20-cv-03200<br><br>Hon. Manish S. Shah<br><br>Hon. Magistrate Gabriel A. Fuentes |

**DEFENDANTS ENTERPRISE LEASING COMPANY OF CHICAGO, LLC AND ENTERPRISE HOLDINGS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION, IN THE ALTERNATIVE, TO AMEND TO CERTIFY QUESTIONS <u>FOR APPEAL AND STAY PROCEEDINGS PENDING APPEAL</u>**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

LEGAL STANDARD.............................................................................................................. 2

ARGUMENT ........................................................................................................................... 3

I.  THE FACTORS FOR AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) ARE MET RELATIVE TO DEFENDANTS' QUESTIONS .............................. 3

    A.    These Questions Are Purely Questions Of Law ........................................................ 3

    B.    The Questions Are Controlling Issues Of Law ......................................................... 4

    C.    There is a Substantial Ground for Difference of Opinion......................................... 5

    D.    An Immediate Appeal Will Materially Advance the Termination of the Litigation. .................................................................................................................. 8

II. THE COURT SHOULD STAY PROCEEDINGS IN THIS MATTER PENDING APPEAL ................................................................................................................................ 8

CONCLUSION........................................................................................................................ 10

67641090v.4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Walker*,
  488 F.2d 1064 (7th Cir. 1973) ...................................................................................................8

*Ahrenholz v. Bd. of Trustees*,
  219 F.3d 674 (7th Cir. 2000) ...........................................................................................2, 3, 4

*Andrews v. Kowa Printing Corp.*,
  217 Ill. 2d 101 (Ill. 2005) ......................................................................................................5, 6

*Brown v. Mesirow Stein Real Estate, Inc.*,
  7 F. Supp. 2d 1004 (N.D. Ill. 1998) .........................................................................................5

*City of Joliet v. Mid-City Nat'l Bank*,
  No. 05 C 6746, 2008 WL 4889038 (N.D. Ill. June 13, 2008) .................................................8

*Dekeyser v. Thyssenkrupp Waupaca, Inc.*,
  08-C-488, 2009 WL 750278 (E.D. Wis. Mar. 20, 2009) .........................................................2

*Forsythe v. Clark USA, Inc.*,
  224 Ill. 2d 274 (Ill. 2007) ..........................................................................................................6

*Heard v. Becton, Dickinson & Co.*,
  440 F. Supp. 3d 960 (N.D. Ill. 2020) ...................................................................................6, 7

*Ivery v. RMH Franchise Corp.*
  280 F. Supp. 3d 1121 (N.D. Ill. 2017) .....................................................................................5

*Namuwonge v. Kronos, Inc.*,
  418 F. Supp. 3d 279 (N.D. Ill. 2019) .......................................................................................7

*Scheneider v. Cornerstone Pints, Inc.*,
  148 F. Supp. 3d 690 (N.D. Ill. 2015) .......................................................................................5

*Sterk v. Redbox Automated Retail, LLC*,
  672 F.3d 535 (7th Cir. 2012) ....................................................................................................8

*Thrasher-Lyon v CCS Commercial LLC*,
  No. 11 C 04473, 2012 WL 5389722 (N.D. Ill. Nov 2, 2012) ..................................................5

*Wieboldt Stores, Inc. By & Through Raleigh v. Schottenstein Stores Corp.*,
  1989 WL 51068 (N.D. Ill. May 5, 1989) .................................................................................9

**Statutes**

740 ILCS 14/15(b) .................................................................................................................................6

740 ILCS § 14/15 ..................................................................................................................................6

28 U.S.C. § 1292(b) ..................................................................................................................... *passim*

Fair Labor Standards Act ....................................................................................................................5, 6

Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ........................................... *passim*

Illinois Wage Payment and Collection Act ............................................................................................6

**Other Authorities**

Fed. R. App. P. 5(a)(3) .......................................................................................................................1, 2

Rule 8 ..............................................................................................................................................4, 5, 7

In the alternative to their request for relief in their Motion for Reconsideration, filed concurrently with this Motion, Defendants Enterprise Leasing Company of Chicago, LLC ("Enterprise Leasing") and Enterprise Holdings, Inc.'s ("Enterprise Holdings") (collectively, "Defendants") respectfully request that the Court certify questions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3) and stay proceedings until the resolution of such appeal.

