# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAWON A. WORDLAW, on behalf of
herself and all others similarly situated,

                Plaintiffs,

     v.

ENTERPRISE LEASING COMPANY OF
CHICAGO, LLC; ENTERPRISE
HOLDINGS, INC.,

                Defendants.

Case No. 20-cv-03200

Hon. Manish S. Shah

Hon. Magistrate Gabriel A. Fuentes

## ANSWER TO CLASS ACTION COMPLAINT

Defendants ENTERPRISE LEASING COMPANY OF CHICAGO, LLC and

ENTERPRISE HOLDINGS, INC., by and through their attorneys, Seyfarth Shaw LLP, hereby

submit their Answer to Plaintiff's Class Action Complaint as follows:

### INTRODUCTION

**COMPLAINT ¶1:**

    BIPA defines a "biometric identifier" as any personal feature that is unique to an
individual, including handprints, fingerprints and palm scans. "Biometric information" is any
information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS
§ 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

**ANSWER:**

    Defendants admit that this Paragraph purports to paraphrase portions of 740 ILCS 14/10.

Answering further, Defendants state the cited statute speaks for itself and, accordingly, deny any

remaining allegations in this Paragraph.

**COMPLAINT ¶2:**

    This case concerns the misuse of individuals' biometrics by Defendants, providers of
automobile rental services throughout Illinois. Using biometric enabled technology, Defendants

are capturing, collecting, storing, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time at work.

**ANSWER:**

Defendants deny the allegations in Paragraph 2.

**COMPLAINT ¶3:**

BIPA provides, inter alia, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform the person whose biometrics are to be collected in writing that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receive a written release from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of 740 ILCS

14/15(a). Answering further, Defendants state the cited statute speaks for itself and, accordingly,

deny any remaining allegations in this Paragraph.

**COMPLAINT ¶4:**

Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an informed decision when electing whether to provide or withhold biometrics.

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of the BIPA.

Answering further, Defendants state the cited statute speaks for itself and, accordingly, deny any

remaining allegations in this Paragraph.

67910870v.4

**COMPLAINT ¶5:**

Defendants use biometric timekeeping devices to track their employees' work hours. Defendants' system works by scanning their employees' biometric identifiers, such as their fingerprints, and subsequently using the same for authentication and timekeeping purposes. On information and belief, the system includes the dissemination of biometrics to third parties, such as other Enterprise subsidiaries, data storage vendors, and payroll service providers..

**ANSWER:**

Defendants deny the allegations in Paragraph 5.

**COMPLAINT ¶6:**

The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of 740 ILCS 14/5.

Answering further, Defendants state the cited statute speaks for itself and, accordingly, deny any

remaining allegations in this Paragraph.

**COMPLAINT ¶7:**

Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiff's biometric privacy rights.

**ANSWER:**

Defendants admit that Plaintiff brings this action for statutory damages and other

remedies. Defendants deny the remaining allegations in Paragraph 7.

**COMPLAINT ¶8:**

On Plaintiff's own behalf, and on behalf of the proposed Class and Subclass defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class and Subclass members, together with costs and reasonable attorneys' fees.

**ANSWER:**

Defendants admit that Plaintiff purports brings this action on her own behalf and on

behalf of a proposed Class and Subclass for statutory damages and other remedies. Defendants

deny that Plaintiff or the proposed Class and Subclass are entitled to any relief, deny that class

certification is appropriate, and deny the remaining allegations in Paragraph 8.

**PARTIES**

**COMPLAINT ¶9:**

At all relevant times, Plaintiff Dawon A. Wordlaw has been a resident and a citizen of the
state of Illinois.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this Paragraph, and therefore deny them.

**COMPLAINT ¶10:**

Defendant Enterprise Holdings, Inc. is a corporation organized under the laws of the state
of Missouri, with its principal place of business in St. Louis, Missouri, that conducts substantial
business throughout Illinois, including within this District. Defendant Enterprise Holdings, Inc.
is the corporate parent, and sole member, of Defendant Enterprise Leasing Company of Chicago,
LLC. Defendant Enterprise Holdings, Inc.'s President and Chief Executive Officer, Christine
Taylor, Executive Chairman, Andrew Taylor, and Chief Financial Officer, Rick Short, are
registered with the Illinois Secretary of State as the managers of Enterprise Leasing Company of
Chicago, LLC.

