**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>    Defendants. | Case No. 20-cv-03200<br><br>Hon. Manish S. Shah<br><br>Magistrate Gabriel A. Fuentes |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
EXTEND DISCOVERY SCHEDULE**

Plaintiff Dawon Wordlaw ("Plaintiff"), through her undersigned counsel, and pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2, hereby respectfully moves for entry of an Order compelling Defendants Enterprise Holdings, Inc. ("Enterprise Holdings") and Enterprise Leasing Company of Chicago, LLC ("Enterprise Chicago") (together, "Defendants") to respond in discovery. In support of her Motion, Plaintiff states as follows:

**I. INTRODUCTION**

Ever since the Court denied Defendants' Motion to Dismiss (Dkt. 30) and Motion for Reconsideration (Dkt. 38), Defendants have attempted to frustrate Plaintiff's merits and class discovery efforts through a campaign of delay, illegitimate objections, and outright misrepresentations. To date, Defendants have produced only a small fraction of the documents they have admitted are in their possession and are directly relevant to both class certification and merits issues. Specifically, Defendants informed both Plaintiff and the Court that they would produce purported biometric consent forms for substantially all of the Enterprise workers comprising the putative class at issue, but Defendants have produced only a small fraction of such

forms and are withholding documents related to 4,000 former workers—documents that Defendants have informed Plaintiff they have access to. In addition, Defendants continue to withhold – without any reasonable justification – *all* documents and relevant information concerning the scope of the putative class and Defendants' corporate timekeeping practices and policies. It bears repeating: Defendants have produced virtually no information responsive to Plaintiff's discovery requests outside of a small fraction of purported biometric consent forms for current Enterprise workers.

While Plaintiff fully appreciates that discovery disputes are strongly disfavored and, as a result, sought in earnest to avoid having to involve the Court in this situation, she submits that Defendants' misrepresentations and refusal to take their discovery obligations seriously require the Court's intervention at this stage, in advance of the fact discovery cutoff currently set for December 21, 2021. Plaintiff respectfully requests that the Court order Defendants to produce the outstanding discovery identified below and extend the fact discovery cutoff by approximately ninety (90) days.

## II.  PROCEDURAL HISTORY

This case was originally filed on April 3, 2020 in the Circuit Court of Cook County, Illinois. (Dkt. 1-1). While Plaintiff worked for Defendants in Chicago, she was required to provide them with scans of her fingerprint for timekeeping purposes, and her operative First Amended Complaint ("Complaint," Dkt. 21) seeks relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(a), (b), and (d), on her own behalf and on behalf of a Class and Subclass of similarly situated individuals. Plaintiff alleges that Defendants violated BIPA by implementing a timekeeping system that relied on the collection, storage, and use of employees' fingerprints and biometric information without obtaining their informed consent, as required by

740 ILCS 14/15(b), by not making publicly available a written policy addressing the retention and destruction of such biometric data, as required by 740 ILCS 14/15(a), and by not obtaining consent for any transmission of such data to third parties, as required by 740 ILCS 14/15(d).

On May 29, 2020, Defendant Enterprise Chicago removed the case to this Court. (Dkt. 1). Defendants moved to dismiss Plaintiff's operative Complaint on October 13, 2020. (Dkt. 25). On December 21, 2020, following full briefing, the Court denied Defendants' Motion to Dismiss in its entirety. (Dkt. 30). On January 20, 2021, Defendants moved the Court to reconsider its Opinion denying their Motion to Dismiss and certify questions for appeal. (Dkts. 33-36). On January 28, 2021, the Court denied Defendants' Motions for Reconsideration and Certification for Interlocutory Appeal. (Dkt. 38). Defendants filed their Answer on February 2, 2021. (Dkt. 39).

On February 3, 2021, the Court entered a scheduling order requiring the Parties to exchange initial disclosures by March 2, 2021 and setting an October 21, 2021 fact discovery cutoff. (Dkt. 41). On October 1, 2021, the Court entered an Order extending the fact discovery cutoff to December 21, 2021. (Dkt. 51).

