# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWON WORDLAW, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>Defendants. | Case No. 20-cv-03200<br><br>Honorable Manish S. Shah<br><br>Honorable Magistrate Gabriel A. Fuentes |

**DEFENDANT ENTERPRISE LEASING COMPANY OF CHICAGO LLC'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

Defendant ENTEPRISE LEASING COMPANY OF CHICAGO, LLC ("ENTERPRISE LEASING" or "Defendant"), by and through its attorneys, hereby provides its responses to Plaintiff Dawon Wordlaw's ("Plaintiff") First Set of Requests for Production.

**PRELIMINARY STATEMENT/RESERVATION OF RIGHTS**

ENTERPRISE LEASING makes these objections and responses to the Requests expressly reserving and without waiver of the following: (a) all rights to object on the basis of competency, relevance, materiality, confidentiality, authenticity, privilege, or any other proper grounds to the use of any of ENTERPRISE LEASING's responses or objections to the Requests, any information contained therein, or any documents produced in response to the Requests, as evidence, in whole or in part, in any subsequent proceeding, action, or matter, or in any trial in this or any other action; (b) all rights to object on any ground and at any time to a demand or request for further response to the Requests, other discovery requests, or proceedings involving or related to the subject matter of the Requests or documents ENTERPRISE LEASING has

provided or may provide in response to the Requests; and (c) the right at any time to review, revise, correct, add to, supplement, amend, or clarify any of the responses propounded herein.

ENTERPRISE LEASING has not yet completed its discovery and investigation of the facts pertaining to the above-captioned action (the "Action"), review of its own documents, or trial preparation. ENTERPRISE LEASING bases its responses and objections on information now known to ENTERPRISE LEASING. ENTERPRISE LEASING reserves the right to rely on any facts or other evidence that may develop or come to its attention at a later date.

## OBJECTIONS TO ALL REQUESTS

1.      ENTERPRISE LEASING objects to the Requests to the extent that they imply or assume that ENTERPRISE LEASING was collecting, capturing, processing, using, possessing, coming into possession of, storing, distributing, selling, or disclosing biometric information or data. ENTERPRISE LEASING denies that it has, at any time, collected, captured, processed, used, possessed, come into possession of, stored, distributed, sold, or disclosed the biometric information or data of any individual.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      ENTERPRISE LEASING objects to the Requests to the extent they seek work product, trial preparation materials, identification of documents prepared after the commencement of this litigation, communications protected from disclosure by the attorney-client privilege, or documents protected from disclosure by any applicable law, rule, privilege or immunity.  Nothing contained in these Responses is intended to or may be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other applicable law, rule, or privilege.

2.      ENTERPRISE LEASING objects to Plaintiffs' definition of "Relevant Time Period" as overly broad, unduly burdensome, or oppressive to the extent it covers a time period beyond the operative statute of limitations for Plaintiffs' claims, which is one year. Accordingly,

3

ENTERPRISE LEASING has limited its responses to information and documents relative to the time period spanning back to one year prior to the filing date.

3.	Each and every answer is made subject to the foregoing general objections and to any protective order entered by the Court, regardless of whether a general or specific objection is stated in the answer to the particular Interrogatory, and ENTERPRISE LEASING does not waive any general objections not referred to in any particular answer.

4.	ENTERPRISE LEASING reserves the right to supplement its Responses with information or documents that come to its attention or become available after service of these Responses and to use such information at any hearing or proceeding, including the trial of this or any other action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    All Documents, Including all Data, identified, referenced, or contemplated in Your answers to Plaintiff's Interrogatories, or otherwise relied upon in answering Plaintiff's Interrogatories.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the ground that it is overly broad, vague, and ambiguous, premature, duplicative, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. ENTERPRISE LEASING further objects to the phrase "identified, referenced, or contemplated," as overly broad, vague, and ambiguous. Subject to and without waiving the foregoing objections, and subject to this request being narrowed to an agreeable scope, ENTERPRISE LEASING will produce responsive documents to the extent that such information is within its possession, custody, or control.

