# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAWON WORDLAW, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>　　　　　Defendant. | Case No. 1:20-CV-03200<br><br>Honorable Manish S. Shah<br><br>Honorable Magistrate Gabriel A. Fuentes |

**DEFENDANT ENTERPRISE LEASING COMPANY OF CHICAGO, LLC'S**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant ENTERPRISE LEASING COMPANY OF CHICAGO, LLC ("ENTERPRISE LEASING" or "Defendant"), by and through its attorneys, hereby submits its Responses and Objections ("Responses") to Plaintiff's First Interrogatories Propounded on Enterprise Leasing ("Interrogatories").

**PRELIMINARY STATEMENT/RESERVATION OF RIGHTS**

ENTERPRISE LEASING submits its responses to the Interrogatories expressly reserving and without waiver of: (a) all rights to object on the basis of competency, relevance, materiality, confidentiality, authenticity, privilege, or any other proper grounds to the use of any of ENTERPRISE LEASING's responses or objections to the Interrogatories, any information contained therein, or any documents produced in response to the Interrogatories, as evidence, in whole or in part, in any subsequent proceeding, action, or matter, or in any trial in this or any other action; (b) all rights to object on any ground and at any time to a demand or request for further response to the Interrogatories, other discovery requests, or proceedings involving or

related to the subject matter of the Interrogatories, information, or documents ENTERPRISE LEASING has provided or may provide in response to the Interrogatories; and (c) the right at any time to review, revise, correct, add to, supplement, amend, or clarify any of the responses propounded herein.

ENTERPRISE LEASING has not yet completed its discovery and investigation of the facts pertaining to the above-captioned action (the "Action"), review of its own documents, or trial preparation. ENTERPRISE LEASING bases its responses and objections on information now known to ENTERPRISE LEASING. Further, ENTERPRISE LEASING reserves the right to rely on any facts or other evidence that may develop or come to its attention at a later date.

These responses are subject to amendment and supplementation as ENTERPRISE LEASING acquires additional information and completes its review and analysis. ENTERPRISE LEASING's responses to the Interrogatories were prepared in consultation with its attorneys and may not exactly match the words or phrases that might be used by individual employees in the course of this litigation to describe events, policies, or matters discussed herein.

## <u>OBJECTIONS TO ALL INTERROGATORIES</u>

1.      ENTERPRISE LEASING objects to the Interrogatories, and to the definitions and instructions accompanying the Interrogatories, to the extent they seek or purport to impose definitions, instructions, or obligations outside of those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, or the Orders of this Court. ENTERPRISE LEASING will respond to the Interrogatories in accordance with its obligations as set forth in those Rules and/or Orders.

2.      ENTERPRISE LEASING objects to Plaintiffs' definition of "Relevant Time Period" as overly broad, unduly burdensome, or oppressive to the extent it covers a time period beyond the operative statute of limitations for Plaintiffs' claims, which is one year. Accordingly, ENTERPRISE LEASING has limited its responses to information and documents relative to the time period spanning back to one year prior to the filing date.

61577021v.3
69351056v.3

3.      ENTERPRISE LEASING objects to the Interrogatories to the extent that they imply or assume that ENTERPRISE LEASING was collecting, capturing, processing, using, possessing, coming into possession of, storing, distributing, selling, or disclosing biometric information or data. ENTERPRISE LEASING denies that it has, at any time, collected, captured, processed, used, possessed, come into possession of, stored, distributed, sold, or disclosed the biometric information or data of any individual.

4.      ENTERPRISE LEASING reserves the right to supplement its responses with information or documents that come to its attention or become available after service of these Responses and to use such information at any hearing or proceeding, including the trial of this or any other action.

## RESPONSES TO PLAINTIFFS' INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Person known to You to have knowledge or information relevant to the facts and the claims asserted in Plaintiff's Complaint and indicate the scope and nature of such Person's knowledge.

### RESPONSE TO NO. 1:

Defendant further objects to Plaintiff's use of the phrase "relevant to the facts and the claims asserted" to the extent it calls for a legal conclusion.  Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations.  Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Without waiving the foregoing objections, *see* Defendant's Rule 26(a) Initial Disclosures.

### INTERROGATORY NO. 2:

Identify each Person (other than Your attorneys) who assisted in the preparation of Your responses to these interrogatories and the specific interrogatories with which each such Person assisted and list all documents You consulted to prepare Your answers to these interrogatories.

