# EXHIBIT F

**From:** Timothy Kingsbury tkingsbury@mcgpc.com
**Subject:** Re: Wordlaw v. Enterprise - Draft JSR and Notices of Deposition [SEYFARTH-SEY1.FID7905872]
**Date:** November 19, 2021 at 8:01 PM
**To:** Cockroft, Andrew R. ACockroft@seyfarth.com
**Cc:** Brendan Duffner bduffner@mcgpc.com, Yovanic, Jr., Paul J PYovanic@seyfarth.com, Dixon, Brandon L. bdixon@seyfarth.com, Foley, Erin Dougherty EDFoley@seyfarth.com, Evan Meyers emeyers@mcgpc.com

Andrew,

Your colleague Paul's October 25 email says: "[W]e managed to streamline the pool of former employees, and we are now at the stage of looking through those personnel files and pulling the consent forms. Many of the personnel files are housed in offsite storage facilities, which the client was unable to obtain until last week. Our client anticipates completing the review of those files by the end of the month, if not earlier. We remain committed to getting you information by the end of the month, as promised." Thus, as of October 25, you represented that your client had "obtained" the former employee records and, "as promised," you would produce the information by the end of October. No such information was produced, and your November 17 email says that the production of former employee information is now, in your view, "unmanageable." Your representation is entirely inconsistent with Paul's previous representation.

I also disagree with you labeling Defendants' current document production as "substantial compliance." You have produced purported consent forms for 247 individuals, and told us that your client has (but now apparently cannot produce) consent forms for over 4,000 more. Thus, your client has now been unwilling to produce more than 90% of the consent forms that it has admitted are in its possession and that it promised to produce. That is hardly "substantial" compliance.

With respect to the subjects of Plaintiff's forthcoming motion to compel, I have reattached for your convenience Plaintiff's correspondence from September 17, 2021, which addresses the deficiencies in (1) Defendants' written responses to Plaintiff's discovery requests, (2) Defendants' document production (or lack thereof), and (3) Enterprise Leasing Company of STL's failure to comply with Plaintiff's subpoena. Also attached is my September 17, 2021 email requesting a meet and confer on these subjects. To the extent Defendants and Enterprise Leasing of STL intend to rectify the deficiencies identified in Plaintiff's correspondence and believe they can do so by December 1, 2021, please let us know. If that is the case, we would of course reevaluate whether a motion to compel is necessary. We have no interest in having to involve the Court with a discovery dispute, but given the upcoming discovery deadline (which was already extended from the previous deadline), we will have no choice but to move to compel if we cannot timely get the discovery we seek and Defendants have admitted is in their possession.

Best regards,
Tim

Tim Kingsbury
**McGUIRE LAW, P.C.**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
tkingsbury@mcgpc.com
T: (312) 893-7002
D: (312) 820-9009
F: (312) 275-7895
www.mcgpc.com


Wordlaw v. Enterpr...nc..pdf


Wordlaw v. Enterpr...LC.pdf


Wordlaw v. Enterpr...TL.pdf

Case: 1:20-cv-03200 Document #: 56-6 Filed: 12/03/21 Page 3 of 6 PageID #:436


Wordlaw v Enterpr...ce.pdf

On Nov 19, 2021, at 3:36 PM, Cockroft, Andrew R. <ACockroft@seyfarth.com> wrote:

Tim,

We believe you have again mischaracterized our position and mischaracterized our previous meetings and correspondence. The reference to "unmanageability" below is simply a description of written correspondence we have sent to Plaintiff and our phone conferences regarding discovery. Despite your efforts to build a record for compelling production, nothing in our prior correspondence was, by any means, new and has been consistent with our position during our meet and confers.

We believe motion practice is a waste of the parties' time considering that we have been in substantial compliance with everything you have explicitly asked for since the parties began meeting and conferring on these matters.

Regardless, please let us know by **Tuesday, November 23, 2021** what you seek in your motion to compel so they we may continue our efforts to produce this information. To the extent you are seeking anything other than the consent documents we have been meeting and conferring on since September, please let us know when you initially proposed meet and conferring on that production.

We are working with our client on the dates you proposed and will let you know availability soon.

Best,
Andrew

**Andrew R. Cockroft** | Associate | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5987 | Fax: +1-312-460-7987
acockroft@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Timothy Kingsbury <tkingsbury@mcgpc.com>
**Sent:** Wednesday, November 17, 2021 6:39 PM
**To:** Cockroft, Andrew R. <ACockroft@seyfarth.com>
**Cc:** Brendan Duffner <bduffner@mcgpc.com>; Yovanic, Jr., Paul J <PYovanic@seyfarth.com>; Dixon, Brandon L. <bdixon@seyfarth.com>; Foley, Erin Dougherty <EDFoley@seyfarth.com>; Evan Meyers <emeyers@mcgpc.com>
**Subject:** Re: Wordlaw v. Enterprise - Draft JSR and Notices of Deposition [SEYFARTH-SEY1.FID7905872]

