IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | Case No. 20-cv-03200 |
| v. | Hon. Manish S. Shah |
| ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC., | Magistrate Gabriel A. Fuentes |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE TO ISSUE SUBPOENA
FOR DOCUMENTS TO THIRD PARTY KRONOS INCORPORATED**

Plaintiff Dawon Wordlaw ("Plaintiff"), through her attorneys, hereby respectfully requests that this Honorable Court grant Plaintiff leave to issue a subpoena for documents to third party Kronos Incorporated ("Kronos"). Plaintiff's proposed Subpoena, consisting of a single document request, is attached hereto as Exhibit 1. Plaintiff has conferred with Defendants, and Defendants oppose the relief sought herein. In support of her Motion, Plaintiff states as follows:

1. On April 1, 2022, the Court entered an Order granting Plaintiff's Unopposed Motion for Extension of the April 1, 2022 Fact Discovery Cutoff. (Dkt. 77). The Court extended the fact discovery cutoff in this matter to April 29, 2022 solely for the purpose of obtaining records from Kronos Incorporated and conducting Rule 30(b)(6) depositions of Defendants Enterprise Leasing Company of Chicago, LLC ("Enterprise Chicago") and Enterprise Holdings, Inc. ("Enterprise Holdings"). The Court's April 1, 2022 Order stated that no other discovery would be allowed.

1

2. Plaintiff respectfully submits that there is good cause to permit her to issue her proposed Subpoena to Kronos, which contains a single request for Kronos to produce a list identifying all putative class members in this case whose biometric fingerscan templates were transmitted to and stored on Kronos' servers. (*See* Ex. 1).

3. First, as Plaintiff only learned through her Rule 30(b)(6) deposition of Enterprise Holdings conducted on April 8, 2022, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Indeed, John O'Neill, one of Enterprise Holdings' Rule 30(b)(6) designees, testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* April 8, 2022 Transcript of John O'Neill, relevant excerpts of which are attached hereto as Exhibit 2, at 18:7-33:15).

4. As the Court is aware, Plaintiff previously issued a subpoena for documents to Kronos in this litigation on February 28, 2022. (*See* Dkt. 66). However, that subpoena did not request a list of putative class members whose fingerscan data was transmitted to and stored on Kronos' Workforce Central cloud platform. This was not an oversight by Plaintiff. Rather, at the time of the issuance of that first subpoena to Kronos, Defendants had not disclosed that their fingerscan timeclocks relied on Workforce Central or any other Kronos service. Indeed, Defendants did not disclose their use of Kronos' Workforce Central cloud platform until March 28, 2022, a full month after Plaintiff issued that third-party subpoena. (*See* March 28, 2022 Correspondence, attached hereto as Exhibit 3 (wherein Defendants produced, *inter alia*, a "recently discovered" contract between Enterprise Holdings and Kronos for Kronos' Workforce Central

cloud services)). Until that point, and as discussed in Defendants' now-withdrawn Motion to Quash Plaintiff's first subpoena, Defendants had not produced any information about, or even disclosed the existence of, any data-sharing relationship between Defendants' timeclocks and Kronos. (*See* Dkt. 66, ¶¶ 21-22 ("[T]he only relevant contracts between Kronos and Defendants are those that involve the supply of a biometric time clock . . . Defendants have already produced the biometric time clock agreement between Kronos and Defendant Enterprise Holdings, which is the only biometric time clock agreement with Kronos among either of Defendants."). In other words, at the time she issued her first subpoena to Kronos on February 28, 2022, Plaintiff had no reason to believe that Defendants' fingerscan timeclocks were linked to a Kronos server, had no reason to believe that Defendants used a Kronos cloud-based timekeeping service, and had no reason to believe that Kronos could identify Enterprise workers who had enrolled fingerscans in Defendants' timeclocks.

5. To the contrary, Defendants informed Plaintiff on February 9, 2022, that they could not produce "a list of individuals that used the subject timekeeping system," and that "Defendants do not have such a list, nor do they have information in order to create a list." (*See* February 9, 2022 Correspondence, attached hereto as Exhibit 4). While Plaintiff believes Defendants' February 9, 2022 representation is directly contradicted by Mr. O'Neill's deposition testimony, which confirms that ███████████████████████████████████ (Ex. 2, O'Neill Dep. Trans., at 26:13-17), Plaintiff does not wish to burden the Court with further motion practice concerning discovery disputes with Defendants. Instead, Plaintiff anticipates, based on Mr. O'Neill's testimony, ████████████████████████████████████████████████████████████
████████████████████████████████████

3

6. Moreover, Plaintiff's proposed Subpoena is directly relevant to her forthcoming motion for class certification, in which she will bear the burden of showing that a class of individuals whose biometric information was collected and disclosed to Kronos without their consent is sufficiently numerous and ascertainable. *Howard v. Cook County Sheriff's Office*, 989 F.3d 587, 597 (7th Cir. 2021) ("To achieve certification, a proposed class under Rule 23(b) must meet the requirements of Rule 23(a)—numerosity, typicality, commonality, and adequacy of representation—and one of the alternatives listed in Rule 23(b)"); *Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011) ("Although discovery may in some cases be unnecessary to resolve class issues, in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class").

7. Plaintiff brings this Motion in good faith and not for purposes of delay. Plaintiff fully appreciates that the Court has already permitted several fact discovery extensions in this case and submits that she has endeavored to conduct discovery as efficiently as possible. As per the Court's April 1, 2022 Order, Plaintiff will not seek any additional fact discovery beyond what is sought in her proposed Subpoena.

8. Plaintiff will be moving for class certification, and Plaintiff believes that the information requested by the proposed Subpoena will benefit the Court by streamlining the issues and evidence presented in Plaintiff's forthcoming motion for class certification. Moreover, Plaintiff submits that permitting her proposed Subpoena will not require any undue delay in class certification briefing or pose any prejudice to Defendants. To the contrary, denying Plaintiff the opportunity to obtain clearly relevant class certification discovery from Kronos would reward Defendants for sandbagging Plaintiff and refusing to produce extremely relevant documents (namely Enterprise Holdings' agreement with Kronos for Workforce Central cloud services) until

March 28, 2022—four days before the Court's prior April 1, 2022 fact discovery cutoff, and nearly a full year after Plaintiff requested all agreements between Enterprise Holdings and any third-party vendor, such as Kronos, relating to Defendants' timeclocks. (*See* Plaintiff's April 27, 2021 Requests for Production to Enterprise Holdings, at Document Request No. 4, attached hereto as Exhibit 5).

      WHEREFORE, for the foregoing reasons, Plaintiff Dawon Wordlaw respectfully requests that the Court enter an Order: (i) granting her leave to issue her proposed Subpoena to Kronos Incorporated, and (ii) for such further and other relief the Court deems reasonable and just.

Dated: May 5, 2022　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　DAWON A. WORDLAW, individually and on behalf of a class of similarly situated individuals,

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Timothy P. Kingsbury
　　　　　　　　　　　　　　　　　　　　　　*One of Plaintiff's Attorneys*

Evan M. Meyers
Timothy P. Kingsbury
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
tkingsbury@mcgpc.com
bduffner@mcgpc.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on May 5, 2022, I caused the foregoing *Plaintiff's Motion for Leave to Issue Subpoena for Documents to Third Party Kronos Incorporated* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all following counsel of record.

                                                   /s/ Timothy P. Kingsbury
                                                   *One of Plaintiff's Attorneys*