# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>     Defendants. | Case No. 20-cv-03200<br><br>Hon. Manish S. Shah<br><br>Magistrate Gabriel A. Fuentes |

**SCHEDULE TO SUBPOENA TO KRONOS INCORPORATED**

   Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Dawon Wordlaw requests that You cause to be delivered all of the following documents that are in Your possession, custody, or control, including documents within the possession, custody, or control of Your officers, agents, attorneys, or employees, to the following persons by 5:00 p.m. on May \_\_\_\_, 2022:

Timothy P. Kingsbury
tkingsbury@mcgpc.com
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, Illinois 60601
Tel: (312) 820-9009

1

## **DEFINITIONS**

1. "ENTERPRISE" means Enterprise Holdings, Inc., Enterprise Leasing Company of Chicago, LLC, or Enterprise Leasing Company – Midwest LLC.

2. "FINGERSCAN TEMPLATE" means the template generated from an individual's use of finger scan technology in Kronos InTouch timeclocks.

3. "DOCUMENT", "DOCUMENTS", or "DATA" is defined to have the broadest possible meaning as allowed under the Federal Rules of Civil Procedure and includes all writings, Communications, Correspondence, drawings, graphs, charts, photographs, sound recordings, images, biometric identifiers, biometric information, biometric templates, numerical identifiers, portions of biometric identifiers, portions of biometric information, portions of biometric templates, and other data or data compilations, including ESI—stored in any medium from which information can be obtained and regardless whether such information is encrypted or decrypted. These terms shall also mean copies of Documents even though the originals are not in your possession, custody or control; every copy of a Document that contains handwritten or other notations or that otherwise does not duplicate the original of any other copy; and all attachments to any Document. "DOCUMENT" or "DOCUMENTS" automatically includes all "ELECTRONICALLY STORED INFORMATION" or "ESI."

4. "IDENTIFY," when used with respect to a natural person, means to state the person's full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the parties herein.

5. "IDENTIFY," when used in reference to an event, transaction, or occurrence, means to describe the act in complete and reasonable detail; state the time, date, location; identify all persons participating or present; and identify all documents relating thereto

6.      "RELATING TO" or "RELATED TO," including its various forms such as "relates to," means to consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described.

7.      "RELEVANT TIME PERIOD" means or refers to the period beginning five (5) years prior to the original filing of the above-captioned action, or April 3, 2015, through the present. Unless otherwise indicated, all Topics below shall mean for the Relevant Time Period.

8.      "YOU" or "YOUR" means or refers to Kronos Incorporated and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

## INSTRUCTIONS

1.      Please contact the attorney issuing this Subpoena, Timothy P. Kingsbury, at (312) 820-9009 or by email at tkingsbury@mcgpc.com at your earliest convenience. **The intent is to avoid or minimize unnecessary expenses or burdens on You through early and cooperative communication**.

2.      If, in responding to any of these document requests, You encounter any ambiguity in construing either the request or any instruction relevant to the request, You should nonetheless respond to the request and state the matter deemed ambiguous and the construction used in responding to the request.

3.      If You object to any request on the basis that the time period covered by the request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider proper for that request and provide Documents for that time period, preserving Your objection to the remainder of the time period.

4.      If You object or otherwise refuse to respond to any portion of any request, state the nature and basis of the objection or reason for such refusal in sufficient fashion to permit

3

the court to rule on the validity of the objection and provide Documents responsive to all portions of the request that are not claimed to be objectionable.

5. If any Document requested has been lost or destroyed since its creation, Identify the nature of the Document (e.g., letter, email, etc.), the date of the Document, the persons who sent and received the original and copies of the Document, a summary of the content of the Document and describe when, where, how, and by whom said document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

6. Where a request addresses acts or omissions of any entity, it shall be construed and interpreted to apply to the acts or omissions of that entity and the acts or omissions of that entity's employees, assigns, contractors, and any other agent of that entity.

7. Defined terms need not be capitalized to retain their defined meaning.

8. The singular includes the plural and vice versa.

9. The past tense includes the present tense where the meaning is not distorted by change of tense.

10. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

11. "Each" shall be construed to include and encompass "all."

12. "Any" and "all" shall be construed to include "each" and "each and every" and vice versa so as to acquire the broadest meaning possible.

13. "Including" means "including, but not limited to." "Includes" means "includes, but not limited to."

14. The particularity or generality of any single request shall not limit any other request.

15. For any term used herein that is not otherwise specifically defined, the common

and ordinary meaning of such term is intended. Any ambiguity in any of the requests shall be resolved so as to construe the requests as broadly as possible to the full extent permitted under the Federal Rules of Civil Procedure.

16. When producing the requested Documents, You are to designate for which specific request or requests the Document is responsive or produce the Documents as they are kept in the ordinary course of business.

17. All Documents are to be produced in the form, order, and manner in which they are generated and maintained by You in the usual course of Your everyday routine business activities. Documents are to be produced in folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such manner that the office and location from which they were produced is readily identifiable. Whenever a Document or a group of Documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the Document or group of Documents was removed.

18. If any Document requested has been lost or destroyed since its creation, Identify the nature of the Document (e.g., letter, email, etc.), the date of the Document, the persons who sent and received the original and copies of the Document, a summary of the content of the Document and describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the person(s) who last had custody thereof.

19. Unless otherwise specified, these Document requests pertain to the Relevant Time Period, as defined above.

**Documents Requested**

**DOCUMENT REQUEST NO. 1**

Produce a list of, Workforce Central report of, or all Data sufficient to Identify, all individuals whose Fingerscan Templates were sent to, transmitted to, transferred to, or stored on Kronos Workforce Central, or any server owned or operated by You, through a Kronos InTouch timeclock that You sold or otherwise provided to Enterprise during the Relevant Time Period.

Dated: May __, 2022

DAWON A. WORDLAW, individually and on behalf of similarly situated individuals

By:  /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Evan M. Meyers
Timothy P. Kingsbury
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
(312) 893-7002
emeyers@mcgpc.com
tkingsbury@mcgpc.com
bduffner@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

6