# EXHIBIT 4

**From:** Kays, Danielle <DKays@seyfarth.com>
**Date:** Wednesday, February 9, 2022 at 3:04 PM
**To:** Yovanic, Jr., Paul J <PYovanic@seyfarth.com>, Timothy Kingsbury <tkingsbury@mcgpc.com>, Foley, Erin Dougherty <EDFoley@seyfarth.com>
**Cc:** Brendan Duffner <bduffner@mcgpc.com>, Evan Meyers <emeyers@mcgpc.com>
**Subject:** RE: Wordlaw v. Enterprise - Defendants' Outstanding Discovery

Dear Counsel,

As you know, I recently appeared as counsel of record for Defendants in this case and will be working with Erin Dougherty Foley and Paul Yovanic.

I address a few points in response to your email from late last night:

- Paula Keller did not testify during deposition that there affirmatively were "communications between Enterprise Holdings, Inc. and Enterprise Chicago about the Kronos timeclocks." Instead, she speculated that she believed there was an email, but she did not receive it, and she did not know who received an email, if anyone. Defendants have searched for an email pursuant to your request, and while our former colleague Andrew Cockcroft agreed to supplement either Defendants' production with responsive documents, if Defendants had any, Defendants since have confirmed they are not aware of any responsive documents in their possession.
- We are not refusing to produce a list of individuals that used the subject timekeeping system. Rather, Defendants do not have such a list, nor do they have information in order to create a list. The estimated number that Enterprise Leasing provided in the supplemental interrogatory responses does not equate to a list of employees that used the subject timekeeping system.

With respect to Plaintiff's discovery, we have not yet received a new verification of Plaintiff's original interrogatory responses, since Plaintiff testified during deposition that she did not read them before signing and verifying them under oath. Please provide a new verification to us.

We are available to meet and confer by telephone at 4:45 today, or the remainder of this week.

Thank you.


**Danielle M. Kays** | Counsel | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5674 | Fax: +1-312-460-7674
dkays@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Yovanic, Jr., Paul J <PYovanic@seyfarth.com>
**Sent:** Wednesday, February 9, 2022 8:52 AM
**To:** Timothy Kingsbury <tkingsbury@mcgpc.com>; Foley, Erin Dougherty <EDFoley@seyfarth.com>; Kays, Danielle <DKays@seyfarth.com>
**Cc:** Brendan Duffner <bduffner@mcgpc.com>; Evan Meyers <emeyers@mcgpc.com>
**Subject:** RE: Wordlaw v. Enterprise - Defendants' Outstanding Discovery

Tim:

Attached please find a copy of the time clock agreement between Kronos and EHI.

With respect to the other issues raised in your email below, we are jammed up with court hearings, meetings and a deposition today. However, Danielle will respond later today, at her earliest convenience.

Thanks,

Paul

**Paul J Yovanic Jr.** | Associate
Chicago | Ext: 735898 (+1-312-460-5898)
pyovanic@seyfarth.com
**From:** Timothy Kingsbury <tkingsbury@mcgpc.com>
**Sent:** Tuesday, February 8, 2022 9:48 PM
**To:** Yovanic, Jr., Paul J <PYovanic@seyfarth.com>; Foley, Erin Dougherty <EDFoley@seyfarth.com>; Kays, Danielle <DKays@seyfarth.com>
**Cc:** Brendan Duffner <bduffner@mcgpc.com>; Evan Meyers <emeyers@mcgpc.com>
**Subject:** Re: Wordlaw v. Enterprise - Defendants' Outstanding Discovery

**[EXT. Sender]**

Paul,

Attached please find Plaintiff's supplemental interrogatory responses and document production. Thank you for forwarding the draft status report. We will circulate proposed edits tomorrow.

