# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | Case No. 20-cv-03200 |
| v. | Hon. Manish S. Shah |
| ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC. | Hon. Magistrate Gabriel A. Fuentes |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO ENTERPRISE HOLDINGS, INC.**

Plaintiff Dawon A. Wordlaw ("Plaintiff"), pursuant to Fed. R. Civ. P. 34, requests that Defendant Enterprise Holdings, Inc. answer the following First Set of Requests for Production in accordance with the definitions and instructions set forth herein, and provide responses and the documents requested below to Plaintiff's counsel within 30 days.

**Definitions**

1. "Any Third Party" shall mean or refer to any former or current Third-Party or that Third Party's divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them, which received, collected or stored the biometric information of Plaintiff Dawon A. Wordlaw.

2. "BIPA" shall refer mean or refer to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.

3. "BIOMETRIC IDENTIFIER(S)" shall mean any personal biological feature that is unique to an individual and includes, but is in no way limited to, fingerprints, voiceprints, palm scans, hand scans, voice recognition, facial recognition, and any other unique biological feature.

4. "BIOMETRIC INFORMATION" shall mean any and all information and/or data derived from a biometric identifier, regardless of the manner in which such information is converted or stored, was converted or stored, or will be converted and stored.

5. "BIOMETRIC(S)" shall collectively mean Biometric Identifiers and/or Biometric Information.

6. "BIOMETRIC TIMEKEEPING SYSTEM" shall mean or refer to any time clock(s), system, technology, software, or hardware used by Defendants during the Relevant Time Period involving Biometrics or the scanning, photographing, analysis, light measurement, or any other measurement of any biological feature or portion of biological feature.

7. "COMPLAINT" shall mean Plaintiff's First Amended Class Action Complaint, filed on September 21, 2020.

8. "CORRESPONDENCE" means or refers to all written and unwritten but recorded communications, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, including memos, letters, analog or digital recordings, voicemail, email, computer files, computer disks, or other correspondence or things sent or received by you to or from any entity, including correspondence or files maintained or exchanged internally within your business or with your employees.

9. "DOCUMENT", "DOCUMENTS", or "DATA" is defined to have the broadest possible meaning as allowed under the Federal Rules of Civil Procedure and includes all writings, Communications, Correspondence, drawings, graphs, charts, photographs, sound recordings,

images, biometric identifiers, biometric information, biometric templates, numerical identifiers, portions of biometric identifiers, portions of biometric information, portions of biometric templates, and other data or data compilations, including ESI—stored in any medium from which information can be obtained and regardless whether such information is encrypted or decrypted. These terms shall also mean copies of Documents even though the originals are not in your possession, custody or control; every copy of a Document that contains handwritten or other notations or that otherwise does not duplicate the original of any other copy; and all attachments to any Document. "DOCUMENT" or "DOCUMENTS" automatically includes all "ELECTRONICALLY STORED INFORMATION" or "ESI."

10. "ENTERPRISE LEASING COMPANY OF CHICAGO, LLC" or "ENTERPRISE CHICAGO" refers to Defendant Enterprise Leasing Company of Chicago, LLC . and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

11. "IDENTIFY," when used with respect to a natural person, means to state the person's full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the parties herein.

12. "IDENTIFY," when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (e.g., partnership, corporation, etc.), the address of its principal place of business, and to identify its principal proprietors, officers or directors.

13. "IDENTIFY," when used with respect to a document, means to state the date(s) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of document (e.g., "letter," "Terms of Service" or "email"), and to identify its last known custodian or location.

14. "IDENTIFY," when used in reference to an event, transaction, or occurrence, means to describe the act in complete and reasonable detail; state the time, date, location; identify all persons participating or present; and identify all documents relating thereto.

15. "IDENTIFY," when used with respect to a communication, means to state the type of communication (i.e., telephone discussion, email, face-to-face, etc.), the name and present address of each person present during the communication, or who otherwise observed or heard the communication and to state the subject matter of the communication and the date upon which it occurred. If the communication was in writing, identify all documents that relate or are related to the communication in the manner provided above.

16. "INCLUDING" means "including, but not limited to."

17. "INCLUDES" means "includes, but not limited to."

18. "LAWSUIT" means the above-captioned action pending as Case No. 2020-cv-03200 in the United States District Court for the Northern District of Illinois.

