# Exhibit A

<u>**SETTLEMENT AND RELEASE AGREEMENT**</u>

This Settlement and Release Agreement ("Settlement Agreement") is entered into by and between Enterprise Leasing Company of Chicago, LLC and Enterprise Holdings, Inc. (collectively, "Defendants") and Dawon Wordlaw ("Plaintiff"), individually and on behalf of the Settlement Class, in the case *Wordlaw v. Enterprise Leasing Company of Chicago, LLC, et al.,* No. 20-cv-03200, currently pending in the U.S. District Court for the Northern District of Illinois (the "Litigation"). Defendants and Plaintiff are each referred to as a "Party" and are collectively referred to herein as the "Parties."

## I. FACTUAL BACKGROUND AND RECITALS

1.  On April 3, 2020, Plaintiff filed a class action lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division against Defendants alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA"). The case was assigned to the Honorable Sanjay T. Tailor, Case No. 2020-CH-03702.

2.  On May 29, 2020, Defendant Enterprise Leasing Company of Chicago, LLC removed the case to the U.S. District Court for the Northern District of Illinois, where it was assigned to the Honorable Manish S. Shah.

3.  On August 31, 2020, Defendants moved to dismiss Plaintiff's initial Complaint. On September 21, 2020, Plaintiff filed her First Amended Complaint.

4.  On October 13, 2020, Defendants moved to dismiss Plaintiff's First Amended Complaint, arguing that: (i) Plaintiff failed to allege facts supporting the inclusion of Enterprise Holdings, Inc. in this lawsuit; (ii) Plaintiff engaged in improper "group pleading"; (iii) Plaintiff failed to state any claim for violation of BIPA Sections 15(a), (b), or (d); (iv) Plaintiff failed to plead recklessness or intent; and (v) Plaintiff's claims were preempted pursuant to the Illinois Workers' Compensation Act.

5.  Defendants' Motion to Dismiss Plaintiff's First Amended Complaint was fully briefed. On December 21, 2020, Judge Shah issued a Memorandum Opinion and Order denying Defendants' Motion to Dismiss in its entirety.

6.  On January 20, 2021, Defendants filed a Motion for Reconsideration. Defendants also simultaneously filed a Motion to Amend to Certify Questions for Appeal and Stay Proceedings. On January 28, 2021, Judge Shah denied both motions.

7.  On February 2, 2021, Defendants filed their Answer to Plaintiff's First Amended Complaint, and on February 3, 2021, the Court entered a discovery schedule. Over the course of discovery, the Parties engaged in briefing concerning several discovery disputes, including a Motion to Compel filed by Plaintiff and a Motion to Quash filed by Defendants. At the Parties' request, the Court extended the fact discovery cutoff several times.

8.    Fact discovery closed on February 28, 2022.

9.    On May 23, 2022, the Parties requested a referral to Magistrate Judge Gabriel A. Fuentes for a settlement conference.

10.   On July 13, 2022, the Parties attended a settlement conference with Judge Fuentes. With the assistance of Judge Fuentes, the Parties reached a settlement in principle by which the Parties agreed to resolve all matters pertaining to, arising from, and associated with the Litigation, including all claims Plaintiff and Settlement Class Members have or may have had against Defendants and any Released Parties, as those terms are defined herein.

11.   Defendants deny all charges of wrongdoing or liability of any kind whatsoever that Plaintiff or Settlement Class Members have asserted in this Litigation or may in the future assert. Despite Defendants' belief that they are not liable for, and have viable defenses to, the claims alleged in the Litigation, Defendants desire to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, and distraction of continued litigation of any action or proceeding related to the matters fully settled pursuant to this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

12.   Following arm's-length negotiations, the Parties now seek to enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class recognizing: (1) the existence of complex and contested issues of law and fact that bear upon the Litigation; (2) the risks inherent in all litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiff's determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

13.   Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

14.   In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are

hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasing Parties release the Released Parties of the Released Claims, without costs to the Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.    <u>DEFINITIONS</u>

As used in this Settlement Agreement, the following terms have the meanings specified below:

15.    "Administrative Expenses" means expenses associated with the Settlement Administrator (as defined below), including but not limited to, costs in connection with Notice (as defined below), communicating with Settlement Class Members, and disbursing payments to the Settlement Class Members.

16.    "Class," "Settlement Class," "Class Member," or "Settlement Class Member" means each member of the settlement class, as defined in Section III of this Agreement, who does not timely elect to be excluded from the Settlement Class, and includes, but is not limited to, Plaintiff.

17.    "Class Counsel" means Myles McGuire, Evan M. Meyers, Timothy P. Kingsbury, and Brendan J. Duffner of McGuire Law, P.C.

18.    "Counsel" or "Counsel for the Parties" means both Class Counsel and Defendants' Counsel, collectively.

19.    "Court" means the U.S. District Court for the Northern District of Illinois and the Honorable Manish S. Shah, or any other judge presiding over the Litigation.

20.    "Defendants" means Enterprise Leasing Company of Chicago, LLC and Enterprise Holdings, Inc.

21.    "Defendants' Counsel" means Danielle M. Kays and Erin Dougherty Foley of Seyfarth Shaw, LLP, and Ryan C. Stewart and Jason C. Schwartz of Gibson Dunn & Crutcher LLP.

22.    "Effective Date" means the date on which the Settlement Agreement becomes Final.

23.    "Fee and Expense Application" means the motion to be filed by Class Counsel, in which they will seek approval of an award of attorneys' fees, costs, and expenses, as well as a Service Award to the Class Representative.

24.	"Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

25.	"Final" means the last date when all the following events have occurred:

i.	This Settlement Agreement has been executed by the Parties;

ii.	The Court has entered a Preliminary Approval Order;

iii.	Notice has been given to the Settlement Class Members;

iv.	The Court has held a Final Approval Hearing and entered a Final Approval Order; and

v.	The latest of the following events: when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement Agreement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the Settlement Agreement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld in all respects the Court's Final Approval Order approving the Settlement Agreement with no right to pursue further remedies or relief. For the avoidance of doubt, it is the intention of the Parties that the Settlement Agreement shall not become effective until the Court's Order approving the Settlement Agreement is completely final, and there is no further recourse by any person who seeks to contest the Settlement Agreement.

26.	"Final Approval Hearing" means the hearing contemplated by the Parties at which the Court will grant final approval of the Settlement Agreement and make such other final rulings as are contemplated by the Settlement Agreement.

27.	"Final Approval Order" means the Court's Order granting final and unconditional approval of this Settlement Agreement on the terms set forth in this Settlement Agreement, or as those terms may be modified by subsequent mutual agreement of the Parties. The Final Approval Order shall include a dismissal of the Lawsuit with prejudice and extinguish all Released Claims of all Class Members who do not timely opt out from this Settlement Agreement as set forth herein..

28.	"Litigation" shall mean the case captioned *Wordlaw v. Enterprise Leasing Company of Chicago, LLC, et al.*, No. 20-cv-03200, currently pending in the U.S. District Court for the Northern District of Illinois.

29. "Notice" means the direct notice of this Settlement, which is to be provided by the Settlement Administrator substantially in the manner set forth in this Agreement and in Exhibits B and C.

