IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>        Defendants. | Case No. 20-cv-03200<br><br>Hon. Manish S. Shah<br><br>Hon. Magistrate Gabriel A. Fuentes |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, DIRECTING NOTICE OF PROPOSED CLASS SETTLEMENT, AND SCHEDULING A FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff Dawon A. Wordlaw and Defendants Enterprise Leasing Company of Chicago, LLC and Enterprise Holdings, Inc. (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, IT IS HEREBY ORDERED AS FOLLOWS:

    1.    Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

    2.    It appears to the Court on a preliminary basis that the Settlement Agreement is likely to be found fair, adequate, and reasonable. It appears to the Court that adequate investigation and research has been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement, at this time, will

avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement Agreement has been reached as the result of intensive, serious, and arms-length negotiations with the help of Magistrate Judge Fuentes.

3. The Court preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. Indeed, the Court has reviewed the monetary recovery that is being granted as part of the settlement and preliminarily finds that the monetary settlement awards made available to all putative class members are fair, adequate, and reasonable when balanced against the potential outcomes of further litigation.

4. For purposes of settlement only, the Court finds that the prerequisites for class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been preliminarily satisfied. The Court finds that the Class is so numerous that joinder of all Class Members is impracticable; Plaintiff's claims are typical of the Class' claims; there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy. For purposes of settlement only, the Court hereby certifies and orders that notice issue to the following Settlement Class:

> All individuals who scanned their finger for timekeeping purposes while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company – Midwest, LLC within the state of Illinois at any time between April 3, 2015 and January 3, 2023, and who (i) did not first execute a written release of claims prior to the date of Preliminary Approval, or (ii) were not represented by the Unions during their employment.

> Excluded from the Class are all persons who were represented by the Unions and subject to a collective bargaining agreement while working for Enterprise Leasing Company of Chicago, LLC; all persons who signed a release of their claims against Defendants prior to the date of Preliminary Approval; all persons who elect to exclude themselves from the

Settlement Class and the legal representatives, heirs, successors or assigns of any such excluded persons; the Court and staff to whom this case is assigned; and any member of the Court's or staff's immediate family.

5. Plaintiff Dawon A. Wordlaw is hereby preliminarily appointed and designated as Class Representative.

6. The Court preliminarily appoints the following counsel to serve as Class Counsel on behalf of Plaintiff and the Settlement Class: Myles McGuire, Evan M. Meyers, Timothy P. Kingsbury and Brendan Duffner of McGuire Law, P.C.

7. The Court finds that the Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement. Any Class Member may enter an appearance through counsel of their own choosing and at their own expense. Any Class Member who does not enter an appearance or appear on their own will be represented by Class Counsel.

9. The Court approves, in form and content, the individual and long form Notice attached to the Settlement Agreement as Exhibits B and C, respectively, and finds that they meet the requirements of Fed. R. Civ. P. 23 and satisfy Due Process. The long form notice shall be posted on the Settlement Website.

10. The Court finds that the notice plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S.

Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the individual and long form Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11. Analytics Consulting LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

12. The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

13. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendants or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

14. Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating their request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator electronically via the Settlement Website, or at the address specified in the Notice in written form, by U.S. Mail, postage prepaid and postmarked, no later than April 10, 2023.

15. In order to exercise the right to be excluded, a Person within the Settlement Class must timely send or electronically submit a written request for exclusion to the Settlement Administrator providing their name, address, telephone number, and email address; the case name and number of this Litigation, a statement that they wish to be excluded from the Settlement Class; and their signature. Any request for exclusion submitted online may be signed electronically, which will be binding for purposes of the perjury laws and shall contain a statement to that effect. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

16. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

17. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as a Service Award for the Class Representative, no later than March 20, 2023.

18. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees and expenses that Class Counsel intends to seek and the payment of any Service Award, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 19 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendants' counsel, and the Settlement Administrator no later than April 10, 2023. Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

| Class Counsel: | Defendants' Counsel: |
|---|---|
| Brendan Duffner<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601 | Danielle M. Kays<br>SEYFARTH SHAW LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, Illinois 60606<br><br>and<br><br>Ryan C. Stewart<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue NW<br>Washington, D.C. 20036 |
| Settlement Administrator: | Clerk of Court |
| Analytics Consulting LLC<br>18675 Lake Drive East<br>Chanhassen, MN 55317 | Clerk of the Court<br>U.S. District Court, Northern District of Illinois<br>219 S. Dearborn Street<br>Chicago, IL 60604 |

19. Any Settlement Class Member who has not requested exclusion and who intends to object to this Agreement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) their full name, address, email address, and current telephone number; (ii) the case name and number of the Litigation; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections they have filed, or has had filed on their behalf, in any other class action cases in the last four years; and (v) the objector's signature. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the

Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of a Service Award, and to the Final Approval Order and the right to appeal same.

20. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Plaintiffs' counsel's Fee and Expense Application and/or the request for a Service Award to the Class Representative are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates their intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in their written objection the identity of any witnesses they may call to testify, and all exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached.

21. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make their objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Order and Judgment.

22. All papers in support of the final approval of the proposed Settlement shall be filed no later than ten (10) days before the Final Approval Hearing.

23. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

24. A hearing (the "Final Approval Hearing") shall be held before the Court on May 4, 2023 at 10:00 a.m. in Courtroom 1919 of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois 60604 (or via electronic means, or at such other time or location as the Court may without further notice direct) for the following purposes:

   a) to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

   b) to determine whether the Settlement Agreement is fair, reasonable and adequate, and should be approved by the Court;

   c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

   d) to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

   e) to consider the application for a Service Award to the Class Representative; and

   f) to rule upon such other matters as the Court may deem appropriate

25. The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the members of the Settlement Class. The Final

Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Judgment and Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

26. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

27. All discovery and other proceedings in the Litigation as between Plaintiff and Defendants are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

28. The Court adopts the following deadlines pursuant to the Settlement Agreement:

| | |
|---|---|
| **Defendants Provide Class List:** | **January 17, 2023**<br>[*14 days after entry of preliminary approval*] |
| **Notice to Issue By:** | **February 7, 2023**<br>[*35 days after entry of preliminary approval*] |
| **Fee and Expense Application:** | **March 20, 2023**<br>[*21 days prior to exclusion deadline*] |
| **Deadline for Objections/Exclusions:** | **April 10, 2023**<br>[*62 days after notice is issued*] |
| **Motion in Support of Final Approval:** | **April 24, 2023**<br>[*10 days prior to final approval hearing*] |
| **Final Approval Hearing:** | **May 4, 2023 at 10:00 a.m.**<br>[*~120 days after preliminary approval*] |

**IT IS SO ORDERED.**

Dated: February 2, 2023

_____
Honorable Manish S. Shah
United States District Court Judge