IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br>   v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>               Defendants. | Case No. 20-cv-03200<br><br>Hon. Manish S. Shah<br><br>Hon. Magistrate Gabriel A. Fuentes |

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT AND FINAL JUDGMENT**

The Court held a final approval hearing on May 4, 2023, and notice of the hearing and the Settlement were duly given in accordance with this Court's February 2, 2023 Order [Dkt. 109]: (1) preliminarily approving the Settlement Agreement; (2) conditionally certifying the Settlement Class; (3) approving the Parties' notice plan; and (4) setting the final approval hearing. Having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order, it is hereby ORDERED, ADJUDGED AND DECREED:

        1.     Unless stated otherwise, all capitalized terms used in this Order that are not otherwise defined herein shall have the same meaning assigned to them as in the Parties' Settlement Agreement. (Dkt. 106-1.)

        2.     The Court has read and considered the papers filed in support of Plaintiff's Motion for Approval of Attorneys' Fees, Expenses, and Service Award ("Fee and Expense Application") [Dkt. 112] and Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement Agreement [Dkt. 117], including all exhibits and supporting declarations thereto. The Parties have

provided the Court with sufficient information to determine whether to certify the Settlement Class and finally approve the Settlement Agreement.

3. The Court finds that it has jurisdiction over the subject matter of the Litigation and all claims raised therein, and has personal jurisdiction over all Parties to the Litigation, including all Settlement Class Members.

4. The Court preliminarily approved the Parties' Settlement Agreement in its Minute Entry dated January 3, 2020, which is further memorialized in the Court's February 2, 2023 Preliminary Approval Order. Pursuant to Federal Rule 23(c)(2), the Court's Preliminary Approval Order, and the Parties' notice plan as detailed in the Settlement Agreement, the Settlement Class Members were notified of the terms of the proposed Settlement Agreement and of a final approval hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the Released Claims against the Released Parties.

5. The Court held a final approval hearing on May 4, 2023, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. Settlement Class Members were notified of their right to retain an attorney and appear at the hearing in support of or in opposition to the proposed Settlement Agreement.

6. Pursuant to Federal Rule 23(a), (b)(3), and (e), and solely for purposes of settlement, the Court finally approves certification of the following Settlement Class:

> All individuals who scanned their finger for timekeeping purposes while working for Enterprise Leasing Company of Chicago, LLC or Enterprise Rent-A-Car Company – Midwest, LLC within the state of Illinois at any time between April 3, 2015 and the date of Preliminary Approval, and who (i) did not first execute a written

> release of claims prior to the date of Preliminary Approval, or (ii) were not represented by the Unions during their employment.

7. Excluded from the Settlement Class are all persons who were represented by the Unions and subject to a collective bargaining agreement while working for Enterprise Leasing Company of Chicago, LLC; all persons who signed a release of their claims against Defendants prior to the date of Preliminary Approval; all persons who validly elected to exclude themselves from the Settlement Class and the legal representatives, heirs, successors or assigns of any such excluded persons; the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

8. The Class Members identified in <u>Exhibit A</u> attached to this Order timely submitted requests for exclusion from the Settlement Class.

9. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the final approval hearing, and pursuant to Federal Rule 23(e)(2), the Court now grants final approval of the Settlement Agreement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, because: Plaintiff and Class Counsel have adequately and capably represented the Settlement Class; the Settlement Agreement was negotiated at arm's-length between the Parties and only reached following a mediation overseen by Hon. Magistrate Gabriel A. Fuentes; the monetary relief provided for the Settlement Class constitutes adequate compensation, taking into account the risks that both Parties faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation, as well as the other factors listed in Federal Rule 23(e); and the Settlement Agreement treats Settlement Class

Members equitably relative to each other. Therefore, the Settlement Agreement is finally approved.

