**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAWON A. WORDLAW, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ENTERPRISE LEASING COMPANY OF CHICAGO, LLC; ENTERPRISE HOLDINGS, INC.,<br><br>    Defendants. | Case No. 20-cv-03200<br><br>Hon. Manish S. Shah<br><br>Hon. Magistrate Gabriel A. Fuentes |

**MOTION FOR REASSIGNMENT**

Defendants Enterprise Leasing Company of Chicago, LLC ("Enterprise Chicago") and Enterprise Holdings, Inc. ("EHI") (collectively, "Defendants") move pursuant to Local Rule 40.4 to reassign to this Court the actions captioned *York v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01666 (N.D. Ill.); *Blum v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01689 (N.D. Ill.); *Judy Riebe v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01724 (N.D. Ill.); *Richard Riebe v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01729 (N.D. Ill.); *Perry v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01817 (N.D. Ill.); *Eddy v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01818 (N.D. Ill.); *Lorch v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01847 (N.D. Ill.); *Mohr v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01874 (N.D. Ill.); and *Patton v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01934 (N.D. Ill.) (collectively, the "Enterprise BIPA Actions"), which are related to the above-captioned class action.[1]

---

[1] Defendants' affiliate Enterprise Rent-A-Car Company Midwest, LLC ("Enterprise Midwest") concurs with this Motion.

**INTRODUCTION**

1. This Motion seeks reassignment of the nine Enterprise BIPA Actions, all of which assert claims under the same statute (the Illinois Biometric Information Privacy Act ("BIPA")), allege the same facts, and seek the same relief from the same defendants.[2] Plaintiffs in the Enterprise BIPA Actions do not object to the requested reassignment.

2. All nine complaints are indistinguishable except as to the plaintiffs' names and dates of employment, and all nine assert identical claims and operative facts. *See* Ex. A, *York* Complaint; Ex. B, *Blum* Complaint; Ex. C, *Judy Riebe* Complaint; Ex. D, *Richard Riebe* Complaint; Ex. E, *Perry* Complaint; Ex. F, *Eddy* Complaint; Ex. G, *Lorch* Complaint; Ex. H, *Mohr* Complaint; and Ex. I, *Patton* Complaint.

3. Many of the allegations asserted in the complaints are copy-and-pasted directly from the first amended complaint in this action, which involved materially similar BIPA claims against Defendants. *See* Dkt. 21. Plaintiffs in the Enterprise BIPA Actions, like the named plaintiff in this action, have advanced factual and legal claims that center on Defendants' use of a biometric timekeeping system that allegedly violated Sections 15(b) and (d) of BIPA.

4. The nine Enterprise BIPA Actions were filed by individuals who opted out of or were otherwise excluded from the settlement the Court entered in this class action, *see* Dkt. 121, and they raise substantially similar allegations as those raised and settled in this case, *see id.*; Dkt. 21. The Enterprise BIPA Actions accordingly are related to each other and to this action, and should be assigned to this Court for all further proceedings in the interests of efficiency and judicial economy.

---

[2] The one partial exception is that aside from the *Patton* case, the Enterprise BIPA Actions name Enterprise Midwest as the second Defendant instead of Enterprise Chicago. *See* Exs. A–H.

2

**BACKGROUND**

5. Plaintiffs in the Enterprise BIPA Actions filed nine separate individual complaints in this District between March 16 and 28, 2023. Exs. A–I. These nine complaints are indistinguishable from each other aside from the individual plaintiffs' names and dates of employment, with the exception of the different Enterprise affiliate named in the *Patton* case. Specifically, every complaint asserts that Defendants violated Section 15(b) and (d) of BIPA when they allegedly implemented a biometric timekeeping system without obtaining informed written consent and subsequently disclosed plaintiffs' biometric data without consent.

6. These same legal claims—based on a similar set of factual allegations—were asserted, litigated, and ultimately settled in this action, which this Court oversaw for approximately three years. Indeed, Judge Valderrama (who is currently assigned to the *Lorch* action) expressly noted in a minute entry that "[the *Lorch*] case appears to be related to an earlier-filed case before Judge Shah, 20-cv-03200." *See* Minute Entry, *Lorch v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01847 (N.D. Ill.) (Dkt. 5).

7. Despite the obvious similarities between the Enterprise BIPA Actions and this case, the Enterprise BIPA Actions have been assigned to different courts throughout this District. Defendants have now filed Rule 12 motions to dismiss and Rule 11 motions for sanctions in each of the Enterprise BIPA Actions.

8. Defense counsel has conferred with counsel for all individual plaintiffs in the Enterprise BIPA Actions. Plaintiffs' counsel has advised that plaintiffs do not oppose the request for reassignment to this Court.