## INTRODUCTION

The Court's unnecessary holding, *in dicta,* in its December 21, 2020 Order (ECF No. 30, the "Order") regarding Plaintiff's alternative joint-employer and direct participation theories as to Enterprise Holdings may have wide-reaching ramifications for Illinois companies already subjected to countless BIPA class actions, absent any actual damage. Specifically, the Court's holding may subject corporate entities who had no involvement with the collection, capture, or possession of information—the operative actions in BIPA—to costly litigation, discovery, and significant statutory damages regarding a subsidiary's timekeeping system for its *own* employees. Such a result has no basis in the statutory text and ignores the black-letter principles of corporate structure.

Even worse, the Court's holding leaves the door open to proceed on such a claim where, like here, Plaintiff has not alleged any *specific*, *factual* support that the entity: (1) ever employed her; (2) had any role in the timekeeping system; or (3) actively collected or captured her information. Rather, the Court's holding may allow an individual, like Plaintiff, to proceed on a claim against such an entity based on nothing more than factually unsupported, conclusory allegations of "control" of her "work environment"—words which are repeated frequently in the Order as the crucial inquiry under BIPA—despite not appearing in any form in BIPA's text.

67641090v.4

This rings especially true where the Court credited Plaintiff's allegations that Enterprise Holdings "controlled" Plaintiff's work-environment, which are neither specific, nor factual, but rather legal conclusions based solely on allegations regarding Enterprise Holdings' Code of Conduct ("Code")—which the Court correctly rejected as "misguided," "largely a distraction," and "not a reasonable inference." (Order at 11-12, 14). Indeed, the rejected Code represented the entire factual basis for Plaintiff's inclusion of Enterprise Holdings as a Defendant.

Therefore, Defendants respectfully submit that, in the alternative to the Court's reconsideration of the Order, certification of the questions outlined herein for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is appropriate.

## **LEGAL STANDARD**

Certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is warranted when a case "(1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The purpose of § 1292(b) is to "obviate the need for protracted and expensive litigation." *Dekeyser v. Thyssenkrupp Waupaca, Inc*., 08-C-488, 2009 WL 750278, at *2 (E.D. Wis. Mar. 20, 2009). The Seventh Circuit has outlined a four-factor test to assess whether the elements of § 1292(b) have been met: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000). Although certification of an order under § 1292(b) is discretionary, it is "the duty of the district court . . . to allow an immediate appeal to be taken when the statutory criteria [in § 1292(b)] are met." *Id.* at 67. Pursuant to Fed. R. App. P. 5(a)(3), a district court may amend an Order in response to a Party's motion, to include the required permission to appeal.

# ARGUMENT

## I. THE FACTORS FOR AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) ARE MET RELATIVE TO DEFENDANTS' QUESTIONS

In the alternative to Defendants' request that the Court reconsider its Order,[1] Defendants seek amendment of the Order certifying the following questions for appeal to the Seventh Circuit Court of Appeals ("the Questions"):

1. Whether a joint employer theory of liability is available under Sections 15(a), 15(b) or 15(d) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA").

2. Whether a direct participation theory of liability is available under Sections 15(a), 15(b) or 15(d) of BIPA.

3. Whether general allegations related to a holding company's purported "control" over subsidiary employees' "work environment," including "employee timekeeping, employee privacy, employee discipline, and the scope of acceptable employee behavior" are sufficient to plausibly state a claim that a private directly violated BIPA.

4. If the answer to Questions 1 and/or 2 above are "yes," whether general allegations related to a holding company's purported "control" over subsidiary employees' "work environment," including "employee timekeeping, employee privacy, employee discipline, and the scope of acceptable employee behavior" are sufficient to plausibly state a claim that a private entity is liable under BIPA through joint-employer or direct participant theories.

As set forth below, all of the factors for an interlocutory appeal under 28 U.S.C. § 1292(b) are met relative to the Questions.