**ANSWER:**

Defendants admit that Defendant Enterprise Holdings, Inc. is a corporation organized

under the laws of the state of Missouri, with its principal place of business in St. Louis, Missouri.

Defendants also admit that Enterprise Holdings, Inc. is the corporate parent, and sole member, of

Defendant Enterprise Leasing Company of Chicago, LLC. Defendants further admit that

Enterprise Holdings, Inc.'s President and Chief Executive Officer, Christine Taylor, Executive

Chairman, Andrew Taylor, and Chief Financial Officer, Rick Short, are registered with the

4

Illinois Secretary of State as the managers of Enterprise Leasing Company of Chicago, LLC.

Defendants deny the remaining allegations in Paragraph 10.

## COMPLAINT ¶11:

Defendant Enterprise Leasing Company of Chicago, LLC is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Lombard, Illinois, that conducts substantial business throughout Illinois, and is registered with and authorized by the Illinois Secretary of State to transact business in Illinois, including under the assumed name "Enterprise Holdings." Defendant Enterprise Leasing Company of Chicago, LLC is a regional subsidiary of Defendant Enterprise Holdings, Inc.

## ANSWER:

Defendants admit that Defendant Enterprise Leasing Company of Chicago, LLC is a

limited liability company organized under the laws of the state of Delaware, with its principal

place of business in Lombard, Illinois, that conducts business throughout Illinois, and is

registered with and authorized by the Illinois Secretary of State to transact business in Illinois.

Defendants further admit that Enterprise Leasing Company of Chicago, LLC is a subsidiary of

Defendant Enterprise Holdings, Inc. Defendants deny the remaining allegations in Paragraph 11.

## JURISDICTION AND VENUE

## COMPLAINT ¶12:

This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) et seq., because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection § 1332(d) apply.

## ANSWER:

Defendants admit that this Court has subject matter jurisdiction over this matter but deny

that they have violated any federal or state law or that Plaintiff is entitled to any relief

whatsoever.

**COMPLAINT ¶13:**

This Court may assert personal jurisdiction over Defendants, because Defendants do business within Illinois and transact business in Illinois such that they have sufficient minimum contacts with Illinois and/or have purposely availed themselves of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendants, and because Plaintiff's claims arise out of Defendants' unlawful in-state actions.

**ANSWER:**

Defendants state that the allegations in Paragraph 13 are legal conclusions to which no

response is required, and therefore deny the allegations contained in this Paragraph.

**COMPLAINT ¶14:**

Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District..

**ANSWER:**

Defendants admit that venue is proper in this Court but deny that they have violated any

federal or state law or that Plaintiff is entitled to any relief whatsoever.

**GENERAL FACTUAL ALLEGATIONS**

**COMPLAINT ¶15:**

Defendants jointly operate automobile rental services in Illinois.

**ANSWER:**

Defendants deny the allegations in Paragraph 15.

**COMPLAINT ¶16:**

Defendant Enterprise Holdings, Inc. exercises substantial control over its regional subsidiaries', such as Defendant Enterprise Leasing Company of Chicago, LLC's, business practices and employee management practices, including with respect to employee privacy and data protection matters..

**ANSWER:**

Defendants deny the allegations in Paragraph 16.

67910870v.4

**COMPLAINT ¶17:**

In fact, Defendant Enterprise Holdings, Inc. maintains a public Code of Conduct, addressing employee management matters, which refers to its regional subsidiaries' employees as "our employees" and expressly governs its regional subsidiaries' employee management practices, referring to itself and its subsidiaries as a collective "Company": "The word 'Company,' where used in the Code, refers to Enterprise Holdings, Inc., Enterprise Fleet Management, Inc., and/or, in their individual capacities, each subsidiary company."

**ANSWER:**

Defendants admit that Enterprise Holdings, Inc. maintains a public Code of Conduct.

Defendants admit that this Paragraph purports to paraphrase portions of the Code of Conduct.

Defendants deny the remaining allegations in this Paragraph.

**COMPLAINT ¶18:**

The Code of Conduct expressly applies to all those within "the Company," including, by definition, employees of Defendant Enterprise Holdings, Inc.'s regional subsidiaries:



**WHO SHOULD FOLLOW THE CODE?**

The Code applies to all of us regardless of our position within the Company. All of us are expected to follow the principles outlined in the Code and Company policies, to act with integrity in all business transactions, and to treat each other with respect at all times. Doing what is right is a personal responsibility and must always be an integral part of the Company's mission. Additionally, we expect that Company suppliers, business partners, consultants, and licensees and franchisees will follow similar principles. Our Supplier Code of Conduct and Franchisee Code of Conduct explain more about this expectation.