### III. **LEGAL STANDARD**

Rule 26 broadly permits parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Generally, the Federal Rules "permit liberal discovery in an effort to facilitate the trial or settlement of legal disputes." *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) (citing *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009)). This is equally true in the class action context. *See Jones v. Nat'l Council of Young Men's Christian Assocs. of U.S.*, No. 09-cv-6437, 2011 WL 1312162, at *2 (N.D. Ill. March 31, 2011).

In a class action, prior to the class being certified, the plaintiff is entitled to pre-certification discovery "focus[ing] on the prerequisites for class actions provided by Rule 23(a) . . . ." *Harris v. comScore, Inc.*, No. 11-cv-5807, 2012 WL 686709, at *4 (N.D. Ill. March 2, 2012). If, however, a defendant objects to a discovery request, "the burden is upon the objecting party to show why a discovery request is improper." *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). "If the [objecting] party fails to make the requisite showing, Federal Rule of Civil Procedure 37 allows the Court to enter an order compelling the party to comply with discovery requests." *Desai v. ADT*, No. 11-cv-1925, 2012 WL 1755739, at *1–2 (N.D. Ill. May 11, 2012). Indeed, "[i]n the class-action context, courts routinely allow pre-certification discovery for the purpose of defining the class . . . ." *Jenkins v. White Castle Mgmnt. Co.*, No. 12-cv-7273, 2013 WL 5663644, at *3 (N.D. Ill. Oct. 17, 2013). The Court cannot permit Defendants to "on one hand contest class certification and on the other hand deny plaintiff the discovery relevant to [his] position that a class should be certified." *Whiteamire*, No. 12-cv-5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013).[1]

## IV. ARGUMENT

For the reasons explained herein, Plaintiff requests that the Court compel Defendants to produce the following documents and information, which Plaintiff has sought in her discovery requests but which Defendants have failed or refused to produce:

- All documents in their possession, custody, or control constituting or evidencing putative Class members' consent to biometric collection. (*See* Enterprise Holdings' Responses to Plaintiff's First Requests for Production, attached hereto as <u>Exhibit A</u>, Request No. 2; Enterprise Chicago's Responses to Plaintiff's First Requests for Production, attached hereto as <u>Exhibit B</u>, Request No. 2);

---

[1] If a motion to compel under Rule 37(a) "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

4

- All documents Defendants have withheld pending entry of a protective order. (*See* Ex. A, Responses to Request Nos. 2, 4, 6, 9-11; Ex. B, Responses to Request Nos. 2, 4, 6, 9-11);

- All documents Defendants have withheld on the basis of invalid, boilerplate objections. (*See* Ex. A, Responses to Request Nos. 3-12; Ex. B, Responses to Request Nos. 4-9); and

- Responses to Plaintiffs' Interrogatories that Defendants have refused to answer on the basis of invalid, boilerplate objections. (*See* Enterprise Holdings' Responses to Plaintiff's First Set of Interrogatories, attached hereto as Exhibit C, Responses to Interrogatory Nos. 7, 13, 14, 18-19; Enterprise Chicago's Responses to Plaintiff's First Set of Interrogatories, attached hereto as Exhibit D, Responses to Interrogatory Nos. 7, 16, 18- 19).

A. **Defendants Should Be Compelled To Produce All Of The Consent Forms In Their Possession.**

In their Answer, Defendants represented that "many members of the class signed consent forms relative to the conduct alleged in the Complaint." (Dkt. 39 at 23, Affirmative Defense No. 19). In light of that representation, the Parties agreed in their initial February 2, 2021 Joint Status Report that Defendants' BIPA-compliance practices would be a preliminary focus of discovery. (Dkt. 40, at ¶ H(1)). Plaintiff propounded her First Sets of Requests for Production on Defendants on April 27, 2021. In her Requests, Plaintiff sought production of any consent forms Defendants had in their possession. (*See* Ex. A and Ex. B at Request No. 2 (requesting production of "All Documents, Including Correspondence, regarding, concerning, or in any way Related To data privacy and protection, cybersecurity, biometric privacy, the Illinois Biometric Information Privacy Act, Your Biometric handling practices, Your handling of Biometrics, or Your handling of personal data, or data pertaining to or derived from individuals, generally."). On September 30, 2021, the Parties reported to the Court that, in light of Defendants' representation and the proportionality principles underlying Rule 26, that, if Defendants could in fact produce Section 15(b)-compliant consents from substantially all the putative class members, it would substantially

impact the scope of discovery. (Dkt. 50, at 2). To that end, Defendants represented that they would produce all such consent forms within 21 days, or by October 21, 2021. (*Id.*).