Subject to and without waiving its objections, ENTERPRISE LEASING is willing to meet and confer with Plaintiff in an attempt to narrow this Request and will seasonably supplement their document production in accordance with the Federal Rules and upon agreement between the parties.

**REQUEST NO. 2:**    All Documents, Including Correspondence, regarding, concerning, or in any way Related To data privacy and protection, cybersecurity, biometric privacy, the Illinois Biometric Information Privacy Act, Your Biometric handling practices, Your handling of Biometrics, or Your handling of personal data, or data pertaining to or derived from individuals, generally.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the grounds that it fails to describe the documents requested with reasonable particularity as required by applicable law. ENTERPRISE LEASING objects to this Request as overbroad and unduly burdensome to the extent this requests seeks information that is irrelevant to Plaintiffs' claims. ENTERPRISE LEASING objects to Plaintiffs' use of the words and phrases "data privacy and protection, cybersecurity, biometric privacy, the Illinois Biometric Information Privacy Act, Your Biometric handling practices, Your handling of Biometric" to the extent they call for a legal conclusion and on the grounds that they are undefined, vague, and ambiguous. Further, ENTERPRISE LEASING further objects to this Request on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal or geographic scope, and seeks information outside the relevant statute of limitations. ENTERPRISE LEASING objects to this Request on the grounds that it is overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. ENTERPRISE LEASING also objects that this Request seeks confidential and/or proprietary information.

Subject to and without waiving its general and specific objections, ENTERPRISE LEASING refers Plaintiff to all documents that will be produced in response to Plaintiff's First Request for Production of Documents upon entry of a protective order.

**REQUEST NO. 3:** All Documents, including all Data, Relating To the provisioning of any service, including payroll processing services, to You by Any Third Party, during the Relevant Time Period.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the grounds that it fails to describe the documents requested with reasonable particularity as required by applicable law. ENTERPRISE LEASING objects to this Request as overbroad and unduly burdensome to the extent this requests seeks information that is irrelevant to Plaintiffs' claims. ENTERPRISE LEASING further objects to the extent this request seeks documents that are not in its possession, but instead possessed by third-parties. ENTERPRISE LEASING objects to Plaintiffs' use of the words and phrases "provisioning of any service" to the extent they call for a legal conclusion and on the grounds that they are undefined, vague, and ambiguous. Further, ENTERPRISE LEASING further objects to this Request on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal or geographic scope, and seeks information outside the relevant statute of limitations. ENTERPRISE LEASING objects to this Request on the grounds that it is overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. ENTERPRISE LEASING objects to this Request to the extent it seeks confidential information concerning individuals who are not a party to this lawsuit. ENTERPRISE LEASING also objects that this Request seeks confidential and/or proprietary information.

61577021v.3
69351055v.3

On the basis of the foregoing objections, ENTERPRISE LEASING is withholding documents responsive to this Request. To the extent Plaintiff narrows or clarifies this Request, ENTERPRISE LEASING may reconsider its Response.

**REQUEST NO. 4:** All Documents, Including all Data, Relating to any agreement, whether in writing or otherwise, between You and Any Third Party or vendor relating to biometric timekeeping, the Biometric Timekeeping System, data management, timekeeping, and payroll.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the grounds that it fails to describe the documents requested with reasonable particularity as required by applicable law. ENTERPRISE LEASING objects to this Request as overbroad and unduly burdensome to the extent this requests seeks information that is irrelevant to Plaintiffs' claims. ENTERPRISE LEASING further objects to the extent this request seeks documents that are not in its possession, but instead possessed by third-parties. ENTERPRISE LEASING objects to Plaintiffs' use of the words and phrases "data management, timekeeping, and payroll" to the extent they call for a legal conclusion and on the grounds that they are undefined, vague, and ambiguous. Further, ENTERPRISE LEASING further objects to this Request on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal or geographic scope, and seeks information outside the relevant statute of limitations. ENTERPRISE LEASING objects to this Request on the grounds that it is overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. ENTERPRISE LEASING objects to this Request to the extent it seeks confidential information concerning individuals who are not a party to this lawsuit. ENTERPRISE LEASING also objects that this Request seeks confidential and/or proprietary information.