**RESPONSE TO NO. 2:**

Defendant objects to this Interrogatory on the basis of attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Without waiving the foregoing objections, Defendant states:

1.    Jennifer Mecklenburg, Enterprise Leasing Company of Chicago, LLC

**INTERROGATORY NO. 3:**

Identify each and every Person and/or department and/or other corporate unit responsible for, involved in, or that assisted in the development of any of Your policies or practices concerning personal data, data privacy or protection, or cybersecurity, including any policies related to Biometrics.

**RESPONSE TO NO. 3:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "responsible for," "involved in," and "assisted in" as they are vague and ambiguous. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to this Interrogatory on the basis of attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Without waiving the foregoing objections, *see* Defendant's Responses to Plaintiffs' First Requests for Production of Documents.

**INTERROGATORY NO. 4:**

Describe and explain, in detail, all of Your policies, practices, or procedures concerning personal data, data privacy or protection, or cybersecurity, including any policies related to Biometrics. Include the date of implementation of any such policies, practices, or procedures.

**RESPONSE TO NO. 4:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "describe and explain, in detail," to the extent they are vague, ambiguous and undefined. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks

information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to the Interrogatory to the extent that it seeks information inappropriate for an interrogatory.

Without waiving the foregoing objections, *see* Defendant's Responses to Plaintiffs' First Requests for Production of Documents.

## INTERROGATORY NO. 5:

Describe any and all measures, steps, and otherwise actions taken by You to inform the public regarding, or make available to the public, any policies, practices, and procedures concerning personal data, data privacy or protection, or cybersecurity, including any policies related to Biometrics and the retention or destruction of Biometrics.

## RESPONSE TO NO. 5:

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "any and all measures, steps, and otherwise actions," "to inform the public regarding, or make available to the public," "any policies, practices, and procedures," "personal data," "data privacy or protection," and "cybersecurity" to the extent they call for a legal conclusion or are vague, ambiguous, and undefined. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Without waiving the foregoing objections, *see* Defendant's Responses to Plaintiffs' First Requests for Production of Documents.

## INTERROGATORY NO. 6:

If they exist, describe and explain, in detail, when all of Your policies, practices, or procedures Related to Biometrics were created, updated, implemented, discontinued, and/or evaluated, and the Person or entity which created, updated, implemented discontinued, and/or evaluated each such policy, practice, or procedure.

## RESPONSE TO NO. 6:

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms

"policies, practices, and procedures," to the extent they call for a legal conclusion or are vague, ambiguous, and undefined. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Without waiving the foregoing objections, Defendant states that it has a policy related to biometrics, which was created in 2016. Further, *see* Defendant's Responses to Plaintiffs' First Requests for Production of Documents.

## INTERROGATORY NO. 7:

For the Relevant Time Period, Identify the Persons most knowledgeable with regard to the technological and data processes associated with the flow of data involved in the Biometric Timekeeping System.

## RESPONSE TO NO. 7:

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "most knowledgeable," "technological and data processes," and "associated with the flow of data" to the extent they call for a legal conclusion and are vague, ambiguous, and undefined." Defendant further objects to Plaintiff's use of the terms "captured, collected, processed, stored, or used," as undefined, vague, and ambiguous and to the extent they call for a legal conclusion. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

## INTERROGATORY NO. 8:

Describe in detail the process(es) by which You provide Data and Documents to Any Third Party, vendor, or other Person or entity in order to facilitate the conducting of payroll processing and employee time management, including the identity and role of any software, vendors, contractors, equipment, hardware, or any other item or object, whether tangible or intangible, involved in such process(es).

## RESPONSE TO NO. 8:

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "provide," and "involved in such process(es)" as undefined, vague, and ambiguous. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Without waiving the foregoing objections, Defendant states that it has not transmitted any individual's biometric information or data to any third-party entity.

**INTERROGATORY NO. 9:**

If you contend that You do not violate any state or federal laws related to biometric collection or biometric timekeeping, state the basis, including application of law to fact, for this contention.

**RESPONSE TO NO. 9:**

Defendant objects to Plaintiff's use of the terms "state or federal laws related to biometric collection or biometric timekeeping," as undefined, vague, and ambiguous and to the extent they call for a legal conclusion. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant finally objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or attorney work product doctrines.