**[EXT. Sender]**

Andrew,

Thanks for providing Defendants' position in the status report, which we will file shortly. Your description of our November 5 call, however, is not accurate. On our call, which I requested in order to get the status on your client's outstanding document production, you raised the idea of providing a declaration to us for organizational purposes in order to explain which groups of consent forms matched up with which Enterprise subsidiaries, and I said that such a declaration should also identify the number of individuals who used the timekeeping system at any particular subsidiary, since you said the number of consent forms would be over-inclusive. We never discussed, and I certainly never agreed to, your client providing a declaration in lieu of the documents your colleague Paul, in his October 25 email, said your client had access to and promised would be provided to us by the end of October.

And now, your email below indicates that you've determined Paul's promised production would be "unmanageable" and will not be provided to us. Thus, we see little choice but to move forward with a motion to compel. As for your suggestion that depositions should have been discussed on our last call, I completely disagree. Obviously, as of our last call we were trusting in your representation that your client would be producing documents for former employees, so there was little point in discussing depositions then.

As I said in my email below, we are willing to work with you on the deposition dates and times, so let us know if the dates I have noticed work for you.

Best regards,
Tim

Tim Kingsbury
**MCGUIRE LAW, P.C.**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
tkingsbury@mcgpc.com
T: (312) 893-7002
D: (312) 820-9009
F: (312) 275-7895
www.mcgpc.com [mcgpc.com]

**From:** Cockroft, Andrew R. <ACockroft@seyfarth.com>
**Date:** Wednesday, November 17, 2021 at 5:26 PM
**To:** Timothy Kingsbury <tkingsbury@mcgpc.com>
**Cc:** Brendan Duffner <bduffner@mcgpc.com>, Yovanic, Jr., Paul J <PYovanic@seyfarth.com>, Dixon, Brandon L. <bdixon@seyfarth.com>, Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Subject:** RE: Wordlaw v. Enterprise - Draft JSR and Notices of Deposition [SEYFARTH-SEY1.FID7905872]

Counsel,

Your position in this status report is inconsistent with the understanding we reached during our phone conference on November 5, 2021. We agreed to provide Plaintiffs with signed consent forms for active employees, which we explained were more readily ascertainable and available than those of the thousands of former employees who worked at Enterprise locations in Illinois. We produced that information on November 10.

As we have previously explained on October 25, 2021 and on our November 5, 2021 phone call, while we initially anticipated being able to "produce all . . . written consents" for individuals in the putative class, we realized after making several attempts to collect written consent forms for more than 4000 former Enterprise employees that such efforts would be unmanageable. Further, any information obtained through those efforts would necessarily be over-inclusive given that many individuals signed forms despite never using the at-issue timekeeping system. Thus, on the November 5, 2021 call, we proposed that Defendants would provide declaration detailing the relevant timekeeping practices at relevant locations, providing copies of the relevant policies and acknowledgment forms, and verifying the Company obtained such signatures as a matter of course. During that call, Plaintiff agreed that this course would satisfy the outstanding requests for information. Crucially, Plaintiff never mentioned seeking depositions of any witnesses for Defendant, something that surely should have been discussed during the last meet and confer call.

Defendants still intend to provide the declaration discussed during the November 5, 2021 meet and confer call and for that reason, we believe the depositions noticed below and the motion to compel referenced in the joint status report are not a fruitful use of the parties' resources.

Defendants' position with respect to the joint status report is in the attached.

Regards,
Andrew

**Andrew R. Cockroft** | Associate | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5987 | Fax: +1-312-460-7987
acockroft@seyfarth.com | http://www.seyfarth.com

acockroft@seyfarth.com | http://www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Timothy Kingsbury <tkingsbury@mcgpc.com>
**Sent:** Wednesday, November 17, 2021 1:58 PM
**To:** Yovanic, Jr., Paul J <PYovanic@seyfarth.com>; Dixon, Brandon L. <bdixon@seyfarth.com>; Cockroft, Andrew R. <ACockroft@seyfarth.com>; Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Cc:** Brendan Duffner <bduffner@mcgpc.com>
**Subject:** Wordlaw v. Enterprise - Draft JSR and Notices of Deposition

**[EXT. Sender]**

Counsel,

Please see attached, we have prepared a draft joint status report in advance of today's filing deadline. I expect that you may want to include a separate section on Defendants' position, but if not, please let us know and we'll get the report on file.

Also, I have attached deposition notices for Paula Keller and Miranda Harrell. We are willing to work with you on dates and times, so please let us know as soon as possible whether December 7 and December 8 work on your end.

Thank you,
Tim

Tim Kingsbury
**MCGUIRE LAW, P.C.**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
tkingsbury@mcgpc.com
T: (312) 893-7002
D: (312) 820-9009
F: (312) 275-7895
www.mcgpc.com [mcgpc.com]