Additionally, we would like to address your response to each of our discovery "bullet point" issues. Your assertion that Defendants lack responsive documents is quite confusing. Paula Keller testified under oath at her December deposition as to the existence of communications between Enterprise Holdings, Inc. and Enterprise Chicago about the Kronos timeclocks. And on January 11, 2022, Andrew Cockcroft informed us that Defendants intended to supplement their document production in accordance with Plaintiffs' December 17, 2021 deficiency letters (reattached for your convenience), which explicitly referenced communications between Enterprise Holdings, Inc. and subsidiaries about Kronos timeclocks. Moreover, it also seems to defy common sense that Enterprise subsidiaries would have

Kronos timeclock onboarding materials marked "Enterprise Holdings, Inc.," but at the same time neither Enterprise Holdings, Inc. or Enterprise Chicago would have any related communications. Further we met and conferred about this information *twice*, on December 28, 2021 and January 21, 2022. We were explicitly told on the January 21 call this information would be produced.

With respect to the agreement(s) between Enterprise Holdings, Inc. and Kronos, Plaintiff requested these documents well over a month ago, and we have been told several times that these would be produced. At this point, it is very difficult to understand how Enterprise could still be investigating the existence of such documents.

Finally, it appears you are saying Enterprise Chicago will refuse to produce the list of individuals subject to its timekeeping system, as requested in my February 4 email. Please confirm that is the case, and if it is, let us know your availability for a meet and confer tomorrow in advance of the deadline for our status report. As I said in my prior email, we unfortunately do not have time to accommodate any further delay in obtaining the documents and information we have sought and are entitled to. Thank you.

Best regards,
Tim

Tim Kingsbury
**MCGUIRE LAW, P.C.**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
tkingsbury@mcgpc.com
T: (312) 893-7002
D: (312) 820-9009
F: (312) 275-7895
www.mcgpc.com [mcgpc.com]

**From:** "Yovanic, Jr., Paul J" <PYovanic@seyfarth.com>
**Date:** Tuesday, February 8, 2022 at 10:38 AM
**To:** 'Timothy Kingsbury' <tkingsbury@mcgpc.com>, "Foley, Erin Dougherty" <EDFoley@seyfarth.com>, "Kays, Danielle" <DKays@seyfarth.com>
**Cc:** Brendan Duffner <bduffner@mcgpc.com>, Evan Meyers <emeyers@mcgpc.com>
**Subject:** RE: Wordlaw v. Enterprise - Defendants' Outstanding Discovery

Tim:

We have reviewed your email and provide the following responses for each bullet point set forth in your original email (our response is in red):

• Timeclock sales agreements with subsidiaries and any agreements between Enterprise Holdings, Inc. and Kronos.  Enterprise Holdings does not have timeclock sales agreements with subsidiaries.  We are looking into whether there is an agreement between Enterprise Holdings, Inc. and Kronos, and will produce if available.

• Communications (such as the emails from Enterprise Holdings, Inc. to subsidiaries referenced in Paula Keller's deposition, or communications between Enterprise Holdings, Inc. and Kronos) concerning Enterprise Holdings, Inc.'s provision of Kronos timekeeping equipment.  Neither Defendant has communications responsive to this request.

• Documents concerning Enterprise Holdings, Inc.'s "Helpdesk" policies or directions for answering subsidiaries' questions regarding technical support for the Kronos timeclocks or biometric timekeeping.  Aside from the timeclock documents previously produced (DEF396-DEF409), there are no additional responsive documents.

• Copies of any "Personnel Policies Summary" provided from Enterprise Holdings, Inc. to Enterprise Leasing Company of Chicago, LLC and Enterprise Leasing Company – Midwest LLC.  The Personnel Policies Summary was produced by EHI on 2/4/22 (DEF2457).

• Manuals or user guides for the human resources IT system PeopleSoft.  All manuals and user guides relating to PeopleSoft were produced by EHI on 2/4/22 (DEF1634-DEF2444).

• Manuals or user guides for the human resources IT system Workday.  Neither Defendant has documents responsive to this request.

• Manuals or user guides for the human resources IT system Workbrain.  All manuals and user guides relating to Workbrain were produced by EHI on 2/4/22 (DEF2445-DEF2451).

Aside from the first bullet point, all of the issues listed by you above are resolved.  Regarding responses to Plaintiff's Interrogatory Nos. 18 and Request for Production No. 9, Enterprise Leasing Chicago produced all consent forms of individuals that it is aware used a biometric time clock in Illinois, with the exception of a handful of individuals (though Enterprise Chicago remains confident that those individuals in fact signed a consent form, too, as consistent with Enterprise Leasing Chicago's standard practices).