19. "PERSON" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

20. "PLAINTIFF" or "DAWON A. WORDLAW" or "WORDLAW" means or refers to Plaintiff Dawon A. Wordlaw.

21. "RELATING TO" or "RELATED TO," including its various forms such as "relates to," means to consist of, concern, discuss, mention, regard, refer to, reflect or be in any way logically, factually or legally connected, directly or indirectly, with the matter described

22. "RELEVANT TIME PERIOD," means the period beginning five (5) years prior to the original filing of Plaintiff's action, which occurred on April 3, 2020, through the present. Unless otherwise indicated, all Interrogatories shall mean for the Relevant Time Period.

23. "YOU," "YOUR," or "DEFENDANT" means or refers to Defendant Enterprise Holdings, Inc. and its divisions, subsidiaries, related companies, predecessors and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them.

## Instructions

1. If, in responding to these Requests, You encounter any ambiguity in construing either the request or any instruction relevant to the Request, You should nonetheless respond to the Request, set forth the matter deemed ambiguous, and You shall set forth the construction used in responding to the Request.

2. These are intended as continuing Requests having within them a duty to timely supplement the responses until and during the course of trial. Information sought by these Requests that You obtain after You serve Your responses must be disclosed to the Plaintiffs by supplementary responses.

3. If any Request is objected on the basis that the time period covered by the Request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider proper for that Request and provide Documents for that time period, preserving Your objection to the remainder of the time period.

4. If You object or otherwise refuse to respond to any portion of any Request, You shall (1) state the nature and basis of the objection or reason for such refusal in sufficient fashion

to permit the Court to rule on the validity of the objection and (2) provide Documents responsive to all portions of such Request that are not claimed to be objectionable.

5. If You object to answering all or any part of any Request on the grounds of privilege or work product, You are required to identify the privileged document(s) or communication(s), and with respect to each such privileged responsive document or communication identify:

(a) the date appearing on such document, or if no date appears, the date on which such document or ESI was prepared;

(b) ESI metadata creation, revision, transmission, receipt, and last access dates;

(c) the name of each person to whom such document or ESI was addressed;

(d) the name of each person, other than the addressee(s) identified in subparagraph (c) above, to whom such document or ESI, or copy thereof was sent, or with whom such document was discussed;

(e) the name of each person who signed such document or ESI, or if not signed, then the name of each person who prepared it;

(f) the name of each person making any contribution to the authorship of such document or ESI;

(g) the job title or position of each person identified in subparagraph (c), (d), (e) and (f) above;

(h) the date such document or ESI was received or discussed by each person identified in subparagraphs (c) or (d) above;

(i) the general nature or description of such document or ESI, and, where applicable, its number of pages;

(j) the name of each person who currently has custody of such document or ESI; and

6

(k) the specific ground(s) upon which the privilege or work product rests.

6. Each Request herein shall be construed independently and shall not be limited by reference to any other Request.

7. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

8. As used herein, the present tense shall also include the past tense.

9. For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Requests shall be resolved so as to construe these Requests as broadly as possible.

10. Defined terms need not be capitalized to retain their defined meaning.

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope. Singular and plural words should be read so as to bring within the scope of these Requests any information that might otherwise be construed to be outside their scope.

12. "Each" shall be construed to include and encompass "all."

13. "Any" and "all" shall be construed to include "each" and "each and every" and vice versa so as to acquire the broadest meaning possible.

14. When producing the requested documents, You are to designate for which specific request or requests the document is responsive or produce the documents as they are kept in the ordinary course of business. All documents are to be produced in the form, order, and manner in which they are generated and maintained by You in the usual course of Your everyday routine business activities. Where structured data (e.g., data from a database) is requested, appropriate

7

queries will be used to extract relevant data from any such database, which data shall match specified criteria, and returning specified fields, in a form and format that is verifiably responsive and readable by the use of commonly and currently available tools. Documents are to be produced in folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such manner that the office and location from which they were produced is readily identifiable. Whenever a document (as defined) or a group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the document or group of documents was removed. All ESI should be produced in native format, reasonably usable, and verifiably responsive to the pertinent request(s) and processable using readily available tools.

15. If any Document requested has been lost or destroyed since its creation, identify the nature of the document (e.g., letter, email, etc.), the date of the document, the persons who sent and received the original and copies of the document, a summary of the content of the document and describe when, where, how, and by whom said document was lost or destroyed, and state the name of the person(s) who last had custody thereof.