30. "Long Form Notice" means notice of this Settlement, substantially in the form of Exhibit C hereto, which shall be posted on the Settlement Website in accordance with Paragraph 67(d) below.

31. "Notice Date" means the date by which the Notice is disseminated to the Settlement Class via first-class U.S. Mail, which shall be a date no later than thirty-five (35) days after entry of Preliminary Approval.

32. "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked or otherwise received by the Settlement Administrator, which shall be designated as a date approximately sixty (60) days after the Notice Date, or such other date as ordered by the Court.

33. "Plaintiff" or "Class Representative" means the named class representative, Dawon Wordlaw.

34. "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

35. "Releasing Parties" means Plaintiff, each Class Member who does not timely opt out of this Settlement Agreement, and their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

36. "Released Claims" means all claims, liabilities, demands, debts, costs, expenses, causes of action, lawsuits, and damages of whatever kind or nature of the Plaintiff and Settlement Class Members, whether known or unknown, filed or unfiled, asserted or unasserted, existing or contingent, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, which relate to the claims in the Litigation or could have been brought in the Lawsuit or any other actions filed (or to be filed) by Plaintiff and Settlement Class Members against Released Parties whatsoever arising out of, or related in any way to or connected with the alleged, (1) possession, collection, capture, purchase, transmission, conversion, receipt through trade, obtaining, sale, lease, trade, profit from, disclosure, redisclosure, dissemination, storage, transmittal, protection from disclosure or other use of alleged biometric information or biometric identifiers in connection with the timekeeping systems used by Defendants or the Released Parties, including, but not limited to, claims arising out of the Illinois Biometric Information Privacy Act, 740 ILCS 14/10, et seq., ("BIPA") or any other federal,

state, or local statute, regulation, or common law, (2) any claims arising under BIPA related to Defendants, and (3) any claims which were or could have been brought in the Litigation or that could have been brought against any of the Released Parties, including, but not limited to, any tort or privacy claims. "Released Claims" includes, without limitation, statutory, constitutional, contractual, and common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief to the extent permitted by applicable law.

37.     "Plaintiff's Released Claims" means, in addition to Released Claims, a general release of all claims, known or unknown, including any and all actions, causes of action, suits, debts, claims, complaints, charges, contracts, controversies, agreements, promises, damages, counterclaims, cross-claims, judgments and demands whatsoever, in law or equity, known or unknown that Plaintiff ever had or now has against the Released Parties, including any claims related to or arising from her employment with Enterprise Leasing Company of Chicago, LLC. This general release includes, but is not limited to, any claims alleging violations of BIPA, privacy or tort claims, breach of express or implied contract wrongful discharge, constructive discharge, breach of an implied covenant of good faith and fair dealing, negligent or intentional infliction of emotional distress, negligent supervision or retention, violation of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, claims pursuant to any other federal, state, or local law regarding discrimination, harassment or retaliation based on age, race, sex, religion, national origin, marital status, disability, sexual orientation or any other unlawful basis or protected status or activity, and claims for alleged violations of any other local state or federal law, regulation, ordinance, public policy, or commonlaw duty having any bearing whatsoever upon the terms and conditions of, and/or the cessation of her employment with and by Enterprise Leasing Company of Chicago, LLC.

38.     "Released Parties" means Defendants and each of their past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, underwriters, and their respective successors and predecessors in interests, parents, subsidiaries, affiliates, and attorneys and each of their company-sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees, and agents.

39.     "Service Award" shall have the meaning ascribed to it as set forth in Paragraph 86 of this Agreement.

40.     "Settlement Administrator" means, subject to Court approval, Analytics Consulting LLC, the entity mutually selected and supervised by the Parties to administer the Settlement.

41. "Settlement Fund" means the settlement fund paid by Defendants in the gross sum of $504,968.75 (five hundred four thousand, nine hundred sixty-eight dollars and seventy-five cents), subject to any increase only as set forth in Section V. All payments from the Settlement Fund are subject to the terms and conditions set forth herein.

42. "Settlement Website" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of Exhibits B and C (or any forms of these Notices that are approved by the Court), the Settlement Agreement, and all Court documents related to the Settlement. A phone number for the Settlement Administrator shall be provided. The URL of the Settlement Website shall be www.RentalCarBIPASettlement.com or other URL that the Parties agree to and that is approved by the Court.

43. "Unions" means the Automobile Mechanics Unions Local 701, IAM & AW and the Miscellaneous Warehousemen, Airline, Automotive Parts, Service, Tire & Rental, Chemical & Petroleum, Ice, Paper and Related Clerical & Production Employees Union, Local No. 781, Affiliated with the International Brotherhood of Teamsters, Chicago and Vicinity, Illinois.

## III.  SETTLEMENT CLASS CERTIFICATION

44. For the purposes of this Settlement Agreement only, the Parties stipulate and agree that: (1) the Class shall be certified in accordance with the definition contained in Paragraph 47 below; (2) Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (3) Plaintiff's Counsel shall be appointed as Class Counsel.

45. Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement Agreement. If the Court does not enter Final Approval of the Settlement Agreement, or if for any other reason final approval of the Settlement Agreement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Settlement Agreement had not been entered into, and the Settlement Fund, less any Administrative Expenses paid to date, shall remain with Defendants.

46. In the event that Final Approval of the Settlement Agreement is not achieved: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the settlement reflected in this Settlement Agreement, the fact that Defendants did not oppose the certification of a Class under this Settlement Agreement, or the fact that the Court preliminarily approved the certification of a Class, shall not be used or cited

thereafter by any person or entity, in any manner whatsoever, including without limitation, any contested proceeding relative to the certification of any class.

47.     Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

"All individuals who scanned their finger for timekeeping purposes while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company – Midwest, LLC within the state of Illinois at any time between April 3, 2015 and the date of Preliminary Approval, and who (i) did not first execute a written release of claims prior to the date of Preliminary Approval, or (ii) were not represented by the Unions during their employment."

48.     Excluded from the Class are all persons who were represented by the Unions and subject to a collective bargaining agreement while working for Enterprise Leasing Company of Chicago, LLC; all persons who signed a release of their claims against Defendants prior to the date of Preliminary Approval; all persons who elect to exclude themselves from the Settlement Class and the legal representatives, heirs, successors or assigns of any such excluded persons; the Court and staff to whom this case is assigned; and any member of the Court's or staff's immediate family.

## IV.    SETTLEMENT OF LITIGATION AND ALL CLAIMS AGAINST THE RELEASED PARTIES

49.     Final Approval of this Settlement Agreement will settle and resolve with finality, on behalf of Plaintiff and the Settlement Class, the Litigation, and the claims released herein under Section VIII.