10. For settlement purposes only, the Court confirms the appointment of Plaintiff Dawon A. Wordlaw as Class Representative of the Settlement Class and the following counsel as Class Counsel: Myles McGuire, Evan M. Meyers, Timothy P. Kingsbury, and Brendan Duffner of McGuire Law, P.C.

11. With respect to the Settlement Class, the Court finds, for settlement purposes only, that the prerequisites to certification listed in Federal Rule of Civil Procedure 23 are satisfied, including numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, predominance of common issues of law and fact over individualized issues, and superiority of settlement and certification of the Settlement Class compared to alternative means of resolving the claims and disputes at issue in this case.

12. The Court finds that adequate notice was given to the Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notice given to the Settlement Class Members fully and accurately informed Settlement Class Members of all material elements of the Settlement Agreement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution. The Court further finds that the Parties satisfied all notice requirements set forth in the Class Action Fairness Act 28 U.S.C. § 1715.

13. The Court orders the Parties to the Settlement Agreement and the Court-approved Settlement Administrator, Analytics Consulting, LLC, to continue to perform their obligations under the Settlement Agreement. The terms of the Settlement Agreement are deemed incorporated

herein as if explicitly stated and shall have the full force of an order of this Court.

14. The Court enters judgment and dismisses the Litigation with prejudice, with each Party to bear its own fees and costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendants. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties. The Court adjudges that Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

15. The Court further adjudges that Plaintiff's Released Claims as set forth in the Settlement Agreement are released against the Released Parties.

16. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-referenced release of the Released Claims will be binding on, and have preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, agents, and insurers, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Plaintiff and all Settlement Class Members, who did not validly and timely request

exclusion from the Settlement, are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or Plaintiff's Released Claims set forth in the Settlement Agreement against any of the Released Parties.

18. The Court approves payment of attorneys' fees and litigation expenses to Class Counsel in the amount of $173,036.27. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their Fee and Expense Application and in response to any timely filed objections thereto, finds the award of attorneys' fees and litigation expenses appropriate and reasonable for the following reasons: (i) the Court finds that the Settlement Agreement provides substantial benefits to the Settlement Class; (ii) the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel; (iii) the Court concludes that the Settlement Agreement was negotiated at arm's-length without collusion; and (iv) the Court notes that the Class Notice specifically and clearly advised the Settlement Class Members that Class Counsel would seek an award in the amount sought.

19. The Court approves payment of a Service Award in the amount of $12,500 for the Class Representative Dawon A. Wordlaw, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class which include agreeing to publicly serve as the putative class representative, reviewing the pleadings filed on her behalf, participating in written discovery, producing documents to Defendants, being deposed twice, attending the settlement conference, reviewing the Settlement Agreement, and otherwise helping achieve the compensation made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. Pursuant to the Settlement Agreement, the Settlement Administrator is directed to distribute all *cy pres* funds, including the value of any remaining uncashed checks following the second round of distribution of checks to the Settlement Class (if any), to the following *cy pres* recipient: The Chicago Bar Foundation.

21. Neither this Final Approval Order and Judgment, the Settlement Agreement, nor the payment of any consideration in connection with the Settlement Agreement shall be construed or used as an admission or concession by or against Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding as to the merits of any claims in the Litigation or a determination of any wrongdoing by Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court as to the merits of the claims or defenses of the Parties or the Settlement Class Members.

22. No objections to the Settlement Agreement were filed or otherwise submitted. Any outstanding objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering judgment. Accordingly, the Clerk is directed to enter this Order Granting Final Approval of Class Action Settlement Agreement and Final Judgment.

23. Without affecting the finality of this Final Judgment, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order and Judgment, and for any other necessary purpose.

24. The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its

attendant documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Approval Order and Judgment and do not limit the rights of the Settlement Class Members.

    IT IS SO ORDERED.

ENTERED: May 8, 2023

_____
Hon. Manish S. Shah
U.S. District Court Judge

# Exhibit A

1. Shelly V. York

2. Eugene C. Lorch