**ARGUMENT**

9. The Enterprise BIPA Actions should be reassigned to this Court for all further proceedings to coordinate efficient discovery and judicial administration. "The law of this Circuit

3

provides that closely related cases filed within the same District Court should be handled by a single District Judge." *Hines v. Pfizer, Inc.*, 2013 WL 5526696, at *2 (S.D. Ill. Oct. 7, 2013); *see Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 513 n.1 (7th Cir. 1999) (emphasizing that cases should proceed before a single judge where "issues and parties have substantial overlap"). Proceeding "before a single judge" is "[b]y far the best means of avoiding wasteful overlap when related suits are pending," and the Seventh Circuit has expressly encouraged such coordination. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999); *Smith*, 200 F.3d at 513 n.1; *accord Fairbanks Cap. Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (granting motion for reassignment of three later-filed cases, in part on the ground that "significant judicial efficiency will result from having one judge handle all four of the cases").

10. The Enterprise BIPA Actions are related to this action and should be reassigned to this Court pursuant to Local Rule 40.4, which provides a mechanism for the reassignment of related cases. Local Rule 40.4(a) provides that two or more civil cases may be related if they "involve some of the same issues of fact or law" or "grow out of the same transaction or occurrence." LR40.4(a). The Enterprise BIPA Actions are related to each other and to this action within the meaning of the rule because all ten cases raise common legal and factual questions about whether Defendants' alleged use of a biometric timekeeping system violated employees' rights under BIPA. Exs. A–I; Dkt. 21. Similarly, all ten are predicated on substantially the same alleged practices. Exs. A–I; Dkt. 21. These overlapping factual and legal issues suffice to satisfy the Rule 40.4(a) relatedness requirement. *See* LR40.4(a)(2) (requiring only that cases "involve *some of the same* issues" (emphasis added)); *see also, e.g.*, *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20 CV 2523, 2020 WL 8367421, at *2 (N.D. Ill. Sept. 4, 2020) (emphasizing that the rule "does not demand a complete identity of legal and factual issues" and

concluding that cases were related because they "share[d] a common 'factual foundation'"); *Glob. Pat. Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008) ("[T]wo cases need not be absolutely identical to be related for purposes of LR 40.4. . . . If some of the same issues of fact or law are common, that can be sufficient to establish relatedness.").

11. Cases that are "related" within the meaning of Local Rule 40.4(a), as these are, may be reassigned to a single judge pursuant to Local Rule 40.4(b) where (1) the related cases are pending in this District, (2) reassignment "is likely to result in a substantial saving of judicial time and effort," (3) the first-filed case has not progressed to a stage at which reassignment would likely "delay the proceedings in the earlier case substantially," and (4) the related actions "are susceptible of disposition in a single proceeding." LR40.4(b). All four criteria are satisfied here.

12. The first requirement is easily satisfied because the Enterprise BIPA Actions were all filed in this District, and of course, the above-captioned *Wordlaw* case was litigated in this Court. *See* Exs. A–I. Local Rule 40.4(b)(1) requires no more.

13. The second requirement is satisfied because this Court is already familiar with many of the core legal and factual issues presented by the Enterprise BIPA Actions. Those nine actions assert identical claims that all stem from this class action. *See* Exs. A–I. They also are materially identical to each other in that—as discussed above—they involve the same defendants, counsel, allegations, and legal claims. *See id.* Defendants intend to vigorously defend these matters on multiple valid legal grounds common across all nine individual lawsuits, which this Court is well poised to consider given its years of experience with the *Wordlaw* action. It would be entirely inefficient for more than a half dozen other courts in this District to expend valuable time and judicial resources learning the same facts and adjudicating many of the same legal issues.

Reassignment to this Court accordingly will save "considerable duplicative effort" that would otherwise be necessary were the cases to proceed in their current respective courts. *Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *2; *see also id.* at *3 (ordering reassignment where "resolving the plaintiffs' class action claims against [defendant] in all three actions [at issue] will require each judge to tread much, if not all, of the same ground"); *Stingley v. Laci Transp., Inc.*, No. 18-CV-06221, 2020 WL 12182491, at *3 (N.D. Ill. Dec. 1, 2020) (reassignment was warranted to ensure that "already-expended judicial time will not be wasted and that only one judge will have to resolve . . . complex and consequential issues").

14. The final two requirements of Local Rule 40.4(b) also support reassignment. The third requirement is substantially satisfied because reassignment would not delay the resolution of this case in light of the settlement the Court has approved. *See* Dkt. 121. The fourth is similarly satisfied because any further active litigation in the cases implicated by this Motion can and should proceed in parallel, given the materially identical nature of the claims at issue. *See Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *2; *Glob. Pat. Holdings*, 2008 WL 1848142, at *4 (ordering reassignment where it was clear "that the cases [we]re fundamentally similar").

15. Reassignment of all Enterprise BIPA Actions to this Court accordingly is appropriate on relatedness grounds. *See* LR40.4(b). Courts in this District have not hesitated to conclude that these prerequisites have been satisfied in cases presenting materially similar facts, including—as particularly salient here—where individual opt-out actions are assigned to a different judge than the underlying class action to which they relate. *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2022 WL 621807, at *2 (N.D. Ill. Mar. 3, 2022) (noting that opt-out actions assigned to different judges had been reassigned to court overseeing class action presenting related claims). They have also readily granted motions to reassign related

cases where, as here, the non-moving party does not object to the reassignment. *See KPASA, LLC v. United States*, No. 04 C 109, 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004).