### A. These Questions Are Purely Questions Of Law

The questions presented here are pure questions of law that do not require a study of the record. The Seventh Circuit has established that a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine[.]" *Ahrenholz*, 219 F.3d at 676 (quoting 28 U.S.C. § 1292(b)). A pure question of law is one that "the court of appeals could decide quickly and cleanly without having

---

[1] Defendants hereby incorporate their Motion For Reconsideration and Memorandum of Law In Support in their entirety, including their discussion and description of the Court's Order.

to study the record[.]" *Id.* Ultimately, "district judges should use section 1292(b) when it should be used, avoid it when it should be avoided, and remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* As the Questions presented here are purely legal questions involving Rule 8 pleading standards and the meaning of the BIPA statute that were decided at the pleadings stage (where a record has yet to be developed), the Questions easily meet the first § 1292(b) factor.

    **B.**  **The Questions Are Controlling Issues Of Law**

In addition to being pure questions of law, the Questions are controlling because their answers could dispose of the claims against Enterprise Holdings. *See, e.g.*, *Ahrenholz*, 219 F.3d at 675-77 (stating that an issue is controlling if it can "head off protracted, costly litigation.").

*First*, should Plaintiff's alternative theories be unavailable to pursue claims against Enterprise Holdings, it would foreclose a significant area of litigation relative this matter, as a potentially fact-intensive inquiry into Plaintiff's alternative joint employer and direct participation theories would be unnecessary.

*Second*, if Plaintiff's general allegations of Enterprise Holdings' "control" of her "work environment" are not sufficient to state claims that Enterprise Holdings violated the requirements of the BIPA, her claims as to Enterprise Holdings must be dismissed. This is especially the case where the Court only reached Plaintiff's alternative theories, *in dicta*, "because plaintiff acknowledges that discovery may reveal that Enterprise Holdings did not directly collect, retain, and disclose biometric data." (Order at 13). Even assuming*, arguendo*, the Seventh Circuit answers Questions 1 & 2 in the affirmative, if the answers to Questions 3 & 4 are "no," then Plaintiff's claims against Enterprise Holdings must nonetheless be dismissed. These are textbook controlling questions, satisfying the second § 1292(b) factor.

### C. There is a Substantial Ground for Difference of Opinion

There is substantial ground for a difference of opinion with respect to these Questions. This Court has stated that a substantial ground for difference of opinion exists when "there is conflicting authority on the issue" or where "the issue is particularly difficult and of first impression." *Thrasher-Lyon v CCS Commercial LLC*, No. 11 C 04473, 2012 WL 5389722 at *3 (N.D. Ill. Nov 2, 2012). This Court also considers whether the "controlling court of appeals has decided the issue." *Brown v. Mesirow Stein Real Estate, Inc.*, 7 F. Supp. 2d 1004, 1008 (N.D. Ill. 1998). Neither the Seventh Circuit Court of Appeals nor the Illinois Supreme Court has addressed the issue of whether joint employer or direct participation theories are available in the BIPA context, and there exists a substantial ground for difference of opinion on these Questions and the Question relative to Plaintiff Complaint's compliance with Rule 8's pleading requirements.

First, there is no statutory support for the notion that joint employer or direct participation theories are available to establish liability under the BIPA, nor have any other courts reached similar conclusions in the BIPA context. The Court's holding, *in dicta*, that Enterprise Holdings can potentially be liable under a joint employer theory relies on the incorrect assumption that being an "employer" is at all relevant to claims brought under BIPA. As recognized by this Court in *Scheneider v. Cornerstone Pints, Inc.*, a joint employer analysis turns on the question as to whether an entity is an "employer," as necessary for liability to attach under certain employment laws such as the Fair Labor Standards Act ("FLSA"). 148 F. Supp. 3d 690, 696 (N.D. Ill. 2015) (Shah, J.); *see also Ivery v. RMH Franchise Corp.* 280 F. Supp. 3d 1121, 1131 (N.D. Ill. 2017) ("[T]he language of the statute should be the starting place for a determination of Ivery's [employment] status vis-à-vis [alleged joint-employer]"); *Andrews v. Kowa Printing Corp.*, 217 Ill. 2d 101, 105–06 (Ill. 2005) (noting in the joint-employment context that whether