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of the Code of Conduct.  Defendants deny the remaining allegations in this Paragraph.

**COMPLAINT ¶19:**

With respect to employee privacy, the Code of Conduct states that Enterprise Holdings, Inc. and its subsidiaries protect sensitive information, including employees' personal information, "by limiting access to those who have a business need to know it, securing the systems that transmit or store it, and ensuring our use of the information complies with privacy laws":

> To protect our brand and maintain our competitive advantage in the marketplace, we also have a duty to protect the Company's intangible assets: confidential information and intellectual property. This includes customer and employee personal information, trade secrets, financial information, computer files, vehicle telematics data, customer lists, and marketing plans. We protect this information, in part, by limiting access to those who have a business need to know it, securing the systems that transmit or store it, and ensuring our use of the information complies with privacy laws. This means, in part, that we properly collect and use personal information in accordance with our Privacy Principles, Global Privacy Policy, and Personnel Policies Summary. As a rule, we take every precaution necessary to avoid the improper release of proprietary or confidential information. For more information, refer to the Data Classification Policy.

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of the Code of Conduct. Answering further, Defendants state the cited document speaks for itself and, accordingly, deny any remaining allegations in this Paragraph.

**COMPLAINT ¶20:**

The Code of Conduct also provides that Enterprise Holdings, Inc. and its subsidiaries are "committed to protecting the privacy of its employees' private information":

**WE RESPECT
EMPLOYEE PRIVACY**

The Company is committed to protecting the privacy
of its employees' private information, including their
protected health information. We will act in compliance
with all applicable laws regarding the accessing,
receipt, use, or disclosure of employee health
or medical information.

**For more information, please refer to the
Personnel Policies Summary.**

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of the Code of

Conduct. Answering further, Defendants state the cited document speaks for itself and,

accordingly, deny any remaining allegations in this Paragraph.

**COMPLAINT ¶21:**

As is evident from the Code of Conduct, Defendant Enterprise Holdings, Inc. and its
regional subsidiaries, including Defendant Enterprise Leasing Company of Chicago, LLC,
subscribe to common policies, implemented by Enterprise Holdings, Inc., covering various areas
of employee management, and do not observe corporate formalities with respect to employee
management. Defendant Enterprise Holdings, Inc. speaks for its regional subsidiaries when it
comes to managing employee privacy, and has publicly stated both its intention and its regional
subsidiaries' intentions to comply with all privacy laws.

**ANSWER:**

Defendants deny the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Thus, on information and belief, at all relevant times Defendant Enterprise Holdings, Inc.
has exercised primary, if not exclusive, control over its subsidiaries', including Defendant
Enterprise Leasing Company of Chicago, LLC's, practices with respect to employee privacy
matters and other employment conditions.

**ANSWER:**

Defendants deny the allegations in paragraph 22.

**COMPLAINT ¶23:**

As is evident from its Code of Conduct, Defendant Enterprise Holdings, Inc. had the exclusive final say as to whether its regional subsidiaries would comply with all privacy laws, including BIPA.

**ANSWER:**

Defendants deny the allegations in Paragraph 23.

**COMPLAINT ¶24:**

As is evident from its Code of Conduct, which does not differentiate between itself and its regional subsidiaries, Defendant Enterprise Holdings, Inc. has engaged in an undertaking to ensure legally-compliant and sufficient working conditions, which includes ensuring workers within its facilities are not subject to illegal working conditions, such as non-compliant biometric timekeeping systems and conduct by its subsidiaries that jeopardizes health, safety, or personal data..

**ANSWER:**

Defendants deny the allegations in Paragraph 24.

## FACTS SPECIFIC TO PLAINTIFF

**COMPLAINT ¶25:**

In 2016, while Plaintiff was working for Defendants at an Enterprise facility in Cook County, Illinois, Defendants implemented biometric scanning and time-tracking devices and technology to monitor and manage their workers', including Plaintiff's, work hours.

**ANSWER:**

Defendants deny the allegations in Paragraph 25.