That did not happen. On October 25, 2021, Plaintiff's counsel again requested production of the consent forms. Defendants' counsel stated that Defendants had finally collected consent forms for current Enterprise workers, but had only recently obtained access to "personnel files" regarding 4,000 former Enterprise workers, but that Defendants were "committed" to producing information with respect to such former workers by the end of October 2021. (*See* October 25, 2021 E-mail from Paul J. Yovanic to Brendan Duffner, attached hereto as Exhibit E). On November 10, 2021, Defendants finally produced 247 forms constituting purported consents from current Enterprise workers only.

Unfortunately, Defendants have reneged on their representation to Plaintiff and to the Court in the September 30 Joint Status Report that they had all relevant consent forms and would produce such evidence for the vast majority of the putative class: their former workers. Indeed, on November 17, 2021, Defendants' counsel informed Plaintiff's counsel that, "while we initially anticipated being able to 'produce all . . . written consents' for individuals in the putative class, we realized after making several attempts to collect written consent forms for more than 4,000 former Enterprise employees that such efforts would be unmanageable." (*See* November 19 E-mail from Andrew Cockcroft to Timothy Kingsbury, attached hereto as Exhibit F).

These revelations are troubling. First, it appears that Defendants have been representing to Plaintiff and the Court that they have biometric consent forms for substantially all of the putative class members – and were "working on" document production in August 2021 – when apparently Defendants did not even have access to former Enterprise workers' records and apparently did not make a serious attempt to collect and review such records until October 2021. (*See* August 17,

6

2021 E-mail from Thomas Ahlering to Brendan Duffner, attached hereto as Exhibit G). Moreover, Plaintiff can only conclude that Defendants' current position – that they now consider producing documents for former Enterprise workers to be an "unmanageable" undertaking, despite having access to those documents – means that Defendants either never obtained biometric consent forms from former Enterprise workers, or at the very least, do not have evidence of consent from substantially the entire putative class, as Defendants have said.

In sum, evidence of former Enterprise workers' consent is of paramount relevance to the requirements of Rule 23 and the scope of the Class and Subclass that Plaintiff intends to move to certify. Defendants have informed Plaintiff that such consents are in their possession and have produced no reasonable explanation as to why production of those documents is now "unmanageable." Defendants should now be compelled to produce them.

### B. Defendants Should Be Compelled To Produce The Documents They Have Withheld Pending Entry Of A Protective Order.

In their Responses to Plaintiff's First Sets of Document Requests, Defendants indicated that they would produce documents pending entry of a protective order in this case. (*See* Ex. A, Enterprise Holdings' Responses to Requests 2, 4, 6, 9-11; Ex. B, Enterprise Chicago's Responses to Requests 2, 4, 6, 9-11). In order to obtain such documents, Plaintiff drafted and submitted a proposed protective order to the Court, and the Order was entered on August 12, 2021. (Dkts. 44-46). Nonetheless, Defendants subsequently failed to produce any documents, despite Plaintiff's repeated requests. (*See* Ex. G).

Plaintiff notified Defendants on September 17, 2021 of her intent to move to compel such documents if they were not produced (*See* September 17, 2021 Discovery Deficiency Letters, attached here as Exhibit H), and the Parties met and conferred on Defendants' outstanding document production in September 2021. (Dkt. 50 at 2). Thus, Defendants should be compelled to

7

produce the documents they have withheld on the basis of a protective order, including documents responsive to all Document Requests listed above contained in Exhibits A and B.

### C. Defendants Should Be Compelled To Produce Documents They Have Withheld On The Basis Of Unsupported, Invalid Objections.

In addition to documents still withheld pending entry of a protective order, Defendants continue to withhold documents on the basis of conclusory, improper boilerplate objections. Defendants seek to hide behind these objections even for patently relevant production requests, such as documents related to Defendants' biometric timekeeping policies, contracts related to biometric technology, and documents sufficient to identify members of the putative Class and Subclass. (*See* Ex. A, Responses 2, 4-5, 8; Ex. B, Responses 2, 4-5, 8).