Subject to and without waiving its general and specific objections, ENTERPRISE LEASING refers Plaintiff to all documents that will be produced in response to Plaintiff's First Request for Production of Documents upon entry of a protective order. Additionally, on the basis of the foregoing objections, ENTERPRISE LEASING is withholding documents responsive to this Request.

**REQUEST NO. 5:** All Documents, Including all Data, Relating to any software, vendors, contractors, equipment, hardware, or any other item or object, whether tangible or intangible, Related To employee timekeeping, data privacy or protection, cybersecurity, and employee management, including the subject Biometric Timekeeping System.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the grounds that it fails to describe the documents requested with reasonable particularity as required by applicable law. ENTERPRISE LEASING objects to this Request as overbroad and unduly burdensome to the extent this requests seeks information that is irrelevant to Plaintiffs' claims. ENTERPRISE LEASING further objects to the extent this request seeks documents that are not in its

possession, but instead possessed by third-parties. ENTERPRISE LEASING objects to Plaintiffs' use of the words and phrases "timekeeping, data privacy or protection, cybersecurity, and employee management" to the extent they call for a legal conclusion and on the grounds that they are undefined, vague, and ambiguous. Further, ENTERPRISE LEASING further objects to this Request on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal or geographic scope, and seeks information outside the relevant statute of limitations. ENTERPRISE LEASING objects to this Request on the grounds that it is overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. ENTERPRISE LEASING objects to this Request to the extent it seeks confidential information concerning individuals who are not a party to this lawsuit. ENTERPRISE LEASING also objects that this Request seeks confidential and/or proprietary information.

Subject to and without waiving its general and specific objections, ENTERPRISE LEASING refers Plaintiff to all documents that will be produced in response to Plaintiff's First Request for Production of Documents upon entry of a protective order. Additionally, on the basis of the foregoing objections, ENTERPRISE LEASING is withholding documents responsive to this Request.

**REQUEST NO. 6:** All Documents, Including all Data, Relating to any insurance agreement or policy which may satisfy in whole or in part any judgment which may be entered in this Lawsuit or to indemnify or reimburse for payments made to satisfy any such judgment or costs of defense or other litigation costs or expenses arising from this Lawsuit.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the grounds that it fails to describe the documents requested with reasonable particularity as required by applicable law. ENTERPRISE LEASING objects to this Request as overbroad and unduly burdensome to the extent this requests seeks information that is irrelevant to Plaintiffs' claims. ENTERPRISE LEASING further objects to the extent this request seeks documents that are not in its possession, but instead possessed by third-parties. ENTERPRISE LEASING objects to Plaintiffs' use of the words and phrases "insurance agreement or policy" to the extent they call for a legal conclusion and on the grounds that they are undefined, vague, and ambiguous. Further, ENTERPRISE LEASING further objects to this Request on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal or geographic scope, and seeks information outside the relevant statute of limitations. ENTERPRISE LEASING objects to this Request on the grounds that it is overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. ENTERPRISE LEASING objects to this Request to the extent it seeks confidential information concerning individuals who are not a party to this lawsuit. ENTERPRISE LEASING also objects that this Request seeks confidential and/or proprietary information.

Subject to and without waiving its general and specific objections, ENTERPRISE LEASING refers Plaintiff to all documents that will be produced in response to Plaintiff's First Request for Production of Documents upon entry of a protective order. Additionally, on the basis

of the foregoing objections, ENTERPRISE LEASING is withholding documents responsive to this Request.