Without waiving the foregoing objections, Defendant states that it does not violate any state or federal laws related to biometric collection or biometric timekeeping.

**INTERROGATORY NO. 10:**

Identify all Data and/or Documents generated and/or provided by You or made available by You to Any Third Party, any vendor, or any other Person or entity to facilitate the provisioning of any and all services Related To the Biometric Timekeeping System, including timekeeping or payroll processing services. For any such Third Party, vendor, or other Person, Describe (i) the process by which You generated and/or provided such Data and/or Documents to such third party, vendor, or person, including the frequency if such Data or Documents are

recurring in nature, (ii) the Data or Document from which the subject Data or Document is generated, derived, or prompted, (iii) the manner in which You store, use, and/or process the Data and/or Document for payroll processing purposes, and (iv) any and all known technical formats of the Data and/or Document.

**RESPONSE TO NO. 10:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "provide," "made available," "process," "generated, derived, or prompted," "store, use, and/or process," and "technical formats" as undefined, vague, and ambiguous. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Without waiving the foregoing objections, Defendant states that it has not transmitted any individual's biometric information or data to any third-party entity.

**INTERROGATORY NO. 11:**

Identify all Persons and/or entities who were ever in possession of any of the Data and/or Documents identified/described in response to Interrogatory No. 10, Including but not limited to all Persons or entities to whom, or from whom, any Data and/or Documents identified/described in response to Interrogatory No. 10, is transmitted, disseminated, disclosed, or redisclosed.

**RESPONSE TO NO. 11:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "transmitted, disseminated, disclosed, or redisclosed" as undefined, vague, and ambiguous. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Without waiving the foregoing objections, Defendant states that it has not transmitted any individual's biometric information or data to any third-party entity.

**INTERROGATORY NO. 12:**

To the extent that any Data or Documents identified or described in response to Interrogatory No. 10 was transmitted, disseminated, disclosed, or redisclosed to any Person or entity by You, Identify and Describe the process(es) by which such Data or Documents was transmitted, disseminated, disclosed, or redisclosed, Including but not limited to the technology utilized for such transmission, dissemination, disclosure or redisclosure.

**RESPONSE TO NO. 12:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "transmitted, disseminated, disclosed, or redisclosed" as undefined, vague, and ambiguous. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Without waiving the foregoing objections, Defendant states that it has not transmitted any individual's biometric information or data to any third-party entity.

**INTERROGATORY NO. 13:**

If you contend that any Data or Documents that You receive, use, or rely upon to track the time of Your employees and/or workers on Your behalf does not constitute Biometrics, explain the legal and factual basis for such contention, and Identify all Data and Documents You contend support such basis.

**RESPONSE TO NO. 13:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "Biometrics" to the extent it calls for a legal conclusion and "receive, use, or rely upon" as vague, ambiguous, and undefined. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant finally objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or attorney work product doctrines.

Without waiving the foregoing objections, Defendant states that it does not collect, capture, or possess biometric information.

**INTERROGATORY NO. 14:**

Identify and describe in detail any agreement, whether in writing or otherwise, between You and any staffing agency for the provisioning of any service whatsoever. For each such agreement, Identify all Data and Documents concerning or memorializing the same.

**RESPONSE TO NO. 14:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "staffing agency" and "provisioning of any service" to the extent it calls for a legal conclusion and is vague, ambiguous, and undefined. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to the Interrogatories as overly broad, unduly burdensome, and not proportionate to the needs of this case.

**INTERROGATORY NO. 15:**

Identify and describe in detail any agreement, whether in writing or otherwise, between You and any other Person or entity for the provisioning of staffing services for You in Illinois at any time during the Relevant Time Period.

**RESPONSE TO NO. 15:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "provisioning of staffing services" to the extent it calls for a legal conclusion and is vague, ambiguous, and undefined. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to the Interrogatories as overly broad, unduly burdensome, and not proportionate to the needs of this case.

**INTERROGATORY NO. 16:**

Identify the total number of individuals in Illinois who were employed by You, worked for You pursuant to a third-party staffing arrangement, or worked in any of Your facilities in Illinois during the Relevant Time Period.

**RESPONSE TO NO. 16:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the term "third-party staffing arrangement" to the extent they call for a legal conclusion, and "worked in any of your facilities" as undefined, vague and ambiguous. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to the Interrogatory to the extent that it seeks information relating to individuals beyond the named Plaintiff, on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and because the case has not been certified as a class action.