In contrast, we have not received *any* of Plaintiff's supplemental information that you agreed to provide following our January 21, 2022 meet and confer, though you promised to provide the information by January 28, 2022.  Specifically, we have not received Plaintiff's supplemental answers to Defendants' Interrogatory Nos. 2 and 3, and an accounting of individuals she spoke with regarding her allegations in the Amended Complaint.  Nor have we received documents reflecting conversations between Plaintiff and potential class members.  We ask you to provide this supplemental information to us promptly.

Finally, attached is a draft status report which is due to the court on Wednesday.  We did not raise Plaintiff's failure to supplement discovery in this status report to the Court, as we expect you will timely supplement Plaintiff's discovery as agreed.  However, defendants reserve the right to include such discussion if information is not produced before submitting the status report.

Please let us know if you have any questions.

Thank you,

Paul


**Paul J Yovanic Jr.** | Associate | Seyfarth Shaw LLP
233 S. Wacker Drive | Suite 8000 | Chicago, Illinois 60606-6448
Direct: +1-312-460-5898 | Fax: +1-312-460-7095
pyovanic@seyfarth.com | http://www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Timothy Kingsbury <tkingsbury@mcgpc.com>
**Sent:** Friday, February 4, 2022 3:38 PM
**To:** Foley, Erin Dougherty <EDFoley@seyfarth.com>; Yovanic, Jr., Paul J <PYovanic@seyfarth.com>; Kays, Danielle <DKays@seyfarth.com>
**Cc:** Brendan Duffner <bduffner@mcgpc.com>; Evan Meyers <emeyers@mcgpc.com>
**Subject:** Wordlaw v. Enterprise - Defendants' Outstanding Discovery

**[EXT. Sender]**

Counsel,

On our January 21 meet and confer call, Andrew and Erin informed us that you would be producing the below documents:

- Timeclock sales agreements with subsidiaries and any agreements between Enterprise Holdings, Inc. and Kronos;
- Communications (such as the emails from Enterprise Holdings, Inc. to subsidiaries referenced in Paula Keller's deposition, or communications between Enterprise Holdings, Inc. and Kronos) concerning Enterprise Holdings, Inc.'s provision of Kronos timekeeping equipment;
- Documents concerning Enterprise Holdings, Inc.'s "Helpdesk" policies or directions for answering subsidiaries' questions regarding technical support for the Kronos timeclocks or biometric timekeeping;
- Copies of any "Personnel Policies Summary" provided from Enterprise Holdings, Inc. to Enterprise Leasing Company of Chicago, LLC and Enterprise Leasing Company – Midwest LLC;
- Manuals or user guides for the human resources IT system PeopleSoft;
- Manuals or user guides for the human resources IT system Workday;
- Manuals or user guides for the human resources IT system Workbrain.

We were informed that the top three category bullets would be produced at the latest by January 25, 2022. We were informed that the bottom four category bullets would be produced shortly thereafter. As of today, we have received none of these documents. As you can appreciate, in light of the current February 28, 2022 fact discovery cutoff we are very short on time and need these to be produced. We would prefer not to have to go back to the Court on this.

In addition, Defendant Enterprise Leasing Company of Chicago, LLC's supplemental response to Plaintiff's Interrogatory No. 18 confirms that Enterprise Chicago knows the identities of individuals who utilized the timekeeping system at issue in this case since April 2015. Plaintiff's Request for Production No. 9 requests all documents sufficient to identify such individuals, but no such documents have been

produced. Thus, Enterprise Chicago must produce a list of all individuals (including first name, last name, and date of first use of the time clock) referenced in Enterprise Chicago's supplemental response to Plaintiff's Interrogatory No. 18. This list should not be burdensome or take long at all to produce considering Enterprise Chicago has already identified such individuals, and is clearly relevant for determining whether Enterprise Chicago satisfied its obligation to obtain individuals' written consent under BIPA as it claims to have done.

Please let us know when we can expect to receive the above.

Thank you,
Tim

Tim Kingsbury
**MCGUIRE LAW, P.C.**
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
tkingsbury@mcgpc.com
T: (312) 893-7002
D: (312) 820-9009
F: (312) 275-7895
www.mcgpc.com [mcgpc.com]