16. Unless otherwise specified, the time period in these Document Requests is the Relevant Time Period, as that term is defined herein.

17. Documents produced shall be labeled in accordance with the Bates Numbering system described in the definitions section

**Documents Requested**

**DOCUMENT REQUEST NO. 1**

All Documents, Including all Data, identified, referenced, or contemplated in Your answers to Plaintiff's Interrogatories, or otherwise relied upon in answering Plaintiff's Interrogatories.

**DOCUMENT REQUEST NO. 2**

All Documents, Including Correspondence, regarding, concerning, or in any way Related To data privacy and protection, cybersecurity, biometric privacy, the Illinois Biometric Information Privacy Act, Your Biometric handling practices, Your handling of Biometrics, or Your handling of personal data, or data pertaining to or derived from individuals, generally.

**DOCUMENT REQUEST NO. 3**

All Documents, including all Data, Relating To the provisioning of any service, including payroll processing services, to You by Any Third Party, during the Relevant Time Period.

**DOCUMENT REQUEST NO. 4**

All Documents, Including all Data, Relating to any agreement, whether in writing or otherwise, between You and Any Third Party or vendor relating to biometric timekeeping, the Biometric Timekeeping System, data management, timekeeping, and payroll.

**DOCUMENT REQUEST NO. 5**

All Documents, Including all Data, Relating to any software, vendors, contractors, equipment, hardware, or any other item or object, whether tangible or intangible, Related To

employee timekeeping, data privacy or protection, cybersecurity, and employee management, including the subject Biometric Timekeeping System.

**DOCUMENT REQUEST NO. 6**

All Documents, Including all Data, Relating to any insurance agreement or policy which may satisfy in whole or in part any judgment which may be entered in this Lawsuit or to indemnify or reimburse for payments made to satisfy any such judgment or costs of defense or other litigation costs or expenses arising from this Lawsuit.

**DOCUMENT REQUEST NO. 7**

All Documents, Including all Data, You intend to use to support any affirmative defense to Plaintiff's Complaint.

**DOCUMENT REQUEST NO. 8**

All Documents, Including all Data, sufficient to demonstrate or evidence the total number of individuals in Illinois who used or were otherwise subject to any biometric system owned, leased, controlled, or possessed by You, or any Biometric Timekeeping System located within any facility in Illinois owned, leased, controlled, or possessed by You, during the Relevant Time Period.

**DOCUMENT REQUEST NO. 9**

All Documents constituting, referring, or Relating To any contracts or written agreements that were entered into or in effect between You and Enterprise Chicago during the relevant time

period.

**DOCUMENT REQUEST NO. 10**

Produce all Documents referring or Relating To hardware, Data, or information shared between You and Enterprise Chicago Related to employee timekeeping.

**DOCUMENT REQUEST NO. 11**

All Documents, Including all Data, describing and identifying the requirements set forth by You for Your subsidiaries Related to employee timekeeping.

**DOCUMENT REQUEST NO. 12**

Produce all Documents constituting, referring, or Relating To any contracts or written agreements that were entered into or in effect between You and any employee of Enterprise Chicago during the Relevant Time Period.

**DOCUMENT REQUEST NO. 13**

All Documents, including all Data, sufficient to demonstrate or evidence the total number of Your Illinois subsidiaries that utilized biometric timekeeping system(s), or finger-scan systems during the Relevant Time Period.

Dated: April 27, 2021                     Respectfully Submitted,

                                          DAWON A. WORDLAW, individually and
                                          on behalf of similarly situated individuals

                                          By:     /s/ Brendan Duffner

*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
Brendan Duffner
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
(312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
bduffner@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 27, 2021 I served the foregoing *Plaintiff's First Set of Requests for Production to Enterprise Holdings, Inc.* via Electronic Mail on the following counsel of record:

Erin Dougherty Foley
Thomas E. Ahlering
Alexandra S. Oxyer
SEYFARTH SHAW, LLP
233 S. Wacker Drive
Suite 8000
Chicago, Illinois 60606
312-460-5000
312-460-7000
edfoley@seyfarth.com
tahlering@seyfarth.com
aoxyer@seyfarth.com

/s/ Brendan Duffner