## V.    SETTLEMENT FUND

50.     **Establishment of Settlement Fund**

a.      Defendants agree to establish a Settlement Fund in the amount of $504,968.75 (five hundred four thousand nine hundred sixty-eight dollars and seventy-five cents), which will fully resolve this action on a class-wide basis. Defendants have represented, and the Parties agree, based on Defendants' records, that the Settlement Class consists of 715 people. If the final number of Settlement Class Members identified on the class list provided by Defendants is greater than 715, the Settlement Fund shall be increased by $706.25 for each additional Settlement Class Member over 715.

b.      The Settlement Fund shall be divided equally among the Settlement Class Members who do not exclude themselves from the Settlement Class, less *pro rata* deductions for any Fee Award, Service Award, and Administrative Expenses. Settlement Class Members shall receive their *pro rata* shares of

the Settlement Fund automatically, by direct checks, without having to submit a claim form or otherwise "opt in" to the Settlement Class.

c.     Defendants shall fund the Settlement Fund in the amount of $504,968.75, subject to any increase required by Paragraph 50(a) above, within seven (7) business days of the Effective Date.

d.     All funds provided to the Settlement Administrator by Defendants under this Agreement shall be maintained by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.*, of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

e.     If the Settlement Agreement is not finally approved for any reason, the Settlement Fund belongs to Defendants, less any Administrative Expenses incurred. Plaintiff shall have no financial responsibility for any Administrative Expenses paid out of the Settlement Fund in the event that the Settlement Agreement is not finally approved.

f.     Any uncashed check amounts from the Settlement Fund following the first distribution of payments to the Settlement Class Members (including checks disbursed to Settlement Class Members that remain uncashed for any reason within 90 days of issuance of the check) will be redistributed on an equal, *pro rata* basis to Settlement Class Members who cashed their initial check. Any uncashed amounts after the second distribution shall be distributed to a *cy pres* recipient(s) selected by the Parties and approved by the Court.

g.     The Settlement Fund represents the total extent of Defendants' monetary obligations under the Settlement Agreement. Defendants' contributions to the Settlement Fund shall be fixed under this Agreement and final. Defendants shall have no obligation to make further payments to the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

h.     The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the terms and amount of the Settlement Fund.

## VI.    TIMING OF PAYMENTS FROM SETTLEMENT FUND

51.     On or before twenty-one (21) business days after the Effective Date, the Settlement Administrator shall send a check by First Class U.S. Mail to each Settlement Class

Member who does not exclude themselves from the Settlement, including Plaintiff, equal to each such Settlement Class Member's *pro rata* share of the Settlement Fund, less Administrative Expenses paid to the Settlement Administrator, the Service Award, and the Fee Award to Class Counsel.

52. On or before twenty-one (21) business days after the Effective Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Fund the amount awarded by the Court in the Fee Award. The Fee Award shall be paid solely from the Settlement Fund via electronic wire transfer to an account designated by Class Counsel.

53. On or before twenty-one (21) business days after the Effective Date, the Settlement Administrator shall pay the Service Award solely from the Settlement Fund by check made payable to Plaintiff and mailed to the address identified on the W-9 tax form provided by Plaintiff to the Settlement Administrator in advance thereto.

54. Checks sent to Settlement Class members shall remain valid and negotiable for ninety (90) days from the date of their issuance and will thereafter become void if not cashed within that time period. Within fourteen (14) days of the expiration of the ninety-day period, the Settlement Administrator shall redistribute such uncashed funds evenly amongst Settlement Class members who cashed their initial check. This second round of checks shall again be valid and negotiable for ninety (90) days from the date of their issuance and will thereafter become void if not cashed within that time period. Any funds remaining uncashed after the second distribution shall be distributed to a *cy pres* recipient(s) selected by the Parties and approved by the Court. The Court may revise the *cy pres* provision as necessary without terminating or otherwise impacting this Settlement Agreement, provided the Court's revision does not increase the amount that Defendants would otherwise pay under this Settlement Agreement.

55. To the extent any payments to Plaintiff or the Class Members are tax reportable by the Settlement Administrator, the funds shall be reported on IRS Form 1099. Neither Defendants, the other Released Parties, nor Defendants' counsel has made any representations regarding the tax consequences of any amounts Plaintiff or any Class Member receive pursuant to this Agreement. The Plaintiff and Class Members are solely responsible and agree to release and hold Defendants and all other Released Parties harmless for any and all potential and/or actual tax consequences that result from any payments to them or for their benefit pursuant to this Agreement.

## VII.  NON-MONETARY RELIEF

56. Without admitting any liability, Defendants represent that Enterprise Leasing Company of Chicago, LLC will revise its existing biometric consent policy to contain language identifying Enterprise Holdings, Inc. and its relevant timekeeping vendors.

## VIII. RELEASE

57. In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, upon final approval of this Settlement Agreement, and for other valuable consideration as described herein, the Released Parties shall be completely released, acquitted, and forever discharged from any and all Released Claims and Plaintiff's Released Claims.

58. As of the Effective Date, and with the approval of the Court, all Releasing Parties hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel all Released Claims and Plaintiff's Released Claims against the Released Parties. As of the Effective Date, all Releasing Parties will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and all Released Claims and Plaintiff's Released Claims.

59. Defendants do not admit any liability or wrongdoing and expressly deny the same. The Settlement Agreement may not be construed in whole or in part as an admission of fault, liability, or wrongdoing by the Released Parties. The Parties understand and agree that Defendants agree to this settlement solely to avoid the burden and expense of litigation without in any way acknowledging any fault, liability, or wrongdoing of any kind. Neither the fact of, nor any provision contained in, this Agreement, nor the implementing documents or actions taken under them, nor Defendants' willingness to enter into this Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement shall constitute or be construed in any way as an admission by or against Defendants or any of the Released Parties of any fault, culpability, wrongdoing, violation of law, or liability whatsoever, the validity of any claim or fact alleged in this Action, or any infirmity of any defenses asserted by Defendants in this Action.

60. Neither this Settlement Agreement nor any related documents, negotiations, statements, or Court proceedings may be construed as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Defendants and the Released Parties, or as a waiver by Defendants of any applicable defense to the merits of the claims asserted or to Plaintiff's ability to maintain this Action as a class action, except that this Agreement is admissible at hearings necessary to obtain and implement Court approval of the Parties' Settlement or in hearings to enforce the terms of this Settlement Agreement or any related order of the Court.

## IX. PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

61. Plaintiff, through Class Counsel, will file an unopposed motion for an order conditionally certifying the Settlement Class, substantially in the form attached hereto as Exhibit A, setting a date for the Final Approval Hearing, and approving the Notice for dissemination in accordance with the applicable notice provisions of

this Agreement (the "Unopposed Motion for Preliminary Approval"). Plaintiff shall provide Defendants the draft motion for preliminary approval with sufficient time for Defendants to review before it is filed, which shall be no fewer than seven (7) days before filing.

62. At the hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear and support the granting of the Unopposed Motion for Preliminary Approval.

63. Should the Court decline to preliminarily approve any material aspect of the Settlement Agreement, the Settlement Agreement will be null and void, the Parties will have no further obligations under the Settlement Agreement, and the Parties will revert to their prior positions in the Litigation as if the Settlement Agreement had not occurred.

64. At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing approximately one hundred and twenty (120) days after entry of the Preliminary Approval Order and approve the Settlement Agreement as set forth herein.

65. At least ten (10) days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for: (i) final approval of the Settlement; (ii) final appointment of the Class Representative and Class Counsel; and (iii) final certification of the Settlement Class, including for the entry of a Final Order and Judgment, and file a memorandum in support of the motion for final approval. This motion for final approval will include a report from the Settlement Administrator certifying that the Notice process has been completed in compliance with this Settlement Agreement and the Court's Preliminary Approval Order. In conjunction with this filing, Plaintiff shall present a proposed Final Approval Order and Judgment. Plaintiff shall draft this motion and provide Defendants with sufficient opportunity to review the Motion before it is filed, which shall be no fewer than five (5) days prior to its filing.