16. In short, reassignment to a single court—this Court—will minimize judicial waste, mitigate the risk of inconsistent rulings, and generally facilitate the orderly resolution of issues common to the Enterprise BIPA Actions and this case. *See Stingley*, 2020 WL 12182491, at *3 (ordering reassignment and consolidation and noting that such measures would help mitigate "the potential for inconsistent rulings"); *see also, e.g.*, *21 srl v. Enable Holdings, Inc.*, No. 09-CV-3667, 2009 WL 4884177, at *2 (N.D. Ill. Dec. 9, 2009) (ordering reassignment on the ground that it "would save judicial time and effort by avoiding potentially inconsistent rulings"). The Enterprise BIPA Actions accordingly should be reassigned to this Court pursuant to Local Rule 40.4.

17. When initially seeking reassignment, Defendants filed parallel motions in the nine individual Enterprise BIPA Actions instead of filing a single motion to the docket in *this* case. The multiple motions yielded inconsistent rulings. The court in one Enterprise BIPA Action granted the motion and reassigned the action to this Court. Minute Entry, *Patton v. Enterprise Holdings, Inc. et al.*, No. 1:23-cv-01934 (N.D. Ill. June 1, 2023) (Dkt. 32). Four of the other courts denied the motions, in all but one case expressly without prejudice. Minute Entry, *Mohr v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01874 (N.D. Ill. May 31, 2023) (Dkt. 26) (denying motion without prejudice because it was not filed to the docket in the lowest-numbered case); Minute Entry, *Lorch v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01847 (N.D. Ill. May 31, 2023) (Dkt. 28) (denying motion without prejudice because lowest-numbered related case had been closed); Minute Entry, *Perry v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01817 (N.D. Ill. May 31, 2023) (Dkt. 25) (denying motion without prejudice because motion was not filed in lowest-numbered case, and that case had been closed); Minute Entry, *Judy Riebe v. Enterprise Holdings,*

7

*Inc., et al.*, No. 1:23-cv-01724 (N.D. Ill. June 2, 2023) (Dkt. 27) (denying motion for the same reasons). To resolve any confusion and to address the issues noted in these orders, Defendants withdrew the pending motions in the remaining cases. Notice of Withdrawal, *York v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01666 (N.D. Ill. June 2, 2023) (Dkt. 35); Notice of Withdrawal, *Blum v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01689 (N.D. Ill. June 2, 2023) (Dkt. 26); Notice of Withdrawal, *Richard Riebe v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01729 (N.D. Ill. June 2, 2023) (Dkt. 34); Notice of Withdrawal, *Eddy v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01818 (N.D. Ill. June 2, 2023) (Dkt. 29).

18. While Defendants' prior parallel motions did not squarely address the status of this case, courts in this District have confirmed that even a case that has settled and been closed may be deemed "pending" for purposes of the reassignment rule. *Gautreaux v. Chi. Hous. Auth.*, No. 66 C 1459, 2013 WL 5567771, at *4 (N.D. Ill. Oct. 9, 2013) (ordering reassignment based on relatedness to action that had been closed in 1988); *Kapco Mfg. Co., Inc. v. C&O Enterprises, Inc.*, 108 F.R.D. 55, 55 (N.D. Ill. 1985) (rejecting argument that case that was dismissed following settlement was no longer "pending" for purposes of reassignment local rule). Moreover, this Court expressly clarified in its order approving the settlement agreement that it "retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of" that agreement and the Court's judgment, and also "for any other necessary purpose." Dkt. 121 ¶ 23. Defendants accordingly believe that this Motion is appropriately filed in this Court. Should the Court disagree, however, Defendants will of course file an appropriate motion to the docket in *York v. Enterprise Holdings, Inc., et al.*, No. 1:23-cv-01666 (N.D. Ill.), which is the next-lowest-numbered case implicated by this reassignment request.

8

## CONCLUSION

For the foregoing reasons, and especially in light of the fact that this Motion is unopposed by plaintiffs in the Enterprise BIPA Actions, Defendants respectfully request that the Enterprise BIPA Actions be deemed "related" to this action and reassigned to this Court for all purposes and for all further proceedings.

**DATED: June 2, 2023**　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　ENTERPRISE HOLDINGS, INC. and
　　　　　　　　　　　　　　　　　　　　　　ENTERPRISE RENT-A-CAR COMPANY
　　　　　　　　　　　　　　　　　　　　　　– MIDWEST, LLC

　　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Danielle M. Kays*　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　One of Their Attorneys

Danielle M. Kays
*dkays@seyfarth.com*
Kyla Miller
*kjmiller@seyfarth.com*
James Nasiri
*jnasiri@seyfarth.com*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, Illinois 60606
Telephone: 312-460-5000
Facsimile: 312-460-7000

Jason C. Schwartz (*pro hac vice*)
Ryan C. Stewart (*pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
JSchwartz@gibsondunn.com
RStewart@gibsondunn.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I caused to be filed a true and correct copy of the foregoing *Motion for Reassignment* via the Court's electronic filing system, which will serve notification of such filing to all counsel of record.

                                                 */s/ Danielle M. Kays*
                                                 Danielle M. Kays