or a not a defendant is an "employer *as defined in [the statute]*" is a "question of statutory interpretation," which requires the statute be "given its plain and ordinary meaning.") (emphasis added); *id.* (proceeding to analyze the definition of "employer" under the Illinois Wage Payment and Collection Act for purposes of same). Unlike the FLSA, BIPA is not explicitly an employment-related statute, nor is a determination as to whether an entity is an "employer" a relevant or necessary element or inquiry. Instead, BIPA regulates any "private entity" that is in "possession" of, or has "collect[ed], capture[d], purchase[d], receive[d] through trade, or otherwise obtain[ed]" an individual's biometric information. 740 ILCS § 14/15. As recently held by Chief Judge Rebecca Pallmeyer in dismissing a BIPA class action:

> [F]or Section 15(b)'s requirements to apply, an entity must, at a minimum, take an active step to "collect, capture, purchase, receive through trade, or otherwise obtain" biometric data. 740 ILCS 14/15(b). [Plaintiff] has not adequately pleaded that [Defendant] took such any such step. For example, [Plaintiff] repeatedly alleges that [Defendant] 'collected' his biometric data without alleging how, when, or any other factual detail."

*Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 966 (N.D. Ill. 2020). There is nothing in BIPA's language that suggests that being a joint employer can impute liability to an entity for alleged violations of BIPA where such entity did not take any "active steps" to collect, capture, purchase, receive through trade, or otherwise obtain biometric data. Here, the Court did not analyze whether BIPA permits liability under a joint-employer" theory where the statute does not require that an entity be an "employer"—nor does BIPA even include the word "employer."

Further, there is little support for why a direct participation theory would be available in this context. As the Supreme Court of Illinois has explained, a direct participation theory exists "[w]here there is evidence sufficient to prove that a parent company mandated an overall business and budgetary strategy and carried that strategy out by its own specific direction or authorization, surpassing the control exercised as a normal incident of ownership in disregard for the interests of the subsidiary." *Forsythe v. Clark USA, In*c., 224 Ill. 2d 274 (Ill. 2007).

6

However, there is again no explanation for why such a concept would apply in the BIPA context, which again only applies to entities that that are in "possession" of, or have "collect[ed], capture[d], purchase[d], receive[d] through trade, or otherwise obtain[ed]" an individual's biometric information, much less here where Plaintiff has not alleged any factual support in support of the direct participation factors, and in fact, failed to cite to any specific factual allegations for these propositions at all.

Second, there is substantial room for a difference of opinion as to whether Plaintiff satisfied Rule 8 pleading standards to state a claim under BIPA against Enterprise Holdings under *any* theory. As discussed above, BIPA's regulations apply only to entities that actively collect, capture, purchase, receive through trade, or otherwise obtain biometric data or possess biometric data. *See Heard*, 440 F. Supp. 3d at 965-66; *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 286 (N.D. Ill. 2019) (same). The question of whether the Complaint plausibly alleges that Enterprise Holdings, directly and actively, collected, captured, or possessed Plaintiff's information is a separate question from the alternative theories of liability argued by Plaintiff. (See Order at 11-13 (distinguishing "Direct Liability" from "Direct-Participant or Joint-Employer Liability")). However, the Court based its holding solely on mere allegations regarding Enterprise Holdings purported "control" over Plaintiff's "work environment." (Order at 12) (citing Compl. ¶¶ 22, 26)). Such a holding directly conflicts with the standards outlined in *Heard* and *Namuwonge*, highlighting that this issue has substantial ground for a difference of opinion.

Moreover, this is especially true where the allegations of the Complaint upon which the Court based its holding, *i.e.*, that Enterprise Holdings "controlled [Plaintiff's] work environment" are not allegations of specific fact, but rather legal conclusions that should have been afforded no weight by the Court. The Court's acceptance of these allegations also directly

7

contradicts the Court's rejection of Enterprise Holdings' Code of Conduct—which represented the entire factual basis for Plaintiff's inclusion of Enterprise Holdings as a Defendant for these precise conclusions. Further, the Court failed to analyze or explain how Plaintiff's general allegations that Enterprise Holdings "controlled her work environment" were applicable in the context of the cited joint employer and direct participation factors, and in fact, failed to cite to any specific factual allegations for these propositions at all.