**COMPLAINT ¶26:**

While Plaintiff received her paychecks from Defendant Enterprise Leasing Company of Chicago, LLC, the conditions of her work environment, including matters pertaining to employee timekeeping, employee privacy, employee discipline, and the scope of acceptable employee behavior, were controlled by Defendant Enterprise Holdings, Inc.

**ANSWER:**

Defendants admit that Plaintiff received her paychecks from Enterprise Leasing

Company of Chicago, LLC. Defendants deny the remaining allegations in Paragraph 26.

**COMPLAINT ¶27:**

Until Plaintiff left Defendants' employ in March 2019, Plaintiff was required to scan her biometric identifiers, in the form of her fingerprints, each time Plaintiff clocked in and clocked out of a shift at work..

**ANSWER:**

Defendants admit that Plaintiff left Enterprise Leasing Company of Chicago, LLC's

employ in March 2019. Defendants deny the remaining allegations in Paragraph 27.

**COMPLAINT ¶28:**

Plaintiff relied on Defendants to not only provide a lawful and legally compliant biometric timekeeping system, but to also disclose all material information regarding the technology and system, including all relevant retention, destruction, and dissemination policies.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this Paragraph, and therefore deny them.

**COMPLAINT ¶29:**

Prior to taking Plaintiff's biometrics, Defendants did not inform Plaintiff in writing that her biometrics were being collected, stored, used, or disseminated, or provide her with any disclosures relating to their collection, storage, or dissemination of her biometrics.

**ANSWER:**

Defendants deny the allegations in Paragraph 29.

**COMPLAINT ¶30:**

Defendants did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of Plaintiff's biometrics.

**ANSWER:**

Defendants deny the allegations in Paragraph 30.

**COMPLAINT ¶31:**

Prior to taking Plaintiff's biometrics, Defendants did not make publicly available any written policy as to a biometric retention schedule, nor did Defendants disclose any guidelines for permanently destroying her collected biometrics..

67910870v.4

**ANSWER:**

Defendants deny the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Additionally, Defendants did not obtain consent from Plaintiff to disseminate Plaintiff's biometrics to third parties, including any data storage or payroll processing vendors.

**ANSWER:**

Defendants deny the allegations in Paragraph 32.

## CLASS ALLEGATIONS

**COMPLAINT ¶33:**

Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this action individually and on behalf of a Class and Subclass defined as follows:

Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant Enterprise Holdings, Inc. within the state of Illinois at any time within the applicable limitations period.

Subclass: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant Enterprise Leasing Company of Chicago, LLC within the state of Illinois at any time within the applicable limitations period..

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action on behalf of a Class and

Subclass but deny that Plaintiff or any putative members of the Class or Subclass are entitled to

any relief whatsoever, and deny that class certification is appropriate.

**COMPLAINT ¶34:**

Excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action on behalf of a Class and

Subclass but deny that Plaintiff or any putative members of the Class or Subclass are entitled to

any relief whatsoever, and deny that class certification is appropriate.

67910870v.4

**COMPLAINT ¶35:**

Upon information and belief, there are at least hundreds of members of the Class, making the Class members so numerous that joinder of all members is impracticable. Although the exact number of Class members is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

**ANSWER:**

Defendants deny the allegations in Paragraph 35.

**COMPLAINT ¶36:**

Plaintiff's claims are typical of the claims of the Class members Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations.

**ANSWER:**

Defendants deny the allegations in Paragraph 36.

**COMPLAINT ¶37:**

There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members.

Common questions for the Class include, but are not limited to, the following:

a. Whether Defendants' conduct is subject to BIPA;

b. Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

c. Whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

d. Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

e. Whether Defendants' conduct violates BIPA;

f. Whether Defendants' violations of the BIPA are willful or reckless; and

g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

**ANSWER:**

Defendants deny the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication..

**ANSWER:**

Defendants deny the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

**ANSWER:**

Defendants deny the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER:**

Defendants deny the allegations in Paragraph 40.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 720 ILCS 14/1, *et seq.***
**(On behalf of Plaintiff and the Class and Subclass)**

**COMPLAINT ¶41:**

Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**

Defendants incorporate their previous responses as if fully set forth herein.

**COMPLAINT ¶42:**

Defendants are each a private entity under BIPA.

**ANSWER:**

Defendants state that the allegations in Paragraph 42 are legal conclusions to which no

response is required, and therefore deny the allegations contained in this Paragraph.