Nearly all of Defendants' Responses to Plaintiff's Requests for Production consist of rote, generic, and simply nonsensical objections. For instance, Defendants object to each and every one of Plaintiff's Requests on the grounds that they are "unlimited in temporal scope," even though Defendants acknowledge that Plaintiff's requests identified a relevant time period (five years preceding the filing of this case, *i.e.* the applicable statute of limitations for Plaintiff's claims under Section 15(a) and (b) of BIPA). In fact, Plaintiff provided Defendants with a copy of the Illinois Appellate Court's decision in *Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563, confirming that a five-year limitations period (and thus a defined and reasonable temporal scope of discovery) is appropriate. (*See* Ex. H).

Defendants also object to *each and every one* of Plaintiffs' Requests for Production on the unsupported grounds of relevancy, undue burden, and vagueness, including Requests as obviously relevant as those seeking production of documents concerning biometric privacy, BIPA itself, and Defendants' biometric handling practices. (*See* Ex. A and Ex. B, Responses to Request No. 2). But "a party cannot avoid discovery by making an unsupported, boilerplate relevance objection,"

8

*Stagger v. Experian Information Solutions, Inc.*, No. 21-cv-2001, 2021 WL 5564867, at *2 (N.D. Ill. Nov. 29, 2021), and "not surprisingly . . . court after court has rejected these unadorned boilerplate 'objections' as tantamount to no objections at all." *Vera Bradley Designs, Inc. v. Aixin Li*, No. 20-cv-2550, 2021 WL 780718, at *3 (N.D. Ill. Mar. 1, 2021) (collecting cases). Thus, Defendants' continued withholding of documents based on these boilerplate objections is completely meritless. (*See* Ex. A, Responses to Request Nos. 3-12; Ex. B, Responses to Request Nos. 4-9).

Perhaps even more concerning than Defendants' baseless boilerplate objections is Defendants' withholding of documents premised on the argument that a class has not yet been certified. (*See* Ex. A, Responses to Request Nos. 8, 12-13; Ex. B, Responses to Request Nos. 8-9). In the Parties' initial Joint Status Report filed on February 2, 2021, Defendants acknowledged that this case would require both "class certification discovery as well as merits-related discovery." (Dkt. 40, at ¶ H(1)). In setting the discovery schedule, the Court did not bifurcate discovery between merits and class issues, nor did the Parties request bifurcation or otherwise agree to bifurcation. (*See* Dkt. 41 ("[A]ll fact discovery (on both merits and class certification issues) shall be noticed in time for completion by 10/21/21"). Indeed, courts routinely permit pre-certification discovery concerning Rule 23's requirements. *See, e.g.*, *Hossfeld v. Allstate Ins. Co.*, No. 20-cv-7091, 2021 WL 4819498, at *2 (N.D. Ill. Oct. 15, 2021) ("[P]recertification discovery is appropriate concerning Rule 23's threshold requirements of numerosity, common questions/commonality, and adequacy of representation").

Even though the Court specifically directed the Parties to undertake class discovery, Defendants have improperly objected and continue to improperly withhold documents pertaining to "information relating to individuals beyond the named [Plaintiff]" because "the case has not

9

been certified as a class action" and/or because the Request "seeks confidential information concerning individuals who are not a party to this lawsuit." (*See* Ex. A, Responses to Request Nos. 3-6, 7-13). Plaintiff addressed these concerns in her September 17, 2021 deficiency correspondence to Defendants (*see* Ex. H), and these baseless objections were the subject of the Parties' multiple meet-and-confers. (Dkt. 50 at 2). But despite Plaintiff's repeated efforts to obtain these relevant documents without resorting to Court intervention, Defendants have not withdrawn their improper objections or produced the documents withheld based on those objections. Therefore, the Court should now compel production of these documents as well.