**REQUEST NO. 7:** All Documents, Including all Data, You intend to use to support any affirmative defense to Plaintiff's Complaint.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the grounds that it fails to describe the documents requested with reasonable particularity as required by applicable law. ENTERPRISE LEASING objects to this Request as overbroad and unduly burdensome to the extent this requests seeks information that is irrelevant to Plaintiffs' claims. Further, ENTERPRISE LEASING further objects to this Request on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. ENTERPRISE LEASING objects to the extent this Request seeks work product, trial preparation materials, identification of documents prepared after the commencement of this litigation, communications protected from disclosure by the attorney-client privilege, or documents protected from disclosure by any applicable law, rule, privilege or immunity.

On the basis of the foregoing objections, ENTERPRISE LEASING is withholding documents on the basis of the foregoing objections.

**REQUEST NO. 8:** All Documents, Including all Data, sufficient to demonstrate or evidence the total number of individuals in Illinois who used or were otherwise subject to any biometric system owned, leased, controlled, or possessed by You, or any Biometric Timekeeping System located within any facility in Illinois owned, leased, controlled, or possessed by You, during the Relevant Time Period.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the grounds that it fails to describe the documents requested with reasonable particularity as required by applicable law. ENTERPRISE LEASING objects to this Request as overbroad and unduly burdensome to the extent this requests seeks information that is irrelevant to Plaintiffs' claims. Further, ENTERPRISE LEASING further objects to this Request on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. ENTERPRISE LEASING objects to this Request on the grounds that it is overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. ENTERPRISE LEASING objects to the Request to the extent that it seeks information relating to individuals beyond the named Plaintiffs, on the grounds that it is overly broad, unduly burdensome, and seek information that is neither relevant to the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and because the case has not been certified as a class action. ENTERPRISE LEASING objects to this Request to the extent it seeks confidential information concerning individuals who are not a party to this

lawsuit. . ENTERPRISE LEASING also objects that this Request seeks confidential and/or proprietary information.

On the basis of the foregoing objections, ENTERPRISE LEASING is withholding documents on the basis of the foregoing objections.
.

**REQUEST NO. 9:** All Documents, Including all Data, sufficient to demonstrate or evidence the total number of individuals in Illinois who used or were otherwise subject to any biometric system owned, leased, controlled, or possessed by You, or any Biometric Timekeeping System located within any facility in Illinois owned, leased, controlled, or possessed by You, during the Relevant Time Period.

**RESPONSE:**

ENTERPRISE LEASING objects to this Request on the grounds that it fails to describe the documents requested with reasonable particularity as required by applicable law. ENTERPRISE LEASING objects to this Request as overbroad and unduly burdensome to the extent this requests seeks information that is irrelevant to Plaintiffs' claims. Further, ENTERPRISE LEASING further objects to this Request on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. ENTERPRISE LEASING objects to this Request on the grounds that it is overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. ENTERPRISE LEASING objects to the Request to the extent that it seeks information relating to individuals beyond the named Plaintiffs, on the grounds that it is overly broad, unduly burdensome, and seek information that is neither relevant to the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and because the case has not been certified as a class action. ENTERPRISE LEASING objects to this Request to the extent it seeks confidential information concerning individuals who are not a party to this lawsuit. . ENTERPRISE LEASING also objects that this Request seeks confidential and/or proprietary information.

On the basis of the foregoing objections, ENTERPRISE LEASING is withholding documents on the basis of the foregoing objections.

61577021v.3
69351055v.3

**DATED: July 21, 2021**               Respectfully submitted,

                                       ENTERPRISE LEASING COMPANY OF
                                       CHICAGO, LLC

                                       By: __*s/Thomas E. Ahlering*__
                                              Thomas E. Ahlering.

Thomas E. Ahlering, IL No. 6295744
*tahlering@seyfarth.com*
Alexandra S. Oxyer, IL 6324449
*aoxyer@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2021, I served the foregoing on the counsel of record by electronic mail and U.S. Mail:

/s/*Thomas E. Ahlering*
Thomas E. Ahlering