**INTERROGATORY NO. 17:**

Identify and Describe the process, if any, by which You obtain consent and/or otherwise inform individuals that You are collecting, capturing, storing, handling, obtaining, or otherwise using their Biometrics and/or other information or Data pertaining to such individuals. Include the implementation date of such process(es).

**RESPONSE TO NO. 17:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Without waiving the foregoing objections, Defendant states that employees are asked to provide electronic and written consent for the collection, capture, storage, handling, obtaining, or use of biometric information prior to using any timekeeping system at issue in this matter. Such consent procedures were implemented in 2016, when Defendant began utilizing the timekeeping

systems at issue in this matter. Further, *see* Defendant's Responses to Plaintiffs' First Requests for Production of Documents.

## INTERROGATORY NO. 18:

Identify the total number of individuals in Illinois who used or were otherwise subject to any Biometric Timekeeping System owned, leased, controlled, or possessed by You, or any Biometric Timekeeping System located within any facility in Illinois owned, leased, controlled, or possessed by You, during the Relevant Time Period.

## RESPONSE TO NO. 18:

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the term "law relating to biometric information" to the extent they call for a legal conclusion, and "how you first learned in any manner" as undefined, vague and ambiguous. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to the Interrogatory to the extent that it seeks information relating to individuals beyond the named Plaintiff, on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and because the case has not been certified as a class action. Defendant objects to this Interrogatory to the extent it seeks confidential information concerning individuals who are not a party to this lawsuit. Defendant finally objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or attorney work product doctrines.

## INTERROGATORY NO. 19:

Identify and Describe any insurance agreement or policy which may satisfy in whole or in part any judgment which may be entered in this Lawsuit or to indemnify or reimburse for payments made to satisfy any such judgment or costs of defense or other litigation costs or expenses arising from this Lawsuit, including the policy number and applicable limits for each such insurance agreement or policy. You may produce a copy of said insurance policy in lieu of any Identification and Description.

**RESPONSE TO NO. 19:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the term "law relating to biometric information" to the extent they call for a legal conclusion, and "how you first learned in any manner" as undefined, vague and ambiguous. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to the Interrogatory to the extent that it seeks information relating to individuals beyond the named Plaintiff, on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the pending action nor reasonably calculated to lead to the discovery of admissible evidence, and because the case has not been certified as a class action. Defendant objects to this Interrogatory to the extent it seeks confidential information concerning individuals who are not a party to this lawsuit. Defendant finally objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or attorney work product doctrines.

**INTERROGATORY NO. 20:**

With respect to the Biometric Timekeeping System at issue in this Lawsuit, identify and describe all device(s) that store an encrypted mathematical representation of an employee's fingerprint, including Identifying the device(s)' purchaser, owner, installer, and manufacturer.

**RESPONSE TO NO. 20:**

Defendant objects to this Interrogatory as it contains subparts and presents compound, conjunctive, or disjunctive questions. Defendant further objects to Plaintiff's use of the terms "encrypted mathematical representation," and "device(s)' purchaser, owner, installer, and manufacturer," to the extent they call for a legal conclusion and are vague, ambiguous and undefined. Defendant objects to this Interrogatory on the basis that it seeks information on matters that are not stated with the requisite reasonable particularity, is unlimited in temporal scope, and seeks information outside the relevant statute of limitations. Defendant objects to this Interrogatory on the grounds that it is unduly burdensome, overbroad, vague, and ambiguous, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to the Interrogatory to the extent that it seeks information inappropriate for an interrogatory.

Without waiving the foregoing objections, *see* Defendant's Responses to Plaintiffs' First

Requests for Production of Documents

**DATED:  July 21, 2021**                          Respectfully submitted,


                                                   ENTERPRISE LEASING COMPANY OF
                                                   CHICAGO, LLC


                                                   By:___*s/Thomas E. Ahlering*_____
                                                        Thomas E. Ahlering

Thomas E. Ahlering, IL No. 6295744
*tahlering@seyfarth.com*
Alexandra S. Oxyer, IL 6324449
*aoxyer@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

***Counsel for Defendants***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 21st day of July, 2021, I served the foregoing on the

following counsel of record by electronic mail and U.S. Mail:


<u>/s/*Thomas E. Ahlering*</u>
Thomas E. Ahlering