## X. <u>NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS</u>

66. **Class List**

   a. Defendant, with the assistance of the Settlement Administrator as appropriate, shall create a class list based on readily available information already within its possession ("Class List").

   b. The Class List shall include the full names and last known mailing addresses of potential Settlement Class Members, based on information in Defendants' records. Defendants shall provide the Class List to the

Settlement Administrator and to Class Counsel within fourteen (14) days after entry of the Preliminary Approval Order.

67.     **Type of Notice Required**

a.      The Notice, which shall be substantially in the form of Exhibits B and C attached hereto, shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement, and to further inform Settlement Class Members how they may: (a) protect their rights regarding the Settlement; (b) request exclusion from the Settlement Class and the proposed Settlement, if desired; (C) object to any aspect of the proposed Settlement, if desired; and (d) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

b.      Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the forms attached as Exhibits B and C hereto.

c.      Individual notice (substantially in the form of Exhibit B) shall be sent via U.S. Mail where Defendants have a last-known mailing address or the address information can be determined by the Settlement Administrator. Prior to mailing, the Settlement Administrator shall run the Class Members' addresses through the U.S. Postal Service's National Change of Address database and mail the Notice using the most current mailing address information. For any Class Member whose Notice is returned as undeliverable without a forwarding address, the Settlement Administrator shall promptly conduct a firm level skip trace and re-send the Notice to the address (if any) determined by the skip trace. For any Class Member whose Notice is returned as undeliverable with a forwarding address, the Settlement Administrator shall promptly re-mail the Notice using the forwarding address.

d.      Notice of the settlement (substantially in the form of Exhibit C) shall be posted to the Settlement Website by the Notice Date.

68.     **Notice Deadline**

Within thirty-five (35) days of entry of the Preliminary Approval Order, the Settlement Administrator shall disseminate by U.S. Mail to the Settlement Class Members identified on the Class List for whom an address is known or readily determinable, a copy of the Notice in the form of Exhibit B.

## XI.  EXCLUSIONS

69.  **Exclusion Period**

Settlement Class Members will have up to the Objection/Exclusion Deadline to exclude themselves from the Settlement in accordance with this Section. If the Settlement is finally approved by the Court, all Settlement Class Members who have not opted out, as provided in Paragraph 70 below, by the end of the Objection/Exclusion Deadline will be bound by the Settlement and deemed a Class Member and Releasing Party as defined herein.

70.  **Exclusion Process**

a.  A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked, or submitted to the Settlement Administrator via the Settlement Website, on or before the Objection/Exclusion Deadline.

b.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing their name, address, telephone number, and email address; the case name and number of this Litigation, a statement that they wish to be excluded from the Settlement Class; and their signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not electronically submitted or postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

c.  Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Settlement or any order or judgment of the Litigation; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A member of the Settlement Class who requests to be excluded from the Settlement Class also cannot object to the Settlement Agreement. Any member of the Settlement Class who attempts to both object to and exclude themselves from this Settlement Agreement will be deemed to have excluded themselves and will forfeit the right to object to the Settlement or any of its terms.

d.  The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be accepted or valid.

e.  Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's

Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

    f.    A list reflecting all individuals who timely and validly excluded themselves from the Settlement shall also be filed with the Court at the time of the motion for final approval of the Settlement.

    g.    If a Class Member's request for exclusion is defective as to the requirements listed herein, that Class Member will be given an opportunity to cure the defect(s). The Settlement Administrator will mail the Class Member a cure letter ("Cure Letter") within three (3) business days of receiving the defective submission to advise the Class Member that his or her submission is defective and that the defect must be cured to render the Claim Form or request for exclusion valid. The Class Member will have until the later of (a) the Response Deadline or (b) fifteen (15) calendar days from the date the cure letter is sent, to postmark, fax, or electronically submit a revised request for exclusion. If a Class Member responds to a Cure Letter by filing another defective request for exclusion, then the Claims Administrator will have no further obligation to give notice of a need to cure. If a request for exclusion is not postmarked, received by fax, or electronically submitted within the later of (a) the Response Deadline or (b) fifteen (15) calendar days from the date of the Cure Letter, it will be deemed untimely and will be rejected.

## XII.   <u>OBJECTIONS</u>

71.    The Notice shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of their intention to do so and at the same time: (i) file copies of such papers they propose to submit at the Final Approval Hearing with the Clerk of the Court; and (ii) send copies of such papers via United States mail, hand delivery, or overnight delivery to both Class Counsel and Defendant's Counsel. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections and any other communication relating to this Settlement Agreement.

72.    Any Settlement Class Member who intends to object to this Settlement Agreement must include in any such objection: (i) their full name, address, email address, and current telephone number; (ii) the case name and number of the Litigation; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections they have filed, or has had filed on their behalf, in any other class action cases in

the last four years; and (v) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of their counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, they must state as such in the written objection, and must also identify any witnesses they may call to testify at the Final Approval Hearing and all exhibits they intend to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

73.     Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Agreement, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the terms of the Settlement Agreement by appeal or other means.

74.     Settlement Class Members cannot both object to and exclude themselves from this Settlement Agreement. Any Settlement Class Member who attempts to both object to and exclude themselves from the Settlement Agreement will forfeit the right to object to this Settlement Agreement or any of its terms.

## XIII.  **FINAL APPROVAL HEARING**

75.     The Parties will jointly request that the Court hold a Final Approval Hearing approximately one hundred and twenty (120) days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class pursuant to Fed. R. Civ. P. 23(e) for settlement and, if so, (i) consider any properly-filed objections, (ii) determine whether the Settlement Agreement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connections therewith, and (iii) enter the Final Approval Order, including final approval of the Settlement Class and the Settlement Agreement, a Fee Award, and a Service Award.

## XIV.  **FINAL APPROVAL ORDER**

76.     The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waiving any rights of appeal.

77.     The Parties shall jointly submit to the Court a proposed Final Approval Order that, without limitation:

a.      Approves finally this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members

within the meaning of Fed. R. Civ. P. 23(e)(2) and directing its consummation according to its terms;

b.     Dismisses, with prejudice, all claims of the Settlement Class against Defendants in the Litigation, without costs and fees except as explicitly provided for in this Settlement Agreement; and

c.     Reserves continuing and exclusive jurisdiction over the Settlement and this Settlement Agreement, including but not limited to the Litigation, the Settlement Class, Defendants, and the Settlement Agreement for the purposes of administering, consummating, supervising, construing and enforcing the Settlement Agreement and the Settlement Fund.

78.     Class Counsel shall use their best efforts and take all steps necessary and appropriate to otherwise effectuate all aspects of this Settlement Agreement, and to obtain dismissal with prejudice of the Litigation.

79.     **Privacy of Documents and Information**

After the Court's entry of a Final Approval Order and Judgment approving this Settlement Agreement, all documents and information provided to Class Counsel in connection with the Litigation and in connection with Settlement discussions, if in tangible form, shall, at Class Counsel's discretion either be destroyed or returned to Defendants within sixty (60) days of entry of the Final Approval Order and Judgment. The terms of the Stipulated Confidentiality Agreement entered into in this action shall continue to remain in full force and effect, notwithstanding anything to the contrary in this Settlement Agreement, including but not limited to Class Counsel and the Parties' obligations to either return or certify the destruction of all Confidential Information produced during the litigation (whether in physical or electronic form).