### D. An Immediate Appeal Will Materially Advance the Termination of the Litigation.

An immediate interlocutory appeal under § 1292(b) that addresses these Questions will materially advance this litigation. *See Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (all § 1292(b) requires is that an immediate appeal "may materially advance the ultimate termination of the litigation"). As outlined above, a finding on appeal in Defendants' favor would result in dismissal of Plaintiff's claims against Enterprise Holdings and would thus materially advance this litigation. *See City of Joliet v. Mid-City Nat'l Bank*, No. 05 C 6746, 2008 WL 4889038, at *2 (N.D. Ill. June 13, 2008) (a question of law can materially advance litigation where court "may well be required to dismiss this case" if defendant prevails). Accordingly, these Questions should be certified for appeal, as they meet the standards outlined in § 1292(b).

## II. THE COURT SHOULD STAY PROCEEDINGS IN THIS MATTER PENDING APPEAL

A stay pending appeal is appropriate when the following criteria are met: (1) whether appellant has made a showing of likelihood of success on appeal; (2) whether appellant has demonstrated a likelihood of irreparable injury absent a stay; (3) whether a stay would substantially harm other parties to the litigation; and (4) where the public interest lies. *Adams v.*

*Walker*, 488 F.2d 1064, 1065 (7th Cir. 1973). These criteria are satisfied here and, accordingly, the Court should stay these proceedings pending Defendants' appeal.

*First*, based on the above analysis, there is a substantial likelihood of success on appeal, as the plain text of the BIPA supports Defendants' position, as outlined above.

*Second*, because resolution of these issues could dispose of the claims against Enterprise Holdings, there would be irreparable injury to Enterprise Holdings should this litigation continue pending appeal:

> The court also grants defendants' motion to stay further proceedings pending the outcome of the appeal. Section 1292(b) permits a district judge to certify interlocutory orders for immediate appeal in order to protect the parties from the expense of continued litigation when the issues are of such magnitude and importance that reversal would terminate or substantially narrow the scope of the proceedings. Because reversal of the Orders of this court could terminate this litigation in whole or in part, the court deems a stay appropriate to protect both Wieboldt and the defendants from costly and time-consuming discovery and other proceedings.

*Wieboldt Stores, Inc. By & Through Raleigh v. Schottenstein Stores Corp.*, 1989 WL 51068, at *2 (N.D. Ill. May 5, 1989) (internal citations and quotations omitted).

*Third*, a stay will not substantially harm Plaintiff in this matter. Should these matters be resolved in Enterprise Holdings' favor, a stay of this matter would save *both* parties from engaging in costly and time-consuming litigation as to Enterprise Holdings that could ultimately be rendered irrelevant. Finally, there is public interest in staying this matter pending appeal, as litigation relative to Enterprise Holdings' status as a joint employer or its direct participation in these issues is likely to result in substantial discovery and motion practice with the Court. As it would be a waste of judicial resources to litigate these issues only to have them obviated after an appeal, it is in the public interest to stay this matter pending the outcome of the appeal.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' request that the Court certify the Questions for interlocutory appeal to the Seventh Circuit pursuant to 28 U.S.C. § 1292(b). Defendants also request that the case be stayed, including Defendants' deadline to answer the Complaint, pending resolution of the appeal.

| | |
|---|---|
| **DATED: January 20, 2021** | Respectfully submitted, |
| | ENTERPRISE LEASING COMPANY OF CHICAGO, LLC and ENTERPRISE HOLDINGS, INC. |
| | By /s/ *Thomas E. Ahlering* |
| | One of Their Attorneys |

Erin Dougherty Foley
*edfoley@seyfarth.com*
Thomas E. Ahlering
*tahlering@seyfarth.com*
Alexandra S. Oxyer
*aoxyer@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

10

67641090v.4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send notification to the e-mail addresses of all counsel of record denoted on the electronic Mail Notice List.

/s/*Thomas E. Ahlering*
Thomas E. Ahlering

67641090v.4