**COMPLAINT ¶43:**

BIPA requires private entities, such as Defendants, to obtain informed written consent
from individuals before acquiring their biometric information. Specifically, BIPA makes it
unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or
customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the
subject . . . in writing that a biometric identifier or biometric information is being collected or
stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a
biometric identifier or biometric information is being captured, collected, stored, and used; and
(3) receives a written release executed by the subject of the biometric identifier or biometric
information . . . ." 740 ILCS 14/15(b).

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of 740 ILCS

14/15(b). Answering further, Defendants state the cited statute speaks for itself and, accordingly,

deny any remaining allegations in this Paragraph.

**COMPLAINT ¶44:**

BIPA also requires that private entities in possession of biometric identifiers and/or
biometric information establish and maintain a publicly available biometric retention and
destruction policy.

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of BIPA.

Answering further, Defendants state the cited statute speaks for itself and, accordingly, deny any

remaining allegations in this Paragraph.

67910870v.4

**COMPLAINT ¶45:**

Plaintiff and the other Class and Subclass members have had their "biometric identifiers," namely their fingerprints, collected, captured, or otherwise obtained by Defendants in order to track their work hours. Plaintiff and the other Class and Subclass members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

**ANSWER:**

Defendants deny the allegations in Paragraph 45.

**COMPLAINT ¶46:**

Each instance Plaintiff and the other Class and Subclass members were required to scan their fingerprints, Defendants captured, collected, stored, and/or used Plaintiff's and the other Class and Subclass members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

**ANSWER:**

Defendants deny the allegations in Paragraph 46.

**COMPLAINT ¶47:**

Defendants' practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a. Defendants failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendants failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendants failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e. Defendants failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f. Defendants failed to obtain informed consent to disclose or disseminate the Class' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 47.

**COMPLAINT ¶48:**

By capturing, collecting, storing, and using Plaintiff's and the Class' biometrics as described herein, Defendants denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

**ANSWER:**

Defendants deny the allegations in Paragraph 48.

**COMPLAINT ¶49:**

BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

**ANSWER:**

Defendants admit that this Paragraph purports to paraphrase portions of 740 ILCS

14/20(1)-(2). Answering further, Defendants state the cited statute speaks for itself and,

accordingly, deny any remaining allegations in this Paragraph.

**COMPLAINT ¶50:**

Defendants knew, or were reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet wholly failed to comply with the statute. As is evident from Defendants' Code of Conduct, Defendants represent that they strive to stay abreast of and comply with applicable privacy laws, but failed to do so with respect to BIPA:



**ANSWER:**

Defendants deny the allegations in Paragraph 50.

**COMPLAINT ¶51:**

Alternatively, Defendants negligently failed to comply with BIPA.

**ANSWER:**

Defendants deny the allegations in Paragraph 51.

**COMPLAINT ¶52:**

Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class and Subclass, respectfully requests that this Court enter an Order:

a. Certifying the Class and Subclass as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

67910870v.4

**ANSWER:**

Defendants deny that Plaintiff has any viable claims against Defendants or that she is entitled to any relief, and deny that class certification is appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

**ANSWER:**

Defendants admit that Plaintiff demands a trial by jury but deny that Plaintiff has any viable claims against Defendants or that she is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional affirmative defenses as may become available or apparent during the course of this litigation.

### First Affirmative Defense
### (Assumption of the Risk)

Plaintiff had actual and constructive knowledge of the risks inherent in the use of the system alleged in the Complaint. Nonetheless, Plaintiff voluntarily undertook such risks and to the extent that Plaintiff suffered any injury, the proximate cause of such injury was not a negligent action nor omission by Defendants. Thus, to the extent that Plaintiff allegedly suffered an injury from placing her hand or finger on a hand- or fingerprint-scanner, any recovery against Defendants should be barred or reduced by the degree to which Plaintiff voluntarily assumed the risks inherent in her use of the system alleged in the Complaint and any resulting injury therefrom.

### Second Affirmative Defense
### (Consent)

Plaintiff's claims are barred in whole or in part because Plaintiff and other members of the putative Class and Subclass consented to the practices she challenges by expressly and/or impliedly agreeing to the use of the system alleged in the Complaint.