### D. Defendants Should Be Compelled To Answer Plaintiff's Interrogatories That They Have Refused To Answer.

In addition to improperly withholding documents, Defendants have also refused to answer certain Interrogatories based on the same boilerplate and class certification objections discussed above. (*See* Ex. C, Responses to Interrogatory Nos. 7, 13, 14, 18-19; Ex. D, Responses to Interrogatory Nos. 7, 16, 18- 19). For the same reasons discussed above, such objections are entirely improper, and Defendants should be compelled to answer Plaintiff's Interrogatories that seek information clearly relevant to Plaintiff's class claims.[2]

### V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court enter an Order (i) compelling Defendants to produce any records of consent to biometric collection for former Enterprise employees; (ii) compelling Defendants to produce all documents withheld pending entry of a protective order; (iii) compelling Defendants to produce all documents improperly

---

[2] Defendants also failed to sign their Responses to Plaintiff's Interrogatories under oath as required by Fed. R. Civ. P. 33, and failed produce a privilege log despite each indicating that they were withholding documents on the basis of attorney-client privilege. Plaintiff raised these concerns in his deficiency letters as well. (*See* Ex. H). These concerns, while lesser than those Plaintiff seeks to remedy by this Motion, underscore Defendants' failure to earnestly respond in discovery.

withheld on the basis of Defendants' boilerplate objections; (iv) compelling Defendant Enterprise Holdings, Inc. to answer Plaintiff's Interrogatory Nos. 7, 13, 14, and 18-19; (v) compelling Defendant Enterprise Leasing Company of Chicago, LLC to answer Plaintiff's Interrogatory Nos. 7, 16, and 18-19; (vi) extending the current December 21, 2021 fact discovery cutoff by approximately ninety (90) days; and (vii) for such further and other relief the Court deems reasonable and just.

Dated: December 3, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　DAWON A. WORDLAW, individually and on behalf of a class of similarly situated individuals,

　　　　　　　　　　　　　　　　　　　　　By: /s/　　　　*Brendan Duffner*
　　　　　　　　　　　　　　　　　　　　　*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Brendan Duffner
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
tkingsbury@mcgpc.com
bduffner@mcgpc.com
aheldut@mcgpc.com

*Counsel for Plaintiff and the Putative Class and Subclass*

**Local Rule 37 Certification**

I hereby certify that, prior to filing this Motion, I have met the requirements of Fed. R. Civ. P. 37 and L.R. 37.2, as well as this Court's Standing Order and Case Procedures. On September 17, 2021, Plaintiff memorialized the concerns that are the subject of this Motion via two deficiency letters issued to counsel for Defendants. In the deficiency letters, counsel for Plaintiff provided counsel for Defendants the option to resolve the issues informally without Court intervention. As discussed in the Parties' September 30, 2021 Joint Status Report, the Parties held telephonic meet and confers regarding these issues in September 2021. Specifically, on September 23 and 29, 2021, counsel for Plaintiff, Timothy Kingsbury, had a telephonic meet and confer with counsel for Defendant, Paul J. Yovanic wherein these discovery issues were discussed. While Defendants have since produced biometric consent-related documents concerning current Enterprise workers, Defendants informed Plaintiff via email on November 10, 2021 that they now consider the production of information of former Enterprise workers to be "unmanageable."

Defendants have also failed to produce any other documents, such as Defendants' corporate policies regarding timekeeping and employee privacy. On November 17, 2021, via electronic mail, Plaintiff's counsel, Timothy Kingsbury, informed Defense counsel, Andrew R. Cockroft, that Plaintiff intended to move to compel if Defendants would not produce the responsive documents. On November 19, 2021, Plaintiff's counsel, Mr. Kingsbury informed Mr. Cockroft that Plaintiff would reconsider seeking court intervention if Defendants rectified the deficiencies in their document production and discovery responses by December 1. Defendants did not respond. Thus, given the Parties' impasse and the number of opportunities that Defendants have already had to produce the requested discovery, Plaintiff sees no way to resolve this discovery issue absent intervention from the Court.

/s/     *Brendan Duffner*
Brendan Duffner
*One of Plaintiff's Attorneys*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 3, 2021, I caused the foregoing *Plaintiff's Motion to Compel Discovery and Extend Discovery Schedule* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all following counsel of record.

/s/      *Brendan Duffner*
Brendan Duffner