## XV.    TERMINATION OF THE SETTLEMENT

80.     The Settlement Agreement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties). All Exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, either Party may elect to terminate and cancel this Settlement Agreement—through written notice to all other Parties and the Court—within twenty one (21) days of any of the following events:

a.     This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

b.  The Court refuses to grant preliminary approval of this Settlement Agreement in any material respect;

c.  The Court refuses to grant final approval of this Settlement Agreement in any material respect;

d.  The Court refuses to enter a final judgment in this Litigation in any material respect; or

e.  The Court's order granting preliminary or final approval is substantially modified or reversed.

The Parties agree that prior to electing to terminate the Settlement Agreement, they will confer in good faith in an attempt to modify the Settlement Agreement so as to obtain Court approval. Notwithstanding that agreement, each Party shall have the absolute discretionary right to terminate the Settlement Agreement by providing timely notice as identified above.

81. This Settlement Agreement may not be changed, altered, or modified except in a writing signed by the Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties. The Parties may agree by stipulation executed by counsel to modify the exhibits to this Settlement Agreement to effectuate the purpose of this Settlement Agreement or to conform to guidance from the Court about the contents of such exhibits without the need to further amend this Settlement Agreement. A stipulation modifying the settlement will be filed with the Court and subject to the Court's approval.

82. In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with the provisions herein, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Litigation, and the Settlement Fund, less any Administrative Expenses incurred to date, shall remain with Defendants.

83. If more than 5% of the individuals on the Class List properly and timely opt-out of the Settlement Agreement, then Defendants may, but are not obligated to, void the Settlement Agreement. If Defendants revoke the Settlement Agreement, the Parties will engage in a good faith effort to reach a modified settlement. If the Parties are unable to reach an agreement, the Litigation will proceed as if there was no attempt at settlement and the Parties will return to their positions prior to the filing of the Motion for Preliminary Approval.

## XVI.   ATTORNEYS' FEES, COSTS AND EXPENSES AND SERVICE AWARD

84.    At least twenty-one (21) days prior to the Objection/Exclusion Deadline, Class Counsel will file a Fee and Expense Application with the Court. Class Counsel have agreed, with no consideration from Defendants, to limit their fee request to no more than 33% of the Settlement Fund, plus their reasonable litigation costs and expenses. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this section shall remain in the Settlement Fund and be distributed to Settlement Class Members.

85.    Notwithstanding any contrary provision of this Settlement Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Settlement Agreement or be deemed material thereto.

86.    Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall move the Court for a Service Award for the Class Representative in an amount not to exceed $12,500.00 (twelve thousand five hundred dollars).

87.    Class Counsel shall provide the Settlement Administrator with its completed IRS Form W-9 before the payment of the Fee Award is due, as well as Plaintiff's completed IRS Form W-9 before the payment of the Service Award is due.

88.    In no event will Defendants' liability for attorneys' fees, expenses, and costs, Administration Expenses, or a Service Award exceed its funding obligations set out in this Settlement Agreement. Defendants shall have no financial responsibility for this Settlement Agreement outside of the Settlement Fund in a gross amount of $504,968.75, subject to any increase only as set forth in Section V.  Defendants will have no responsibility, obligation, or liability for allocation of the Fee Award, Administrative Expenses, the Service Award, or any other costs, fees, or expenses among Class Counsel, Plaintiff, or Class Members except for payment of the Settlement Fund.

## XVII.     MISCELLANEOUS REPRESENTATIONS

89.    The Parties agree that the Settlement Agreement provides fair, equitable and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given Settlement Class Member related to the Released Claims.

90. The Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement, and (ii) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendants' Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

91. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiff or defended by Defendants, or each or any of them, in bad faith or without a reasonable basis.

92. Nothing express or implied in this Settlement Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Released Parties, and Settlement Class Members any right or remedy under or by reason of this Settlement Agreement. Each of the Released Parties is an intended third-party beneficiary of this Settlement Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her or its favor against all Releasing Parties.

93. The Parties have relied upon the advice and representation of counsel, selected by themselves, concerning the legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by this Settlement Agreement.

94. Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

95. The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

96. This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement

or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

97.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights that are released or discharged in this Settlement Agreement.

98.     This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

99.     The Parties agree that Exhibits A through C to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

100.    The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

101.    Except as otherwise provided herein, each Party shall bear its own costs.

102.    Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

103.    The Parties represent that they have obtained the requisite authority to enter into this Settlement Agreement in a manner that binds all Parties to its terms.

104.    The Parties agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement, are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

105.    This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, shall be inadmissible for any purposes, including, without limitation, as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class

certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

106.  The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (1) to enforce the terms and provisions hereof or thereof, (2) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (3) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (4) in connection with any motion to enjoin, stay or dismiss any other action, or (5) to obtain Court approval of the Settlement Agreement.

107.  Except as may be necessary in response to lawful process of any judicial or adjudicative authority, otherwise required by law, or otherwise permitted in this Settlement Agreement or consistent with their duties to communicate the Settlement Class Members, Plaintiff agrees not to discuss this settlement with anyone other than her attorneys, her spouse, her tax advisors, and other Class Members. Plaintiff agrees not to post, write, or state anything about the settlement on the Internet, and she agrees not to discuss the settlement with any reporter, newspaper, or other media outlet.

108.  This Settlement Agreement may be executed in one or more counterparts exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Settlement Agreement all exchange signed counterparts.

109.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

110.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties hereby submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

111.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the state of Illinois.

112.  This Settlement Agreement is deemed to have been prepared by counsel for all Parties as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement and its Exhibits, it shall not be construed more strictly against one Party than another.

113.    Unless otherwise stated herein, any notice required or provided for under this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

<table>
<tr><td>If to Class Counsel:</td><td>If to Defendants' Counsel:</td></tr>
<tr><td>

Brendan Duffner
MCGUIRE LAW, P.C
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
bduffner@mcgpc.com
</td><td>

Danielle M. Kays
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
dkays@seyfarth.com

and

Ryan C. Stewart
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, D.C. 20036
rstewart@gibsondunn.com
</td></tr>
</table>

114.    This Settlement Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

*[The remainder of this page is intentionally left blank.]*

DocuSign Envelope ID: B37985C5-4076-4EA7-95E3-72F5DE5642BB

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

DAWON WORDLAW, individually and as the Class Representative

Signature: _Dan Wo_

Date: ___12/22/2022___

MCGUIRE LAW, P.C.,
as Class Counsel

Signature: _Brendan Duffner_

Print Name: _____Brendan J. Duffner_____

Date: _____12.21.2022_____

ENTERPRISE LEASING COMPANY OF CHICAGO, LLC

Signature: _____

Print Name: _____

Date: _____

ENTERPRISE HOLDINGS, INC.

Signature: _____

Print Name: _____

Date: _____

SEYFARTH SHAW, LLP,
as Counsel for Defendants

Signature: _____

Print Name: _____

Date: _____

GIBSON, DUNN & CRUTCHER, LLP,
as Counsel for Defendant Enterprise Holdings, Inc.