### Third Affirmative Defense
### (Waiver/Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver. Upon information and belief, Plaintiff and the putative class members approved and, in some cases, participated in the conduct Plaintiff now complains of. As a result, Plaintiff and the putative class members are barred from bringing BIPA claims under the doctrine of waiver.

### Fourth Affirmative Defense
### (Statute of Limitations)

Plaintiff and the purported class's claims are barred to the extent that Plaintiff and the putative class members failed to bring their causes of action with respect to certain of the alleged violations within the periods required by the statutes of limitations, as Plaintiff and members of the putative class members utilized the timekeeping systems at issue in the Complaint outside of the applicable and appropriate limitations period(s).

### Fifth Affirmative Defense
### (Due Process)

The individual and class claims for damages asserted in this case are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiff alleges that they and the putative class members she seeks to represent are entitled to recover $1,000 in statutory damages for each alleged negligent violation of BIPA and $5,000 in statutory damages for each alleged willful and/or reckless violation of BIPA. Plaintiff and the putative class members have not suffered any harm as a result of the conduct alleged. The statutory damages potentially available under BIPA are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and the putative class members, and therefore any award of statutory damages to the Plaintiff or putative class members would violate Defendants' due process rights.

**Sixth Affirmative Defense**
**(Good Faith)**

The claims are barred in whole or in part by Defendants' good faith, and the absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to one or both of Defendants' conduct, Defendants are not liable because they both relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

**Seventh Affirmative Defense**
**(Ratification/Acquiescence)**

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiff and the putative class members approved and, in some cases, participated in the complained-of conduct, by agreeing to and assisting in implementing the system as alleged in the Complaint. As a result, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

**Eighth Affirmative Defense**
**(Substantial Compliance)**

The claims are barred in whole or in part because, to the extent that BIPA applies to the conduct alleged (which Defendants deny), Defendants substantially complied with the requirements of BIPA.

**Ninth Affirmative Defense**
**(Intervening/Superseding Cause)**

Plaintiff's claims, or a portion of them, if any, are barred because any damages incurred were caused by intervening or superseding causes, and not as a result of any action or omission of Defendants. Such intervening or superseding causes include but are not limited to any actions or omissions by third-parties.

**Tenth Affirmative Defense**
**(Unenforceable Penalty)**

Plaintiff's prayer for relief is barred in whole or in part because the recovery of statutory damages would not be a reasonable estimate of actual damages. Instead, such recovery amounts

to a disparate penalty, akin to punitive damages for strict liability, and should be deemed unenforceable.

### Eleventh Affirmative Defense
### (BIPA is Special Legislation)

Plaintiff's claims and the claims of putative class members are barred because the Biometric Information Privacy Act is "special legislation" and, therefore, violates the Illinois' State Constitution. *See Allen v. Woodfield Chevrolet, Inc.*, 208 Ill. 2d 12, 802 N.E.2d 752 (2003).

### Twelfth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff's claims and the claims of putative class members should be reduced due to Plaintiff's and the putative class members' failure to failure to mitigate damages.

### Thirteenth Affirmative Defense
### (Traceability and Redressability)

Each class member's claims are barred in whole or in part to the extent that any purported injury, if any, is not fairly traceable to the alleged violation of BIPA or negligence, and the relief sought would not redress any such injury. Plaintiff claims that Defendants' alleged noncompliance with BIPA's notice and consent provisions disregarded her privacy rights and caused informational injury, economic harm and mental anguish with a constant risk of exposure and dissemination of their biometric identifiers and biometric information. Yet, to the extent that one of both Defendants failed to comply with the requirements of the statute relative to Plaintiff or any other putative class member, strict compliance with the statute (including obtaining advance written consent for the collection, storage, and use of such data, and/or disclosing the purpose and length of term for same) would not have stopped Plaintiff or any putative class member from knowingly and voluntarily using finger scan devices and therefore, would not have prevented the collection, storage, and use of any such data or otherwise mitigate against such purported injuries.

**Fourteenth Affirmative Defense**
**(Mootness)**

Plaintiff's claims are barred, in whole or in part, to the extent they are or become moot as to Plaintiff and some or all members of the putative Class. Settlements or dispositive rulings in overlapping BIPA actions may moot the claims at issue here.

**Fifteenth Affirmative Defense**
**(Statutory Damages)**

Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the applicable limits on statutory damages, including but not limited to those limits set forth in the BIPA.