Signature: _____

Print Name: _____

Date: _____

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

DAWON WORDLAW, individually and as the Class Representative

Signature: _____

Date: _____

ENTERPRISE LEASING COMPANY OF CHICAGO, LLC

Signature: _____

Print Name: SCOTT VACCARO

Date: 12/27/2022

MCGUIRE LAW, P.C., as Class Counsel

Signature: _____

Print Name: _____

Date: _____

ENTERPRISE HOLDINGS, INC.

Signature: _____

Print Name: RICK A. SHORT

Date: 12/21/2022

SEYFARTH SHAW, LLP, as Counsel for Defendants

Signature: _____

Print Name: _____

Date: _____

GIBSON, DUNN & CRUTCHER, LLP, as Counsel for Defendant Enterprise Holdings, Inc.

Signature: _____

Print Name: _____

Date: _____

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

DAWON WORDLAW, individually and as the Class Representative

Signature: _____

Date: _____

ENTERPRISE LEASING COMPANY OF CHICAGO, LLC

Signature: _____

Print Name: _____

Date: _____

MCGUIRE LAW, P.C.,
as Class Counsel

Signature: _____

Print Name: _____

Date: _____

ENTERPRISE HOLDINGS, INC.

Signature: _____

Print Name: _____

Date: _____

SEYFARTH SHAW, LLP,
as Counsel for Defendants

Signature: _____

Print Name: _Danielle Kays_____

Date: _12/29/2022_____

GIBSON, DUNN & CRUTCHER, LLP,
as Counsel for Defendant Enterprise Holdings, Inc.

Signature: _____

Print Name: _Ryan Stewart_____

Date: _12/24/22_____

# Exhibit A

DAWON A. WORDLAW, on behalf of herself
and all others similarly situated,

                Plaintiff,

    v.

ENTERPRISE LEASING COMPANY OF
CHICAGO, LLC; ENTERPRISE HOLDINGS,
INC.,

                Defendants.

Case No. 20-cv-03200

Hon. Manish S. Shah

Hon. Magistrate Gabriel A. Fuentes

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AGREEMENT, DIRECTING NOTICE OF PROPOSED CLASS
SETTLEMENT, AND SCHEDULING A FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiff's Unopposed Motion for Preliminary

Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and

considered the Motion, the Class Action Settlement Agreement ("Settlement Agreement")

between Plaintiff Dawon A. Wordlaw and Defendants Enterprise Leasing Company of Chicago,

LLC and Enterprise Holdings, Inc. (together, the "Parties"), and all other papers that have been

filed with the Court related to the Settlement Agreement, including all exhibits and attachments to

the Motion and the Settlement Agreement, IT IS HEREBY ORDERED AS FOLLOWS:

1.      Capitalized terms used in this Order that are not otherwise defined herein have the

same meaning assigned to them as in the Settlement Agreement.

2.      It appears to the Court on a preliminary basis that the Settlement Agreement is

likely to be found fair, adequate, and reasonable. It appears to the Court that adequate investigation

and research has been conducted such that counsel for the parties at this time are able to reasonably

evaluate their respective positions. It further appears to the Court that settlement, at this time, will

1

avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement Agreement has been reached as the result of intensive, serious, and arms-length negotiations with the help of Magistrate Judge Fuentes.

3.     The Court preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. Indeed, the Court has reviewed the monetary recovery that is being granted as part of the settlement and preliminarily finds that the monetary settlement awards made available to all putative class members are fair, adequate, and reasonable when balanced against the potential outcomes of further litigation.

4.     For purposes of settlement only, the Court finds that the prerequisites for class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been preliminarily satisfied. The Court finds that the Class is so numerous that joinder of all Class Members is impracticable; Plaintiff's claims are typical of the Class' claims; there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy. For purposes of settlement only, the Court hereby certifies and orders that notice issue to the following Settlement Class:

> All individuals who scanned their finger for timekeeping purposes while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company – Midwest, LLC within the state of Illinois at any time between April 3, 2015 and the date of Preliminary Approval, and who (i) did not first execute a written release of claims prior to the date of Preliminary Approval, or (ii) were not represented by the Unions during their employment.

> Excluded from the Class are all persons who were represented by the Unions and subject to a collective bargaining agreement while working for Enterprise Leasing Company of Chicago, LLC; all persons who signed a release of their claims against Defendants prior to

the date of Preliminary Approval; all persons who elect to exclude themselves from the Settlement Class and the legal representatives, heirs, successors or assigns of any such excluded persons; the Court and staff to whom this case is assigned; and any member of the Court's or staff's immediate family.

5. Plaintiff Dawon A. Wordlaw is hereby preliminarily appointed and designated as Class Representative.

6. The Court preliminarily appoints the following counsel to serve as Class Counsel on behalf of Plaintiff and the Settlement Class: Myles McGuire, Evan M. Meyers, Timothy P. Kingsbury and Brendan Duffner of McGuire Law, P.C.

7. The Court finds that the Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement. Any Class Member may enter an appearance through counsel of their own choosing and at their own expense. Any Class Member who does not enter an appearance or appear on their own will be represented by Class Counsel.

9. The Court approves, in form and content, the individual and long form Notice attached to the Settlement Agreement as Exhibits B and C, respectively, and finds that they meet the requirements of Fed. R. Civ. P. 23 and satisfy Due Process. The long form notice shall be posted on the Settlement Website.

10. The Court finds that the notice plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S.

Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the individual and long form Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11.     Analytics Consulting LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

12.     The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

13.     Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendants or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

14.     Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating their request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator electronically via the Settlement Website, or at the address specified in the Notice in written form, by U.S. Mail, postage prepaid and postmarked, no later than _____.

15. In order to exercise the right to be excluded, a Person within the Settlement Class must timely send or electronically submit a written request for exclusion to the Settlement Administrator providing their name, address, telephone number, and email address; the case name and number of this Litigation, a statement that they wish to be excluded from the Settlement Class; and their signature. Any request for exclusion submitted online may be signed electronically, which will be binding for purposes of the perjury laws and shall contain a statement to that effect. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

16. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

17. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as a Service Award for the Class Representative, no later than _____.

18. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees and expenses that Class Counsel intends to seek and the payment of any Service Award, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph ___ of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendants' counsel, and the

Settlement Administrator no later than _____. Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

| Class Counsel: | Defendants' Counsel: |
|---|---|
| Brendan Duffner<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601 | Danielle M. Kays<br>SEYFARTH SHAW LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, Illinois 60606<br><br>and<br><br>Ryan C. Stewart<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue NW<br>Washington, D.C. 20036 |
| Settlement Administrator: | Clerk of Court |
| Analytics Consulting LLC<br>18675 Lake Drive East<br>Chanhassen, MN 55317 | Clerk of the Court<br>U.S. District Court, Northern District of Illinois<br>219 S. Dearborn Street<br>Chicago, IL 60604 |

19.     Any Settlement Class Member who has not requested exclusion and who intends to object to this Agreement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) their full name, address, email address, and current telephone number; (ii) the case name and number of the Litigation; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections they have filed, or has had filed on their behalf, in any other class action cases in the last four years; and (v) the objector's signature. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed

from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of a Service Award, and to the Final Approval Order and the right to appeal same.