**Sixteenth Affirmative Defense**
**(After-Acquired Evidence Doctrine)**

Plaintiff and putative class members may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

**Seventeenth Affirmative Defense**
**(No Ascertainable Class)**

The putative class asserted in the Complaint is inappropriate for class certification because there is no ascertainable class.

**Eighteenth Affirmative Defense**
**(Numerosity)**

The putative class asserted in the Complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable.

**Nineteenth Affirmative Defense**
**(Predominance)**

The putative class asserted in the Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues, as many members of the class signed consent forms relative to the conduct alleged in the Complaint.

### Twentieth Affirmative Defense
### (Common Questions of Law and Fact)

The putative class asserted in the Complaint is inappropriate for class certification because there is no well-defined community of interest in or commonality between the questions of law and fact in this putative class action.

### Twenty-First Affirmative Defense
### (Typicality)

The putative class asserted in the Complaint is inappropriate for class certification because Plaintiff's claims are not typical of the claims of other members of the putative class.

### Twenty-Second Affirmative Defense
### (Superiority)

The putative class asserted in the Complaint is inappropriate for class certification because a class action is not superior to other methods for fair and efficient adjudication of this matter.

### Twenty-Third Affirmative Defense
### (Adequate Representation)

The putative class asserted in the Complaint is inappropriate for class certification because neither Plaintiff nor her counsel are able to fairly and adequately protect the interest of all members of the putative class.

### Twenty-Fourth Affirmative Defense
### (Impropriety of Class-Wide Injunctive Relief)

Injunctive relief is barred because Plaintiff and the members of the putative class have not suffered irreparable harm and there is no real or immediate threat of injury.

### Twenty-Fifth Affirmative Defense
### (No Retention/Storage/Collection/Possession/Capture/Purchase/Reception/Transimission/Disclosure)

Plaintiff's claims are barred, in whole or in part, because Defendants did not retain, store, collect, possess, capture, purchase, receive, transmit, or disclose biometric identifiers or biometric information as defined under BIPA.

24

**Twenty-Sixth Affirmative Defense**
**(Employment)**

Defendant Enterprise Holdings, Inc. is not liable for Plaintiff's claims because it was not Plaintiff's employer and, to the extent any of Plaintiff's allegations are true, Enterprise Holdings, Inc. did not direct or control any of the alleged conduct giving rise to Plaintiff's claims, nor did it collect, capture, possess, or disclose Plaintiff's information.

**Twenty-Seventh Affirmative Defense**
**(No Participation)**

Defendant Enterprise Holdings, Inc. is not liable for Plaintiff's claims because, to the extent any of Plaintiff's allegations are true, Enterprise Holdings, Inc. did not participate in any of the alleged conduct giving rise to Plaintiff's claims.

**Twenty-Eighth Affirmative Defense**
**(Workers' Compensation Preemption)**

To the extent that Plaintiff suffered injuries from using the system alleged in the Complaint, such injuries occurred in the workplace and in connection with her employment. Accordingly, Plaintiff and the class's claims are preempted or otherwise barred by the Illinois Workers' Compensation Act, which provides the exclusive remedy for injuries that arise in the workplace or in connection with employment.

**Twenty-Ninth Affirmative Defense**
**(Labor Preemption)**

Plaintiff's claims and the claims of putative class members are barred and preempted by the Labor Management Relations Act, and comparable statutes, to the extent they are subject to a collective bargaining agreement.

**Thirtieth Affirmative Defense**
**(Government Exemption)**

Plaintiff's claims and the claims of putative class members are barred to the extent that

their claims arise out of Defendants work as a contractor, subcontractor, or agent of government.

740 ILCS 14/25.

Defendants reserves the right to assert additional defenses in the event that discovery

reveals additional defenses are appropriate.

**DATED: February 2, 2021**          Respectfully submitted,

ENTERPRISE LEASING COMPANY OF
CHICAGO, LLC and ENTERPRISE
HOLDINGS, INC.

By /s/ *Thomas E. Ahlering*
 One of Their Attorneys

Erin Dougherty Foley
*edfoley@seyfarth.com*
Thomas E. Ahlering
*tahlering@seyfarth.com*
Alexandra S. Oxyer
*aoxyer@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

67910870v.4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of February, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send notification to the e-mail addresses of all counsel of record denoted on the electronic Mail Notice List.

/s/*Thomas E. Ahlering*
Thomas E. Ahlering