20.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Plaintiffs' counsel's Fee and Expense Application and/or the request for a Service Award to the Class Representative are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates their intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in their written objection the identity of any witnesses they may call to testify, and all exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached.

21.     No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make their objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Order and Judgment.

22.     All papers in support of the final approval of the proposed Settlement shall be filed no later than ten (10) days before the Final Approval Hearing.

23.     Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

24.     A hearing (the "Final Approval Hearing") shall be held before the Court on _____ in Courtroom 1919 of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois 60604 (or via electronic means, or at such other time or location as the Court may without further notice direct) for the following purposes:

   a) to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

   b) to determine whether the Settlement Agreement is fair, reasonable and adequate, and should be approved by the Court;

   c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

   d) to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

   e) to consider the application for a Service Award to the Class Representative; and

   f) to rule upon such other matters as the Court may deem appropriate

25.     The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the members of the Settlement Class. The Final

Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Judgment and Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

26. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

27. All discovery and other proceedings in the Litigation as between Plaintiff and Defendants are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

28. The Court adopts the following deadlines pursuant to the Settlement Agreement:

**Defendants Provide Class List:**           **_____, 2023**
[*14 days after entry of preliminary approval*]

**Notice to Issue By:**           **_____, 2023**
[*35 days after entry of preliminary approval*]

**Fee and Expense Application:**           **_____, 2023**
[*21 days prior to exclusion deadline*]

**Deadline for Objections/Exclusions:**           **_____, 2023**
[*60 days after notice is issued*]

**Motion in Support of Final Approval:**           **_____, 2023**
[*10 days prior to final approval hearing*]

**Final Approval Hearing:**           **_____, 2023**
[*~120 days after preliminary approval*]

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
Honorable Manish S. Shah
United States District Court Judge

# Exhibit B

**YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU SCANNED YOUR FINGER FOR TIMEKEEPING PURPOSES WHILE WORKING FOR ENTERPRISE LEASING COMPANY OF CHICAGO, LLC OR ENTERPRISE RENT-A-CAR COMPANY MIDWEST, LLC IN ILLINOIS BETWEEN APRIL 3, 2015 AND [PRELIMINARY APPROVAL].**

*Para una notificacion en Espanol, visitar www.CarRentalBIPASettlement.com.*

A proposed settlement has been reached in a class action lawsuit against Enterprise Leasing Company of Chicago, LLC and Enterprise Holdings, Inc. ("Defendants") regarding the use of timekeeping systems in Illinois that allegedly required their employees to scan their fingers for timekeeping purposes without prior written consent, purportedly in violation of the law. The case is *Wordlaw v. Enterprise Leasing Company of Chicago, LLC, et al.,* Case No. 20-cv-03200, currently pending in the U.S. District Court for the Northern District of Ilinois. The proposed Settlement is not an admission of wrongdoing by Defendants, and Defendants expressly deny that they violated the law. The Court has not decided who is right or wrong. Rather, to save the time, expense, and uncertainty of litigation, the Parties have agreed to settle the lawsuit.

**Why Am I Being Contacted?** Our records indicate that you may have scanned your finger for timekeeping purposes while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company Midwest, LLC in Illinois. You are included in the Settlement if you scanned your finger for timekeeping purposes while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company Midwest, LLC in Illinois between April 3, 2015 and [Preliminary Approval], and if you did not previously execute a written release of claims against Enterprise and were not represented by a union during your employment. Please visit CarRentalBIPASettlement.com for more information about the lawsuit and the Settlement.

**What Does The Settlement Provide?** Defendants have agreed to create a $504,968.75 Settlement Fund. To receive money from the Settlement, you do not have to do anything. *If the Court approves the Settlement, and if you do not exclude yourself from the Settlement Class, you will automatically receive a check from the Settlement Adminstrator* constituting an equal share of the Settlement Fund after deductions for the Settlement Administrator's expenses, attorneys' fees, costs and expenses for Class Counsel, and a Service Award for the Class Representative. The exact amount of each Class Member's payment is unknown at this time, but the per-person payment is estimated to be approximately $400-500.

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **XXX, XX, 2023**. If you exclude yourself, you will <u>not</u> receive any money from the Settlement. If you do not exclude yourself, you may object to the Settlement by **XXX, XX, 2023**. The detailed notice, available at the Settlement Website listed below or through the Settlement Administrator, explains how to exclude yourself or object. The Court will hold a hearing on **XXX, XX, 2023**, to consider whether to approve the Settlement, Class Counsel's request for attorneys' fees of up to 33 percent of the Settlement Fund, plus their costs and expenses, and a Service Award for the Class Representative of up to $12,500.00. You can appear at the hearing, but you do not have to. If you want, you can hire your own attorney, at your own expense, to appear or speak for you at the hearing. *Visit the settlement website, www.CarRentalBIPASettlement.com, or contact the Settlement Administrator at _____, for details about options and deadlines.*

**For more information, visit www.CarRentalBIPASettlement.com or call 1-999-999-9999.**

# Exhibit C

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Wordlaw v. Enterprise Leasing Company of Chicago, LLC et al.*, No. 20-cv-03200 (N.D. Ill.)

*For more information, visit www.CarRentalBIPASettlement.com.*
*Para informacion en Espanol, visitar www.CarRentalBIPASettlement.com.*

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU SCANNED YOUR FINGER FOR TIMEKEEPING PURPOSES WHILE WORKING FOR ENTERPRISE LEASING COMPANY OF CHICAGO, LLC OR ENTERPRISE RENT-A-CAR COMPANY MIDWEST, LLC IN ILLINOIS BETWEEN APRIL 3, 2015 AND [PRELIMINARY APPROVAL].**

*This is a court-authorized notice of a proposed class action settlement. This is <u>not</u> a solicitation from a lawyer and is <u>not</u> notice of a lawsuit against you.*

**WHY DID I GET THIS NOTICE?**

This is a court authorized notice of a proposed settlement in a class action lawsuit, *Wordlaw v. Enterprise Leasing Company of Chicago, LLC, et al.,* Case No. 20-cv-03200, pending in the U.S. District Court for the Northern District of Illinois before the Honorable Manish S. Shah. The Settlement would resolve a lawsuit brought on behalf of persons who allege that Enterprise Leasing Company of Chicago, LLC, and Enterprise Holdings Inc. ("Defendants") scanned Enterprise workers' fingers for timekeeping purposes without complying with the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA"). If you received notice, you have been identified as someone who may have scanned their finger for timekeeping purposes while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company Midwest, LLC in Illinois. The Court has granted preliminary approval of the Settlement and has preliminarily certified the Settlement Class for purposes of settlement only. This notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read the instructions and explanations below so that you can better understand your legal rights.

**WHAT IS THIS LAWSUIT ABOUT?**

BIPA prohibits private entities from capturing, obtaining, storing, and/or transferring biometric identifiers and/or biometric information, as defined by the statute, of an individual for any purpose, including timekeeping, without first providing such individual with certain written disclosures and obtaining written consent. This lawsuit alleges that Defendants violated BIPA by allegedly collecting their workers' biometric identifiers when they scanned their finger for timekeeping purposes without first providing the required disclosures or obtaining the required consent. Defendants contest these claims and deny that they violated BIPA.

**WHY IS THIS A CLASS ACTION?**

A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. All of these people together are a "Class" or "Class Members." Once a Class is certified, a class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

By order of: Hon. Manish S. Shah, U.S. District Court for the Northern District of Illinois

**WHY IS THERE A SETTLEMENT?**

To resolve this matter without the expense, delay, and uncertainties of litigation, the Parties have reached a Settlement that resolves all claims against Defendants and their affiliated entities. The Settlement requires Defendants to pay money to the Settlement Class, as well as pay the Settlement Administrator's expenses, attorneys' fees and costs to Class Counsel, and a Service Award to the Class Representative, if approved by the Court. The Settlement is not an admission of wrongdoing by Defendants and does not imply that there has been, or would be, any finding that Defendants violated the law.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this notice and the opportunity to exclude themselves from the Settlement Class, and to voice their support or opposition to final approval of the Settlement. If the Court does not give Final Approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

**WHO IS IN THE SETTLEMENT CLASS?**

You are a member of the Settlement Class if you scanned your finger for timekeeping purposes while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company – Midwest, LLC within the state of Illinois at any time between April 3, 2015 and [the date of Preliminary Approval], and if you did not first execute a written release of claims prior to [the date of Preliminary Approval], and if you were not represented by a union during your employment.

If you did execute a written release of claims against Enterprise prior to [the date of Preliminary Approval], or if you were represented by a union while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company – Midwest, LLC, you are not a member of the Settlement Class, you are not eligible for compensation under the Settlement, and your rights are not affected by the Settlement.

**WHAT DOES THE SETTLEMENT PROVIDE?**

**Cash Payments.** Defendants have agreed to create a $504,968.75 Settlement Fund. If the Court approves the Settlement, and you do not exclude yourself from the Settlement Class, you will *automatically* receive an equal share of the Settlement Fund after deductions for the Settlement Administrator's expenses, attorneys' fees, costs and expenses for Class Counsel, and a Service Award for the Class Representative. The exact amount of each Class Member's payment is unknown at this time, but the per-person payment is estimated to be approximately $400-500. The attorneys who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees in an amount up to 33% of the Settlement Fund, plus their reasonable costs and expenses, for the substantial time, expense and effort spent investigating the facts, litigating the case and negotiating the Settlement. The Class Representative also will apply to the Court for a payment of up to $12,500.00 for her time, effort, and service in this matter.

**Non-Monetary Relief.** Without admitting any liability or wrongdoing, Defendants represent that Enterprise Leasing Company of Chicago, LLC will revise its existing biometric consent policy to contain language identifying Enterprise Holdings, Inc. and its relevant timekeeping vendors.

**WHAT ARE MY OPTIONS?**

**(1) Accept the Settlement**.

To accept the Settlement and receive payment from the Settlement Fund, *you do not have to do anything*. If the Court approves the Settlement, the Settlement Administrator will *automatically* send a check to your last known mailing address.

**(2) Exclude yourself**.

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against the Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a signed letter to the Settlement Administrator at _____, postmarked by **XX, XX, 2023**. You may also exclude yourself online at www.CarRentalBIPASettlement.com by **XX, XX, 2023**. The exclusion letter must state that you exclude yourself from this Settlement and must include the name and case number of this Litigation, as well as your full name, address, telephone number, and email address, and a statement that you wish to be excluded from the Settlement Agreement.

**(3) Object to the Settlement**.

If you wish to object to the Settlement, you must submit your objection in writing to the Clerk of the Court of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL. The objection must be postmarked no later than **XX, XX, 2023**. You must also send a copy of your objection to the attorneys for all Parties to the lawsuit, including Class Counsel (Brendan Duffner of McGuire Law, P.C., 55 West Wacker Drive, 9th Floor, Chicago, Illinois 60601), as well as Defendants' Counsel (Danielle M. Kays of Seyfarth Shaw LLP, 233 S. Wacker Drive, Suite 8000, Chicago, IL 60606; and Ryan C. Stewart of Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue NW, Washington D.C. 20036), postmarked no later than **XX, XX, 2023**. Any objection to the proposed Settlement must include your (i) full name, address, telephone number, and email address; (ii) the case name and number of this Litigation; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last four years; and (v) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the court a notice of appearance by the objection deadline of **XX, XX, 2023**. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

You may appear at the Final Approval Hearing, which will be held on _____, 2023 at _____ in Courtroom 1919 of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois 60604, in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Participating in the hearing is not necessary; however, persons wishing to be heard orally in opposition to the Final Approval of the Settlement, the request for attorneys' fees and expenses, and/or the request for a Service Award to the Class Representative are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as any exhibits they intend to introduce at the Final Approval Hearing. The hearing date and time,

and whether the hearing will be conducted remotely, is subject to change by the Court, so please check the Settlement Website, www.CarRentalBIPASettlement.com, for updates.

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means you give up your right to file or continue a lawsuit against Defendants and other Released Parties (as defined in the Settlement Agreement) relating to the use of their biometric timekeeping system. Giving up your legal claims is called a release. The precise terms of the release are in the Settlement Agreement, which is available on the Settlement Website. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

**WHEN WILL I BE PAID?**

The Parties cannot predict exactly when (or whether) the Court will give Final Approval to the Settlement, so please be patient. However, if the Court finally approves the Settlement, you will be paid as soon as possible after the court order becomes final, which should occur within approximately 60 days after the Settlement has been finally approved. If there is an appeal of the Settlement, payment may be delayed. Updated information about the case is available at www.CarRentalBIPASettlement.com, or you can call the Settlement Administrator at XXX-XXX-XXXX, or contact Class Counsel at the address provided below.

**WHEN WILL THE COURT RULE ON THE SETTLEMENT?**

The Court has already given preliminary approval to the Settlement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees, costs, and expenses and a Class Representative Service Award that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on **XX, XX, 2023** at XX am/pm. The hearing date and time, and whether the hearing will be conducted remotely, is subject to change by the Court, so please check the Settlement Website, www.CarRentalBIPASettlement.com, for updates.

If the Settlement is given final approval, the Court will not make any determination as to the merits of the claims against Defendants or their defenses to those claims. Instead, the Settlement's terms will take effect and the lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in order to achieve an early and certain resolution to the lawsuit, in a manner that provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and Class Members will receive no benefits from the Settlement Fund. Plaintiff, Defendants, and all of the Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and Plaintiff and Defendants will continue to litigate the lawsuit. There can be no assurance that if the Settlement is not

approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

**WHO REPRESENTS THE CLASS?**

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will <u>not</u> be charged for these lawyers. If you want to be represented by your own lawyer instead, you may hire one at your own expense:

| |
|---|
| Myles McGuire |
| Evan M. Meyers |
| Timothy P. Kingsbury |
| Brendan Duffner |
| MCGUIRE LAW, P.C |
| 55 W. Wacker Dr., 9th Floor |
| Chicago, IL 60601 |
| Tel: 312-893-7002 |
| mmcguire@mcgpc.com |
| emeyers@mcgpc.com |
| tkingsbury@mcgpc.com |
| bduffner@mcgpc.com |

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are contained in the Settlement Agreement which, along with other documents, can be obtained at www.CarRentalBIPASettlement.com. If you have any questions, you can also call the Settlement Administrator at XXXXXXXX or contact Class Counsel at the numbers or email addresses set forth above. In addition to the documents available on the case website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do <u>not</u> call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.